# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERICA, et al., <br><br> Defendants. | CASE NO. 14cv0751-GPC-DHB <br><br> **ORDER:** <br><br> **(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* APPLICATION;** <br><br> [Dkt. No. 194.] <br><br> **(2) MODIFYING HEARING DATE AND BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)** <br><br> [Dkt. Nos. 195, 198.] |

Before the Court is Plaintiff Bona Fide Conglomerate, Inc.'s ("Plaintiff") *ex parte* application to: (1) stay all proceedings in this action pending resolution of Plaintiff's motion for certification of interlocutory appeal under 28 U.S.C. § 1292(b); or, alternatively (2) continue Plaintiff's February 5, 2015 deadline to file a second amended complaint. (Dkt. No. 194.) The Defendants have filed a joint opposition. (Dkt. No. 199.) For the following reasons, the Court **DENIES** Plaintiff's *ex parte* application for a stay, but **GRANTS** Plaintiff's *ex parte* application to continue the deadline to file a second amended complaint.

## BACKGROUND

Plaintiff brings this civil antitrust action against SourceAmerica and various non-profit and for-profit entities for allegedly rigging the process through which service

providers may compete for government contracts through the federal "AbilityOne Program." (Dkt. No. 128 ¶¶ 1-2, 6.) On January 6, 2015, this Court issued an order ("Order") granting in part and denying in part Defendants' motions to dismiss Plaintiff's first amended complaint, dismissing Plaintiff's antitrust claims without prejudice, and granting Plaintiff thirty days, until February 5, 2015, to file a second amended complaint. (Dkt. No. 189.) On February 3, 2015, Plaintiff filed a motion seeking to certify the Court's Order for interlocutory appeal under 28 U.S.C. § 1292(b), which the Court set for a hearing on April 10, 2015. (Dkt. Nos. 195, 198.) Plaintiff also concurrently filed the instant *ex parte* application to: (1) stay all proceedings in this action pending resolution of Plaintiff's § 1292(b) motion; or, alternatively (2) continue Plaintiff's February 5, 2015 deadline to file a second amended complaint.[1] (Dkt. No. 194.) Defendants filed a joint opposition to Plaintiff's *ex parte* application.[2] (Dkt. No. 199.)

## LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (citation and internal quotation marks omitted). When considering whether to stay proceedings, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citation and internal quotation marks omitted).

---

[1] On January 27, 2015, Plaintiff contacted Defendants regarding its stay request. (Dkt. No. 194-1 ¶ 4.) On January 29, 2015, Defendants declined to stipulate to a stay. (*Id.*)

[2] The opposition excludes Defendant Corporate Source, Inc. because its counsel was unreachable due to an ongoing trial. (Dkt. No. 199 at 1.)

If the prescribed time period has not expired, a party must show "good cause" for an extension. Fed. R. Civ. P. 6(b)(1)(A). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted).

## DISCUSSION

Plaintiff contends that this Court should stay proceedings pending resolution of its § 1292(b) motion because otherwise it will face the "Hobson's choice" of either: (1) complying with the Court's Order and filing a second amended complaint that will supersede the first amended complaint, thereby waiving appellate review of the Order and mooting the § 1292(b) motion; or (2) risking involuntary dismissal if it disobeys the Order. (Dkt. No. 194 at 2-4.) Alternatively, based on the same reasons, the Plaintiff requests that the Court continue the February 5, 2015 deadline to file a second amended complaint until 15 days after the Court enters an order on Plaintiff's § 1292(b) motion. (*Id.* at 4-5.)

Defendants respond that this Court should deny Plaintiff's *ex parte* application for three reasons: (1) the Court will likely deny Plaintiff's § 1292(b) motion; (2) Plaintiff does not face a "Hobson's choice" because under the Federal Rules of Civil Procedure Plaintiff can either timely file a second amended complaint or announce that it will stand on the first amended complaint and request entry of final judgment pursuant to Rule 54(b); and (3) Plaintiff's timing is suspect because, even though the Court gave Plaintiff thirty days to amend, it waited until January 27 to approach Defendants regarding the stay request, waited until February 3 to file its *ex parte* application, and did not file its *ex parte* application until the same day that Defendant SourceAmerica's Answer was due which prevented SourceAmerica from seeking a continuance. (Dkt. No. 199 at 2-3.)

The Court concludes that Plaintiff has not shown that a stay is warranted, but

1  that there is good cause to grant Plaintiff an extension for filing its second amended
2  complaint. Plaintiff filed their request before the deadline, there is no evidence of
3  bad faith by Plaintiff, and Defendants do not contend they will be prejudiced.
4  Moreover, an extension will alleviate any potential hardship to Plaintiff regarding
5  its § 1292(b) motion.

6　　　　Accordingly, the Court **DENIES** Plaintiff's request for a stay, but **GRANTS**
7  Plaintiff's request to continue the deadline for filing a second amended complaint
8  until 15 days after the Court enters an order on Plaintiff's motion for certification of
9  interlocutory appeal under 28 U.S.C. § 1292(b).

10　　　　However, the Court is concerned about delaying this action for too long in
11  order to consider Plaintiff's § 1292(b) motion. Therefore, the Court modifies the
12  hearing date on Plaintiff's Motion for Certification of Order for 28 U.S.C. § 1292(b)
13  Interlocutory Appeal and Stay of Proceedings (Dkt. No. 195) to **March 6, 2015** at
14  1:30 p.m. Defendants shall file a response on or by **February 20, 2015**. Any reply
15  shall be due by **February 27, 2015**.

16　　　　　　　　　　　　**CONCLUSION AND ORDER**
17　　　　For the foregoing reasons, **IT IS HEREBY ORDERED**:
18　　(1)　　the Court **DENIES** Plaintiff's *ex parte* application to stay all
19　　　　　　proceedings in this action pending resolution of Plaintiff's motion for
20　　　　　　certification of interlocutory appeal under 28 U.S.C. § 1292(b), but
21　　　　　　**GRANTS** Plaintiff's *ex parte* application to continue the deadline for
22　　　　　　filing a second amended complaint until 15 days after the Court enters
23　　　　　　an order on Plaintiff's motion for certification of interlocutory appeal
24　　　　　　under 28 U.S.C. § 1292(b) (Dkt. No. 194);
25　　(2)　　the Court **MODIFIES** the hearing date on Plaintiff's Motion for
26　　　　　　Certification of Order for 28 U.S.C. § 1292(b) Interlocutory Appeal
27　　　　　　and Stay of Proceedings (Dkt. No. 195) to **March 6, 2015** at 1:30 p.m.
28　　　　　　Defendants shall file a response on or by **February 20, 2015**. Any

reply shall be due by **February 27, 2015**.

**IT IS SO ORDERED.**

DATED: February 4, 2015

HON. GONZALO P. CURIEL
United States District Judge