UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>SOURCEAMERICA, et al.,<br><br>   Defendants. | CASE NO. 14cv0751-GPC-DHB<br><br>**ORDER DENYING PORTCO, INC. LEAVE TO FILE BRIEF AMICUS CURIAE**<br><br>[ECF No. 210] |

On March 17, 2015, PORTCO, Inc. ("PORTCO") filed an *Ex Parte* Application for Leave to File Brief *Amicus Curiae*. (ECF No. 210.) The same day, Plaintiff filed a statement of non-opposition to PORTCO's application. (ECF No. 211.) On March 19, 2015, Defendant SourceAmerica opposed the application and filed Objections to the Declaration of Michael J. Perez [filed] in Support of PORTCO's *Ex Parte* Application. (ECF No. 213.)

"[T]he classic role of amicus curiae [is] assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.,* 694 F.2d 203, 204 (9th Cir. 1982). "An amicus brief should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for

the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). "[T]here is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986).

PORTCO is adverse to SourceAmerica in an action proceeding in a Virginia state court. In its present request to file an amicus brief, PORTCO seeks to ensure that information SourceAmerica is attempting to seal in this action remains in the public domain because it is critical to the claims PORTCO is pursuing in Virginia. (ECF No. 210 at 1.) According to PORTCO, a contrary ruling in this case could affect its rights in the Virginia matter. (*Id.* at 2.) PORTCO also represents that it has unique information regarding positions SourceAmerica has taken in regard to the allegedly privileged information at issue. (*Id.*)

The Court has reviewed the attached brief and finds it unhelpful to the issue at hand and unnecessary in terms of protecting PORTCO's interests in Virginia. PORTCO's legal arguments largely mirror those of Plaintiff, so they do not draw the Court's attention to "law that escaped consideration." *Miller-Wohl,* 694 F.2d at 204. PORTCO's "unique information" regarding SourceAmerica's conduct in the Virginia litigation has no bearing on this case. Likewise, this Court's ruling will not be binding on the Virginia Court. As PORTCO acknowledges, the Virginia court has already heard argument on the same sealing issue and denied SourceAmerica's two motions to strike and its motion to seal. (ECF No. 210 at 2.) Thus, this Court's ruling likely will have no impact in the Virginia matter. Accordingly, the Court **DENIES** PORTCO's *Ex Parte* Application for Leave to File Brief *Amicus Curiae.*

**IT IS SO ORDERED**.

DATED: June 1, 2015

HON. GONZALO P. CURIEL
United States District Judge