UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BONA FIDE CONGLOMERATE, INC., | CASE NO. 14cv0751-GPC-DHB |
|---|---|
| Plaintiff, | **ORDER DENYING *EX PARTE* APPLICATION OF SOURCE AMERICA FOR LEAVE TO FILE NOTICE OF NEW FACTS IN SUPPORT OF MOTION TO SEAL** |
| v. | |
| SOURCEAMERICA, et al., | [ECF No. 223] |
| Defendants. | |

On April 28, 2015, Defendant SourceAmerica filed an e*x parte* application for leave to file a notice of new facts supporting its pending motion to seal (ECF No. 207). (ECF No. 223.) SourceAmerica explains that, in its motion to seal, it references a pending preliminary injunction motion filed by SourceAmerica in its lawsuit against SourceAmerica's former general counsel in Virginia. (ECF No. 223 at 2.) The Virginia court has now ruled on the preliminary injunction motion, so SourceAmerica seeks to add that court's ruling, as well as a protective order issued in the same case, to its filings in support of the motion to seal pending in this Court. (*Id.* at 3-4.)

Plaintiff filed an opposition to SourceAmerica's application on May 5, 2015. (ECF No. 225.) In its opposition, Plaintiff sets forth its arguments against the usefulness of the Virginia orders in deciding the motion to seal. (*Id.*) Plaintiff also asks the Court to take judicial notice of a newspaper article written by Scott Daugherty called *Lawyer: Nonprofit firm rigged bids on jobs for disabled*, published in The

1  Virginian-Pilot on April 19, 2015.  (ECF No. 225-2.)  Plaintiff argues that the Court
2  may judicially notice the article under Rule 201(c)(2) of the Federal Rules of Evidence
3  because the existence and publication of newspaper articles are not subject to
4  reasonable dispute and Plaintiff offers it only to show what is in the public realm.  (*Id.*
5  at 2 (*quoting Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954,
6  960 (9th Cir. 2010)).

7        The Court construes SourceAmerica's *ex parte* application for leave to file its
8  notice of new facts (ECF No. 223) as a request for judicial notice and **DENIES** the
9  request because the Virginia Court's orders are irrelevant to the disposition of the
10 present motion to seal.  *See Santa Monica Food Not Bombs v. City of Santa Monica*,
11 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of reports not
12 relevant to the resolution of the matters before the court); *Flick v. Liberty Mut. Fire Ins.*
13 *Co.*, 205 F.3d 386, 393 n.7 (9th Cir. 2000) (same).

14       As to Plaintiff's request, the Court acknowledges that under Federal Rule of
15 Evidence 201, a court may take notice of facts not subject to reasonable dispute that are
16 capable of accurate and ready determination by resort to sources whose accuracy
17 cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Additionally, Plaintiff is
18 correct that "[c]ourts may take judicial notice of publications introduced to 'indicate
19 what was in the public realm at the time, not whether the contents of those articles were
20 in fact true.'"  *Von Saher*, 592 F.3d at 960 (*quoting Premier Growth Fund v. Alliance*
21 *Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)).  Here, the publication can be
22 readily accessed and confirmed.  Plaintiff only seeks judicial notice to show that this
23 case and some of the subject matter of SourceAmerica's pending motion to seal is in
24 the public realm.  The Court, therefore, finds it appropriate to judicially notice this
25 article and **GRANTS** Plaintiff's request (ECF No. 225-2).

26       **IT IS SO ORDERED.**
27 DATED:  June 1, 2015
28                            HON. GONZALO P. CURIEL
                              United States District Judge