1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BONA FIDE CONGLOMERATE,          CASE NO. 14cv0751-GPC-DHB
     INC.,
12                                    <u>**AMENDED**</u> **ORDER**:
                              Plaintiff,
13            v.                      **(1) GRANTING REQUEST FOR
                                      ENTRY OF RULE 54(b)
14                                    JUDGMENT [ECF No. 212] and**

15   SOURCEAMERICA, et al.,           **(2) DENYING JOINT MOTION TO
                                      STAY [ECF No. 218]**
16                           Defendants.

17

18          Before the Court are Plaintiff's request for entry of judgment as to its dismissed

19   federal antitrust claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure

20   (ECF No. 212) and the parties' joint motion to stay the case, if the Court grants

21   Plaintiff's motion (ECF No. 218).  Defendant SourceAmerica, as well as all of the

22   dismissed Defendants, also filed a statement of non-opposition to Plaintiff's request.

23   (ECF No. 218.)  Having reviewed the briefing, and for the reasons set forth below, the

24   Court **GRANTS** Plaintiff's request for entry of judgment (ECF No. 212) and **DENIES**

25   the joint motion to stay the case (ECF No. 218).

26   ///

27   ///

28   ///

**BACKGROUND**

In its First Amended Complaint ("FAC"), Plaintiff alleged nine antitrust claims in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 8 of the Clayton Act, 15 U.S.C. § 19 against Defendant SourceAmerica and various non-profit and for-profit entities, and breach of contract against SourceAmerica. Plaintiff contends Defendants rigged the process through which service providers may compete for government contracts through the federal "AbilityOne Program." (ECF No. 128, FAC ¶¶ 1-2, 6.) Plaintiff's breach of contract claim stems from a settlement agreement Plaintiff and SourceAmerica entered into following two bid protests Plaintiff lodged with the U.S. Court of Federal Claims. (*Id.* at 86-93.) The settlement agreement required (among other things) that SourceAmerica "reasonably monitor" Plaintiff's participation in the AbilityOne Program for three years and use "best efforts" to treat Plaintiff fairly and afford them equal access to services. (*Id.*)

Defendants filed ten separate motions to dismiss the FAC. (ECF Nos. 138, 140, 141, 143, 144, 148, 149, 150, 155, 159.) Defendant SourceAmerica did not move to dismiss Plaintiff's claim for breach of contract. (*See* ECF No. 141-1.) By order dated January 6, 2015, the Court dismissed Plaintiff's causes of action against Defendants for violations of Section 1 of the Sherman Act and for violation of Section 8 of the Clayton Act in their entirety for failure to state a claim, but granted Plaintiff thirty days to file a second amended complaint. (ECF No. 189.)

On February 3, 2015, Plaintiff moved for certification of the order for 28 U.S.C. § 1292(b) interlocutory appeal and for a stay of the proceedings so that it might seek review of the Court's January 6, 2015 order. (ECF No 195.) The Court denied Plaintiff's motion on March 4, 2015. (ECF No. 206.) Having been granted an extension of time, Plaintiff had until fifteen days after the Court's entry of the March 4, 2015 order to file a second amended complaint. (ECF No. 200.) In lieu of a second amended complaint, Plaintiff timely filed a document entitled Notice of Intent Not to File Second Amended Complaint and Request for Entry of Fed. R. Civ. P. 54(b)

1 Judgment on Dismissed Claims.  (ECF No. 212.)

2                                    **DISCUSSION**

3 **A.      Entry of Judgment Pursuant to Rule 54(b)**

4        Plaintiff seeks a Rule 54(b) entry of judgment as to the first nine claims of is

5 FAC, which all allege antitrust violations.  (ECF No. 212 at 2.)

6        Federal Rule of Civil Procedure 54(b) states:

7        When an action presents more than one claim for relief--whether as a
         claim, counterclaim, crossclaim, or third-party claim--or when multiple
8        parties are involved, the court may direct entry of a final judgment as to
         one or more, but fewer than all, claims or parties only if the court
9        expressly determines that there is no just reason for delay.

10 Fed. R. Civ. P. 54(b).  In evaluating whether dismissal of one or more claims under

11 Rule 54(b) is appropriate, the "district court must first determine that it is dealing with

12 a 'final judgment.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  For

13 a judgment to be "final," it must be "an ultimate disposition of an individual claim

14 entered in the course of a multiple claims action."  *Id.* (quoting *Sears, Roebuck & Co.

15 v. Mackey*, 351 U.S. 427, 436 (1956)).

16        Once this element is satisfied, the district court must evaluate "whether there is

17 any just reason for delay."  *Id.* at 8.  The Supreme Court has made clear that "[n]ot all

18 final judgments on individual claims should be immediately appealable."  *Id.*  For this

19 reason, "[i]t is left to the sound judicial discretion of the district court to determine the

20 'appropriate time' when each final decision in a multiple claims action is ready for

21 appeal."  *Id.*  Evaluation of whether there are just reasons to delay "must take into

22 account judicial administrative interests as well as the equities involved."  *Id.*

23 "Consideration of the former is necessary to assure that application of the Rule

24 effectively 'preserves the historic federal policy against piecemeal appeals.'"  *Id.*

25 (*quoting Sears, Roebuck*, 351 U.S. at 438).  In this vein, the district court may properly

26 consider "whether the claims under review were separable from the others remaining

27 to be adjudicated and whether the nature of the claims already determined was such

28 that no appellate court would have to decide the same issues more than once even if

1   there were subsequent appeals." *Id.*

2          Unlike in most cases where a Rule 54(b) judgment is sought, the question of

3   whether the district court is dealing with a final judgment is not a perfunctory one in

4   this case.  "A decision is final ... if it 'ends the litigation on the merits and leaves

5   nothing for the court to do but execute the judgment.'" *Az. State Carpenters Pension*

6   *Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir.1991) (*quoting Gulfstream*

7   *Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (internal quotation

8   omitted)).  This Court dismissed Plaintiff's antitrust claims with express leave to

9   amend within thirty days.  An order granting leave to amend a dismissed complaint

10  does not constitute a final judgment.  *Jung v. K. & D. Min. Co.*, 356 U.S. 335, 336-37

11  (1958) (per curium); *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir.

12  1997) (holding that "when a district court expressly grants leave to amend, it is plain

13  that order is not final").  Rather, "another order of absolute dismissal after expiration

14  of the time allowed for amendment is required to make a final disposition of the cause."

15  *Jung*, 356 U.S. at 337 (internal quotation omitted); *WMX Tech*, 104 F.3d at 1137

16  (explaining that a further step must be taken to make clear the unequivocal terminal

17  date for purposes of appealability).  Thus, this Court's order dismissing Plaintiff's FAC

18  was not a final judgment.

19         That is not the end of the inquiry, though.  Where the plaintiff expresses in a

20  filed brief that he does not intend to amend his complaint, "the district court [has] an

21  opportunity to reconsider, if appropriate, but more importantly, to enter an order

22  dismissing the action, one that is clearly appealable."  *Lopez v. City of Needles, Cal.*,

23  95 F.3d 20, 22-23 (9th Cir. 1996).  Here, Plaintiff's notice states that "Plaintiff Bona

24  Fide Conglomerate, Inc. [] does not intend to file a Second Amended Complaint in this

25  action, but will stand upon the existing pleading."  (ECF No. 212 at 1 (*citing Edwards*

26  *v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) *and WMX Tech., Inc.*, 104

27  F.3d at 1135-36.)  In light of this statement and the accompanying citations, the Court

28  finds it appropriate to enter an order dismissing claims one through nine of Plaintiff's

FAC without leave to amend.  Following such a dismissal, Plaintiff will have satisfied Rule 54(b)'s final judgment requirement.  *See Roberts v. C.R. England, Inc.*, No. C 11-2586-CW, 2012 WL 711903, at *3 (N.D. Cal. Mar. 5, 2012) (finding the requirement of a final judgment "satisfied because the Court has dismissed Plaintiffs' CFIL claim without leave to amend"); *Khan v. Park Capital Sec., LLC*, No. C 03-00574-RS, 2004 WL 1753385, at *7 (N.D. Cal. Aug. 5, 2004) (concluding that "[s]ince all claims against [defendant] have been dismissed without granting [plaintiff] leave to amend his complaint, the first part of the *Sears* test is satisfied").

The next question then is "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8.  Certainly the fact that none of the defendants object to Plaintiff's request and the absence of counterclaims both weigh in favor of granting a Rule 54(b) judgment.  Further, requiring the numerous dismissed defendants to await the conclusion of this case before having to respond to the appeal would be prejudicial to them, given that this case is at the pre-answer stage and no trial date has been set. Similarly, Plaintiff may suffer prejudice if the delay results in the loss of witnesses or evidence.

However, the Court also must consider judicial administrative interests in determining whether to grant a Rule 54(b) dismissal.  *Id.*  Though the Ninth Circuit previously held that "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]," *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981), the court now has "embraced 'a more pragmatic approach focusing on severability and efficient judicial administration.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005) (*quoting Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir.1987)).  For instance, the court recently reconfirmed that "[b]oth the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, ... the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *U.S. Fid. &*

1   *Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) (*quoting Wood*, 422

2   F.3d at 881); *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1200-01 (S.D.

3   Cal. 2012) ("[t]he mere fact that claims share common facts does not preclude the entry

4   of partial final judgment as to one or more of those claims").

5        In this case, Plaintiff acknowledges that there is some factual overlap between

6   its federal antitrust claims and its state-law breach of contract claim, but argues that the

7   Court should allow it to appeal because the case is complex and Plaintiff seeks review

8   of the Court's application of pleading standards.  (ECF No. 212.)  In *Wood*, the court

9   concluded that the case was not complex because the case involved "a single plaintiff,

10  single defendant case involving a discrete employment relationship that played out in

11  a relatively short time among relatively few actors." *Wood*, 422 F.3d at 881.  Here, by

12  contrast, the FAC alleges nine complex antitrust allegations against eleven defendants

13  in addition to the breach of contract claim against SourceAmerica.   Appellate

14  resolution of the issue of whether or not Plaintiff sufficiently plead the existence of a

15  contract, combination, or conspiracy would address the vast majority of Plaintiff's

16  claims.  If Plaintiff were to lose on appeal, the case would be finally resolved as to the

17  antitrust claims and almost all of the defendants.  If the court of appeal reverses this

18  Court as to some of the defendants, this Court's granting of the Rule 54(b) motion still

19  will have significantly narrowed the issues for trial. *See Texaco, Inc. v. Ponsoldt*, 939

20  F.2d 794, 797-98 (9th Cir. 1991) (upholding certification under Rule 54(b) even though

21  counterclaims relating to the same factual determinations remained pending because

22  "the legal issues now appealed will streamline the ensuing litigation").  And, while it

23  is possible that a subsequent appeal could be taken, it would occur after summary

24  judgment or trial and, thus, not present the same pleading issues.

25       In sum, because the Court finds that the equities and considerations of judicial

26  administration both favor severing the claims for purposes of obtaining immediate

27  review, the Court **GRANTS** Plaintiff's request for entry of judgment pursuant to Rule

28  54(b).

**B.    Stay of the Case**

The parties jointly request that the Court stay the case until Plaintiff's appeal is resolved.  (ECF No. 218 at 2.)

In the exercise of its inherent authority to control its own docket, the Court may stay a case.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").  When considering a motion to stay pending appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

*Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The first two factors should be viewed as falling on a sliding scale, such that "the required degree of irreparable harm increases as the probability of success decreases."  *Id.* at 116.  In other words, satisfying steps (1) and (2) requires proof of either "a strong likelihood of success on the merits, [and] . . . the possibility of irreparable injury to [the applicant]" or a showing "that serious legal questions are raised and that the balance of hardships tips sharply in [the moving party's] favor."  *Id.* at 1115-16 (internal quotations and citations omitted).

Here, the parties have made no showing in regard to the merits and have not alleged irreparable injury to Plaintiff or Defendants.  Instead, the parties argue that they will be prejudiced if they are forced to litigate both arms of the litigation independently, "which could ultimately entail significant, burdensome, and duplicative discovery, both as to the parties and the dismissed Defendants."  (ECF No. 218 at 3.)  However, only Plaintiff and SourceAmerica will be required to proceed with discovery and pretrial motions on the remaining breach of contract claim.  To the extent the joint

1  motion raises concerns regarding the possibility of conducting two separate trials, the

2  Court notes that it may always revisit its decision to stay the case at a later date.

3  Therefore, the Court finds that the parties have failed to demonstrate a strong

4  likelihood of success on the merits or a showing of undue hardship.

5          In light of the above findings, and because the Court finds that the public interest

6  lies more in expeditiously resolving this case on the merits than in staying the case

7  pending an appeal, the Court declines to stay the case.

8                                           **CONCLUSION**

9          For the reasons set forth above, the Court (1) **DISMISSES WITHOUT LEAVE**

10 **TO AMEND** claims one through nine of Plaintiff's FAC, (2) **GRANTS** Plaintiff's

11 request for entry of judgment pursuant to Rule 54(b) (ECF No. 212), and (3) **DENIES**

12 the joint motion to stay (ECF No. 218).

13         **IT IS SO ORDERED**.

14 DATED:  June 5, 2015

15

16                                    HON. GONZALO P. CURIEL
                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28