UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOURCEAMERICA et al.,<br><br>Defendant. | Case No.: 14-cv-0751-GPC-DHB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT**<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS**<br><br>[ECF Nos. 246 & 247] |

Plaintiff Bona Fide Conglomerate, Inc. ("Plaintiff" or "Bona Fide") brings this breach of contract action against SourceAmerica ("Defendant" or "SourceAmerica") concerning a July 27, 2012 Settlement Agreement ("Settlement Agreement") between the parties. Presently before the Court are Plaintiff's motion for leave to file a supplemental complaint (Plf.'s Mot., ECF No. 246) and Defendant's motion for leave to file a First Amended Answer ("FAA") and counterclaims (Def.'s Mot., ECF No. 247). The Parties have fully briefed both motions. (ECF Nos. 249-50, 256-57.) The Court finds the motions

suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to file a supplemental complaint and **GRANTS** Defendant's motion for leave to file an FAA and counterclaims.

## FACTUAL BACKGROUND

This action arises out of the AbilityOne Program ("AbilityOne" or "Program"), a government procurement system for goods and services from designated non-profits (i.e., "Affiliates") that substantially employ blind or severely disabled persons. (FAC ¶ 2, ECF No. 128.) Services provided by Affiliates to the Federal Government include custodial/janitorial, grounds maintenance, information technology, and total facilities management. (*Id.* ¶ 50.) Plaintiff is one such Affiliate of the AbilityOne Program. (*Id.* ¶ 17.)

The AbilityOne Program has selected SourceAmerica as the Central Non-Profit Agency ("CNA") responsible for allocating procurement opportunities for services by the severely disabled among its more than 1,200 member Affiliates. (*Id.* ¶¶ 4, 72.) As the CNA, SourceAmerica develops opportunities and selects Affiliates, and then recommends to an AbilityOne Commission that the service and Affiliate be added to a Procurement List. (*Id.* ¶¶ 38, 44-45.) Once a service is added to the Procurement List, a federal agency must procure that service from the designated Affiliate unless the Affiliate cannot meet the agency's demand. (*Id.* at ¶ 38.) The AbilityOne Commission ultimately determines which services are added to the Procurement List based on the recommendations of SourceAmerica. (*Id.* ¶¶ 44-45.) However, the AbilityOne Commission does not oversee SourceAmerica's allocation.

Plaintiff alleges a history of disputes between Plaintiff and SourceAmerica over the allocation of AbilityOne opportunities. Plaintiff alleges filing a post-award bid protest in the U.S. Court of Federal Claims in October 2010, challenging the government's award of a General Services Administration ("GSA") contract to Defendant Opportunity Village pursuant to SourceAmerica's recommendation. (*Id.* ¶ 86.) Following the voluntary

voidance of SourceAmerica's recommendation and a re-solicitation of the GSA contract opportunity, Plaintiff's post-award bid protest was dismissed as moot. (*Id.*)  Plaintiff then commenced a second bid protest in April 2012, challenging the contract award again made to Opportunity Village pursuant to SourceAmerica's recommendation. (*Id.* ¶ 87.) Plaintiff and SourceAmerica reached a settlement memorialized in a July 27, 2012 agreement ("Settlement Agreement") prior to conducting discovery. (*Id.* ¶ 88.) Under the terms of the Settlement Agreement, SourceAmerica agreed to:

> use best efforts to provide that Bona Fide is treated objectively, fairly, and equitably in its dealings with [SourceAmerica], with specific attention to contract allocation . . . [SourceAmerica] will also use best efforts to provide that Bona Fide is afforded equal access to services provided by [SourceAmerica] including, regulatory assistance; information technology support; engineering, financial and technical assistance; legislative and workforce development assistance; communications and public expertise; and an extensive training program.

(*Id.* ¶ 89) (alterations in original).  The Settlement Agreement also provided that SourceAmerica would "reasonably monitor" Plaintiff's participation in the AbilityOne Program for three years. (*Id.* ¶ 90.) Plaintiff alleges it has "not been awarded a single new contract by SourceAmerica since the Settlement Agreement was signed." (*Id.* ¶ 93.) The Settlement Agreement also provides that Plaintiff must notify the Office of General Counsel at SourceAmerica of every AbilityOne opportunity to which Plaintiff responds. (Decl. of Kevin W. Alexander ("Alexander Decl.") ¶ 13, ECF No. 247-2.)

## PROCEDURAL BACKGROUND

On April 1, 2014, Plaintiff filed the Complaint in this matter alleging antitrust violations against various defendants and breach of contract against only Defendant SourceAmerica. (ECF. No. 1.) Defendants filed ten separate motions to dismiss Plaintiff's Complaint. (Dkt. Nos. 23, 47, 48, 51, 53, 55, 66, 85, 86, 87.) On August 20, 2014, the Court granted in part and denied in part Defendants' motions to dismiss, leaving only the breach of contract claim against SourceAmerica. (ECF No. 123.)

On September 19, 2014, Plaintiff filed the operative FAC. (ECF. No. 128.)

Defendants filed ten separate motions to dismiss the FAC. (ECF. Nos. 138, 140, 141, 143, 144, 148, 149, 150, 155, 159.) On January 6, 2015, the Court again dismissed Plaintiff's antitrust claims but denied SourceAmerica's motion to dismiss the breach of contract claim. (ECF No. 189.)

On August 21, 2015, Magistrate Judge David H. Bartick issued a Scheduling Order which, among other things, provided that any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before October 30, 2015. (ECF No. 245.) On October 30, 2015, Plaintiff filed the instant motion for leave to file a supplemental complaint (ECF No. 246) and Defendant filed a motion for leave to file first amended answer and counterclaims (ECF No. 247). The parties filed oppositions on November 20, 2015 (ECF Nos. 249, 250) and replies on December 4, 2015 (ECF Nos. 256, 257.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. Pro. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." *Id.* "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the [party] has previously amended [a pleading]." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)). In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties. *Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption*

under Rule 15(a) in favor of granting leave to amend." *Id.* (original emphasis).

Federal Rule of Civil Procedure 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. Pro. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible." *LaSalvia v. United Dairymen of Ariz.,* 804 F.2d 1113, 1119 (9th Cir. 1986) (citation and brackets omitted). "The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a)." *Frederick v. Calif. Dep't of Corr. & Rehab.,* No. 08–cv-2222–MMC, 2012 WL 2077305, at *2 (N.D. Cal. June 8, 2012) (citation omitted). "The court should also consider whether permitting the supplemental pleading will serve to promote judicial efficiency." *Id.*

## DISCUSSION

### I. Plaintiff's Motion to File First Supplemental Complaint

Plaintiff seeks leave to file a supplemental complaint to allege facts that occurred after the filing of the initial complaint (Compl., ECF No. 1) that it states provide further bases of liability and damages as to Plaintiff's breach of contract related to the performance of the Settlement Agreement. Specifically, Plaintiff states that since the commencement of this action Plaintiff has competed for several contracts as an Affiliate in the AbilityOne Program. (Mot. Supp. Compl. at 2, ECF No. 246.) Plaintiff alleges that of the contracts Plaintiff competed for, Defendant awarded five to Affiliates—CW Resources, Professional Contract Services, Inc. and Goodwill—that Jean Robinson ("Robinson"), Defendant's former General Counsel, has stated "receive contracts unfairly and automatically, regardless of merit." (*Id.*)

Defendant argues that Plaintiff's motion is untimely, unduly prejudicial because it is "nothing short of a 'moving target' and subject to continual expansion as Plaintiff continues to apply for AbilityOne contracts and . . . alleges unfair treatment anytime it is not awarded one." (Opp'n Supp. Compl. at 1, ECF No. 249.) Defendant also argues that

Plaintiff's proposed supplemental complaint is futile because "it contains no additional substantive allegations" and the allegations are "vague and conclusory." (*Id.*)

After review of the motion for leave to file a supplemental complaint and all related filings, the Court concludes that, under the *Foman* test, Defendant has failed to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Plaintiff's motion is not untimely as the parties agreed at the August 20, 2015 Rule 26(f) conference to the October 30, 2015 deadline to make motions to amend pleadings, as reflected in the Court's Scheduling Order. (*See* Scheduling Order, ECF No. 245.) In fact, in compliance with that deadline, Plaintiff filed its motion to supplement complaint and Defendant filed its motion for leave to file an amended answer and counterclaims on October 30, 2015.

Nor is there any showing of wrongful motive in supplementing the FAC as the events Plaintiff seeks to allege are related to the same transaction that forms the basis of Plaintiff's breach of contract claim—the Settlement Agreement. The Court does not find that there would be undue prejudice to Defendant in allowing the supplemental complaint. As Defendant states, the case is its "very early stages" and discovery has just begin. (Def.'s Mot. at 12, ECF No. 247.) The deadline for filing pretrial dispositive motions is July 15, 2016. (Scheduling Order at 3, ECF No. 245.) Accordingly, no prejudice has been shown.

As to the futility factor, Defendant has not shown that Plaintiff's supplemental pleading would "clearly be subject to dismissal." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987.) Plaintiff's proposed supplemental complaint alleges additional AbilityOne opportunities were denied in breach of the Settlement Agreement. At this point of the proceedings, it is not the Court's role to determine the validity of these claims. The Court cannot conclude that Plaintiff's supplemental complaint is futile.

As to the last factor, Plaintiff has not previously sought leave to supplement the complaint. Based on the five factors that support granting leave to file a supplemental complaint, and in light of the Ninth Circuit's extremely liberal policy favoring leave to amend and supplement a complaint, the Court **GRANTS** Plaintiff's motion.

## II. Defendant's Motion for Leave to Amend Answer and File Counterclaims

Defendant seeks leave to amend its answer to add additional affirmative defenses and to assert new counterclaims against Plaintiff and third-party Counter-defendant Ruben Lopez ("Lopez"), President and CEO of Bona Fide. Specifically, with respect to the Answer, Defendant seeks to (1) clarify its response regarding the evaluation process for awarding contracts, (2) break up Defendant's current affirmative defenses of waiver, estoppel and/or laches into separate sections, and (3) add the affirmative defenses of frustration of purpose, prevention of performance and unclean hands. (Def.'s Mot. at 6-7, ECF No 247.)

In addition, Defendant requests leave to file counterclaims for (1) violation of California Penal Code Section 632(a) ("California Invasion of Privacy Act" or "CIPA"); (2) unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code Section 17200; and (3) breach of contract. (*Id.* at 7.) Defendant contends that its proposed counterclaims are based on newly discovered facts, which include Plaintiff and Lopez secretly recording conversations between Lopez and Robinson; Plaintiff failing to notify Defendant of every AbilityOne opportunity to which Plaintiff responded in violation of the Settlement Agreement; and Counter-defendants having additional privileged and confidential information that belongs to Defendant that was not previously disclosed. (*Id.* at 1, 7.) Defendant also argues that its proposed counterclaims are further based on Counter-defendants' "history of wrongful misconduct in an attempt to obtain AbilityOne Program opportunities for Bona Fide to which it is neither suitable nor entitled." (*Id.* at 8.) Plaintiff does not oppose Defendant's motion to amend the Answer but opposes Defendant's motion to add counterclaims on futility grounds.

### A. Bad Faith, Undue Delay, Prejudice

There can be bad faith in bringing an amendment if the party seeks to prolong meritless litigation by adding baseless amendments to their complaint or if there is any evidence of wrongful motive. *Jones v. Bates*, 127 F.3d 839, 847 n. 8 (9th Cir. 1997); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs.*

*Ltd.*, 833 F.2d at 187.  Here Plaintiff does not argue nor is there any indication of wrongful motive in bringing the counterclaims.

As to undue delay, the Court looks at whether the moving party unduly delayed in filing their motion.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  In making such a determination, the court looks at "whether the moving knew or should have known the facts and theories raised by the amendment in the original pleading."  *Id.*  According to Defendant, the facts underlying its counterclaims were not learned until recently.  The Court finds that assertion is only partially supported by the record.  However, as discussed *supra*, the parties agreed to an October 30, 2015 deadline to file motions to amend pleadings and add parties (*see* Scheduling Order, ECF No. 245) and discovery has just begun.  Consequently, there is an insufficient showing of undue delay.

More importantly, there is no showing of prejudice, as the case is in the early stages. Defendant is in compliance with the Scheduling Order and although Lopez was not previously named as a party, as the President and CEO of Bona Fide, he has been on notice of the litigation.

### B.     Futility of Amendment

Defendant argues that amendment is not futile because it alleges legitimate, colorable claims.  (Def.'s Mot. at 13-14, ECF No. 247.)  Plaintiff argues that amendment to add counterclaims would be futile because Defendant lacks standing and is otherwise precluded from bringing two of its three counterclaims and Defendant's third counterclaim alleges damages that do not and cannot exist.  (Plf.'s Opp'n at 11, ECF No. 250.)

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed.  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green*

*Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12-cv-0052-IEG-KSC-, 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

          **1)     Defendant's CIPA Claim**

Defendant's first counterclaim alleges that Plaintiff has violated CIPA through Lopez' surreptitious recording of his conversations with Robinson and David Dubinsky ("Dubinsky"), a Regional Director for Source America. (Countercl. ¶¶ 67-70, ECF No. 257-2.) Defendant alleges that Plaintiff provided these illegal recordings to third parties and that these recordings eventually ended up on WikiLeaks. (*Id.* ¶¶ 72-73.)

Plaintiff opposes Defendant's CIPA counterclaim on the basis of futility because (1) Defendant lacks standing because CIPA does not apply extraterritorially and (2) Defendant has "disavowed" Robinson as its agent. (Plf.'s Opp'n at 11-13, ECF No. 250.) Plaintiff argues that Defendant lacks standing because it neither holds its principal place of business nor is incorporated in California and Defendant does not allege that any of the recordings at issue were made while Robinson was within California's boundaries. (*Id.* at 12.) Plaintiff contends that because CIPA expressly provides that it was "not intended to have extraterritorial operation," Defendant's CIPA counterclaim must fail. Plaintiff further argues that Defendant lacks standing because Defendant alleges that Robinson made all the recorded disclosures to Lopez "[u]nbeknownst to SourceAmerica and without authorization." (*Id.* (citing Countercl. ¶ 12, ECF No. 29, ECF No. 257-2.)

Defendant responds that at least one party to the unlawfully recorded conversations—Lopez—was located in California, and, in any event, Defendant has offices in California and Dubinsky is a California resident. Defendant further argues that it has standing because the statute creates a private right of action for "[a]ny person who has been injured by a violation of this section" and is not limited to the party that was illegally

9

recorded (Def.'s Reply at 4, ECF No. 257 (citing Cal. Penal Code § 637.2).) Accordingly, it is irrelevant whether Robinson was acting within the scope of her employment. (*Id.*)

CIPA, California's anti-wiretapping and anti-eavesdropping statute, prohibits unauthorized interceptions of communications in order "to protect the right of privacy." Cal. Penal Code § 630. The California Legislature enacted CIPA in 1967 in response to "advances in science and technology [that] have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications." *Id.* Section 632 prohibits unauthorized electronic eavesdropping on confidential conversations. *See* Cal. Penal Code § 632(a). To state a claim under section 632, a plaintiff must allege an electronic recording of or eavesdropping on a confidential communication, and that not all parties consented to the eavesdropping. *Flanagan v. Flanagan,* 41 P.3d 575, 577 (Cal. 2002).

Here, both parties raise numerous factual and legal issues supported by declarations regarding the applicability of CIPA to the recorded conversations that are in dispute. At this point of the proceedings, it is not the Court's role to determine the legal or factual merits of the claim. The Court cannot conclude that Defendant has failed to sufficiently plead a plausible claim for relief under CIPA.

### 2) Defendant's UCL Claim

Defendant alleges that Bona Fide and Lopez violated California Business and Professions Code Section 17200 ("UCL") by engaging in various misconduct in an attempt to force Defendant to recommend Bona Fide for AbilityOne opportunities to which it was not entitled. Defendant alleges that Lopez committed various "unlawful, unfair, or fraudulent conduct" in his capacity of as President of Bona Fide and, as a result, these wrongful acts caused SourceAmerica substantial injury, including reputational harm, damages, and litigation and other legal costs. (Countercl. ¶¶ 79-81, ECF No. 257-2.)

Plaintiff argues that Defendant lacks statutory standing to bring a UCL claim based upon out-of-state conduct because Defendant is an out-of-state claimant and of the "wrongful" conduct alleged by SourceAmerica, the only conduct that occurred in

California is the instant lawsuit. (Plf.'s Mot. at 14, ECF No. 250.) Defendant responds that the alleged wrongful conduct occurred largely in California, Defendant maintains an office and conducts business in California, and certain opportunities to which Bona Fide claims to have been entitled were in California. (Def.'s Reply at 5-6. ECF No. 257.)

Plaintiff also argues that Defendant's UCL claim based on Plaintiff's commencement of this and other lawsuits or promoting government investigations is privileged under Cal. Civ. Code § 47(b), Defendant has not alleged that it "suffered injury in fact . . . and lost money or property" as required by Cal. Bus. & Prof. Code § 17204 because litigation expenses do not qualify for UCL purposes, and Defendant has released all claims against Plaintiff for pre-July 27, 2012 conduct under the Settlement Agreement. Defendant responds that it has sufficiently alleged injury, the litigation privilege does not apply to Defendant's UCL claim because it does not bar recovery for injuries for tortious conduct, and the litigation privilege is inapplicable to illegal recordings by Plaintiff. (Def.'s Opp'n at 7-8, ECF No. 257.) Defendant contends that its UCL claim is not barred by the Settlement Agreement because "many of the allegations, including the illegal recordings, occurred well after this date." (*Id.* at 9.)

At this stage, the Court cannot conclude that no set of facts can be proved on the allegations in the counterclaim. In its proposed claim under the UCL, Plaintiff specifically identifies the conduct that allegedly violates the UCL. The parties dispute where the alleged wrongful acts occurred and whether Defendant is an out-of-state claimant. Even if the Court finds that some of Plaintiff's conduct is privileged, it is unclear at this juncture that the privileged conduct extends to allegedly illegal recordings by Plaintiff. Defendant alleges that at least some of the allegedly illegal recordings occurred after July 27, 2012. Defendant also alleges injury beyond litigation expenses, including harm to its reputation. The Court therefore concludes that granting Defendant leave to file a counterclaim would not be futile.

//
//

### 3) Defendant's Breach of Contract Claim

In its third counterclaim Defendant alleges that Bona Fide "breached the Settlement Agreement by failing to notify SourceAmerica of every opportunity for which it submitted a response." (Countercl. ¶ 88, ECF No. 257-2.)

Plaintiff argues that amendment would be futile because SourceAmerica "cannot possibly have been damaged by Bona Fide's alleged breach of its duty to report its submission of responses." (Plf.'s Opp'n at 18, ECF No. 250.) Plaintiff contends that there is no connection between its reporting of a response to an opportunity and "any source of potential revenue or loss for Source America." (*Id.*) Defendant responds that Plaintiff's breach of the Settlement Agreement has injured Defendant because "Bona Fide's failure to report has caused SourceAmerica additional litigation expenses, and is a contributing factor in the ongoing dispute brought by Bona Fide against SourceAmerica alleging that Source America breached the Settlement Agreement." (Def.'s Reply at 10, ECF No. 257.)

Defendant alleges that it has been damaged as a direct and proximate result of the breach. (Countercl. ¶ 89.) At this time, Plaintiff has not demonstrated that Defendant cannot prove damages resulting from Bona Fide's alleged breach and that granting Defendant leave to file a counterclaim is futile.

As to the last factor, Defendant has not previously sought leave to file a counterclaim. Based on the five factors that support the filing of counterclaims, and in light of the Ninth Circuit's extremely liberal policy favoring leave to amend, the Court **GRANTS** Defendant's motion for leave to file counterclaims. Because the Court did not rely on the documents in Plaintiff's request for judicial notice, the Court denies the request for judicial notice.

//
//
//
//
//

# CONCLUSION

For the foregoing reasons, the Court hereby:

(1)   **GRANTS** Plaintiff's motion for leave to file a supplemental complaint; and

(2)   **GRANTS** Defendant's motion for leave to file an amended answer and counterclaims.

**IT IS SO ORDERED**.

Dated:  January 5, 2016

Hon. Gonzalo P. Curiel
United States District Judge