WRIGHT, L'ESTRANGE & ERGASTOLO
John H. L'Estrange, Jr. (SBN 049594)
jlestrange@wlelaw.com
Joseph T. Ergastolo (SBN 137807)
jte@wlelaw.com
Andrew E. Schouten (SBN 263684)
aschouten@wlelaw.com
402 West Broadway, Suite 1800
San Diego, CA 92101
(619) 231-4844; Fax: (619) 231-6710

Attorneys for Plaintiff and Counterdefendant
Bona Fide Conglomerate, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERICA, et al., <br><br> Defendants. | Case No.: 14cv0751 GPC (DHB) <br><br> **PLAINTIFF BONA FIDE CONGLOMERATE INC.'S RESPONSE TO DEFENDANT SOURCEAMERICA'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER** <br><br> Judge: Hon. David H. Bartick |

Plaintiff Bona Fide Conglomerate, Inc. ("Bona Fide") responds to Defendant SourceAmerica's ("Defendant" or "SourceAmerica") *Ex Parte* Application for Protective Order (Dkt. 337) as follows:

## INTRODUCTION

On August 16, 2016, the Court issued an Order Adopting in Part and Declining to Adopt in Part Magistrate Judge's Report and Recommendation ("Order") (*see* Dkt. 336; 288). In its Order, the Court denied without prejudice SourceAmerica's motion for a protective order but stated that Defendant "may refile a motion for a protective order with the Magistrate Judge in light of this Court's order." (Dkt. 336 at 25) [1]. On August 19, 2016, Defendant filed its *ex parte* application for a protective order seeking five requests for relief in order to "prevent Plaintiff's new counsel or local counsel from using SourceAmerica's improperly retained information in the future." (*See* Dkt. 337 at 1:23-2:11, 4:12-15).

The specific relief Defendant seeks in its application is, for the most part, either impossible or impractical to implement; and, if granted, would effectively prevent Bona Fide from seeking appellate relief from the Order.

Plaintiff Bona Fide is evaluating a challenge to the Court's Order by writ of mandamus in the United States Court of Appeals for the Ninth Circuit. Bona Fide reserves its rights to challenge or seek modification of any protective order issued by the Court in response to this application following determination of its writ of mandamus in the Ninth Circuit. Thus, without waiving its rights to challenge the Order, Bona Fide opposes SourceAmerica's *ex parte* application for a protective order.

## BACKGROUND FACTS

The undisputed facts upon which Defendant's *Ex Parte* Application is based are relatively simple.

---

[1] All page number references are to the ECF pagination on documents filed with the court.

Ruben Lopez ("Lopez"), the principal of Bona Fide, had several in-person meetings and telephone calls with Jean Robinson ("Robinson") between May 2013 and July 2014. At the time of the discussions, Robinson was Defendant's general counsel, and an attorney licensed to practice in the State of Virginia. Lopez recorded the conversations. Attorney Daniel Cragg later turned the tapes over to a court reporter and had them transcribed.

On November 14, 2014, pursuant to an order of this Court (Dkt. 161), Bona Fide turned over the tapes and corresponding transcripts that included the material quoted in the First Amended Complaint (*see* Dkt. 214-1 at ¶ 2). By October 2015, Defendant had in its possession copies of all the transcripts of the Robinson tapes which it obtained from other sources (*see* Dkt. 336 at 6:14-20, 7:16-17; 251-19 at ¶ 6). On November 15, 2015, Defendant filed a motion to disqualify Bona Fide's counsel, Daniel Cragg, and for a protective order (Dkt. 251 at 2:14-19). This Court recommended other relief in place of disqualification and found that the motion for a protective order was moot (Dkt. 288 at 17).

Defendant has consistently argued that only eight excerpts from the more than thirty hours of recordings (and transcripts) contain privileged information (*see* Dkt. 336 at 12:15-18; 288 at 10:10-14) (hereinafter the "Eight Excerpts"). The Court acknowledged this in its Order, stating that "[a]s SourceAmerica clarified at oral argument before the Magistrate Judge, although over 30 hours of recording were made, SourceAmerica is only asserting attorney-client privilege as to eight excerpts." (Dkt. 336 at 12:15-18; Dkt. 288 at 10:10-14).[2]

---

[2] Even though it has had all of the recordings made by Lopez (and the transcripts) for more than nine months before filing this application, Defendant never identified any privileged material other than the Eight Excerpts. The Eight Excerpts are the only items considered by either this Court or Judge Curiel in connection with the disqualification motion and related proceedings (Ergastolo Decl. at ¶ 4).

These Eight Excerpts are (1) included in the 30 hours of tapes and transcripts, (2) included in papers filed under seal in this Court by Defendant and Bona Fide in connection with the original disqualification motion, and the later objections to this Court's recommendations, and (3) referred to and quoted in part in the sealed transcript of the oral argument before this Court on January 25, 2016.

## ARGUMENT

In this section, Bona Fide responds to each of the five separate requests for relief in Defendant's *ex parte* application, and makes its own request for a finding that Bona Fide's present and future counsel be permitted to evaluate, prepare, and submit a writ to the Ninth Circuit that will necessarily require it to review the Eight Excerpts and discuss them in its writ petition and at oral argument if the writ is granted.

**A.     Defendant SourceAmerica's Specific Requests for Relief.**

**1.     "Return" of The Eight Excerpts is Neither Possible nor Practical.**

Defendant first requests that the Court issue a protective order "requiring that Plaintiff, its disqualified attorneys from the law firm Eckland & Blando LLP, and Counterdefendant Ruben Lopez . . . return all of SourceAmerica's privileged information within five (5) court days after entry of the requested protective order." (Dkt. 337 at 4:1-5).

Bona Fide opposes this request for relief because it is impossible in some respects and impractical under the circumstances.

In order to comply with Defendant's first request for relief, Bona Fide would have to (1) excise and "return" the Eight Excerpts contained in the recordings and transcripts, (2) excise all quotes of or references to the Eight Excerpts in the briefs filed in this action by Defendant and Bona Fide, and (3) excise all quotes of or references to the Eight Excerpts in the transcript of the oral argument on January 25, 2016.

The biggest problem resulting from Defendant's first request for relief is that it forecloses Bona Fide from pursuing a writ of mandamus with the Ninth Circuit. The

relief requested by Defendant, if granted, would prevent Bona Fide's counsel from creating a record for the writ petition.

Bona Fide proposes an alternative form of relief that will serve the same purpose for which Defendant now seeks a protective order. To protect the confidentiality of the Eight Excerpts the Court determined to be privileged, and to ensure that the Eight Excerpts are not used against Defendant in this, or other litigation, Bona Fide, Daniel Cragg, the law firm Eckland & Blando LLP, and any other counsel Bona Fide retains for this case will comply with a protective order requiring them to redact the Eight Excerpts from all copies of the recordings and all copies of the transcripts of the recordings that are in their possession, custody, or control; and Bona Fide agrees not to use any of the Eight Excerpts in this litigation unless Defendant first uses any of those Eight Excerpts in its defense or in support of its counterclaims.

Bona Fide has never used any of the Eight Excerpts in this litigation. They are not alleged in the First Amended Complaint, nor were they ever mentioned in any motion brought by Bona Fide. The only time Bona Fide made any reference to the Eight Excerpts was in opposition to the disqualification motion. Bona Fide does not have any intention of relying on any of the Eight Excerpts in the prosecution of its claims or defense of the counterclaims. The only possible reason Bona Fide would make any reference to the Eight Excerpts is if it brings a writ of mandamus to challenge the Order or if Defendant first uses the Eight Excerpts in its defense or in support of its counterclaims (Ergastolo Decl. at ¶ 5).

Unlike the relief requested by Defendant, the protective order proposed by Bona Fide is practical in terms of its execution and scope, and will also provide the desired and necessary protections over the Eight Excerpts. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-37 (9th Cir. 2003) (sealing of all 85 documents not justified where the small amount of confidential information contained therein could be easily redacted to protect holders' interests while leaving available other meaningful

information). This alternative proposal will also permit Bona Fide to pursue a writ of mandamus in the Ninth Circuit.

**2.  Bona Fide Agrees to Identify All Persons to Whom Disclosure of The Eight Excerpts Was Made.**

Second, SourceAmerica requests that the Court enter a protective order "requiring that Plaintiff, its disqualified attorneys, and Counterdefendant identify all persons to whom they have disclosed SourceAmerica's privileged information." (Dkt. 337 at 4:5-7).

Bona Fide already provided this information to Defendant. Just to ensure the record is clear, Bona Fide, its counsel and the attorneys at Eckland & Blando LLP are providing the same information again, and confirm that the Eight Excerpts were not provided to anyone else since their last disclosures.

**a.  All Disclosures of the Eight Excerpts Made By Plaintiff Bona Fide and Counterdefendant Ruben Lopez.**

Bona Fide and its CEO Lopez disclosed the Eight Excerpts (which were included in tapes and transcripts) to Special Agents of the General Services Administration's Office of the Inspector General ("GSA-OIG"), to Michael Pérez, counsel for PORTCO, Inc., a participant in the AbilityOne Program, to NTI, Inc., another affiliate in the AbilityOne Program, to the United States Department of Justice, to the Civil Division of the Federal Bureau of Investigation, and to his counsel in this case—Eckland & Blando LLP and Wright, L'Estrange & Ergastolo (*see* Declaration of Ruben Lopez ("Lopez Decl.") at ¶¶ 4-8).

**b.  All Disclosures of the Eight Excerpts Made By Daniel Cragg and Eckland & Blando LLP.**

Other than the court reporter who transcribed the recordings, the GSA-OIG, the U.S. Attorney's Office, co-counsel in this case, and Bona Fide itself, Daniel Cragg and the law firm Eckland & Blando LLP have not disclosed the Eight Excerpts to any other person or entity (*see* Declaration of Daniel J. Cragg ("Cragg Decl.") at ¶¶ 5-9).

### c. Wright, L'Estrange & Ergastolo has not Disclosed the Eight Excerpts To Anyone Outside This Litigation.

Other than attorney Timothy McEvoy, counsel for Jean Robinson in the lawsuit brought against her by Defendant in Virginia, and attorney Michael Pérez, counsel for third-party PORTCO, Inc. in its lawsuit against Defendant in Virginia, the attorneys at Wright, L'Estrange & Ergastolo have not disclosed the Eight Excepts to any other person or entity (Ergastolo Decl. at ¶¶ 6-8).

### 3. Bona Fide and Its Counsel Agree They Will Not Use or Disseminate the Eight Excerpts as Long as Defendant Does Not Put The Eight Excerpts into Issue in this Litigation.

Third, SourceAmerica requests that the Court preclude "any use or dissemination of SourceAmerica's privileged information, including to new and local counsel." (Dkt. 337 at 4:7-8).

Bona Fide and its current counsel do not oppose the issuance of a protective order that precludes them from using the Eight Excerpts as evidence to support its case in chief or defense of the counterclaims unless Defendant puts any part of the Eight Excerpts into issue. Bona Fide agrees that it and its present or future counsel will not disseminate the Eight Excerpts to any third parties.

Bona Fide objects to an order that prevents it from disseminating the Eight Excerpts to any counsel it may retain in the future to prosecute a writ petition. Without the ability to do so, Bona Fide would be denied its appeal rights.

### 4. It is Impractical to Order Declarations By New and Local Counsel That They Have Not Received The Eight Excerpts.

Fourth, SourceAmerica requests that the Court require Bona Fide's new and local counsel "file a declaration attesting that they have not received any of SourceAmerica's privileged information." (Dkt. 337 at 4:8-10).

Bona Fide opposes this request for relief.

First, any new counsel retained by Bona Fide for appellate review of the Order will necessarily have to read the Eight Excerpts to evaluate the writ petition, prepare briefs and the record to file in the Ninth Circuit, and participate in oral argument if the writ is granted. Other than for purposes of an appeal, any counsel engaged to represent Bona Fide in this action will agree not to disseminate the Eight Excerpts to any third parties unless Defendant puts them in issue.

In its Order, the Court approved of the Magistrate Judge's finding, "that should [Defendant] rely on any portion of the privileged excerpts going forward, the privilege will be waived." (Dkt. 336 at 16:5-7, 18:23-19:4). The Court added, quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003), that if Defendant "wishes to go forward with its claims implicating [the privileged materials]", then it must "produce the privileged materials" and "waive [its] privilege to the extent necessary to give [Bona Fide] a fair opportunity to defend against it." (Dkt. 336 at 16:7-12).

Second, it is impossible for Bona Fide's San Diego counsel (Wright, L'Estrange & Ergastolo) to file the declaration Defendant seeks. Bona Fide's San Diego counsel received and reviewed all of the Eight Excerpts for the purpose of responding to Defendant's motion to disqualify attorney Cragg. As this Court knows, attorneys Joseph Ergastolo and Andrew Schouten (Wright, L'Estrange & Ergastolo) were present at the oral argument on January 25, 2016, which included explicit references to the Eight Excerpts (Ergastolo Decl. at ¶¶ 9-10).

Bona Fide has not relied on and does not intend to rely on the Eight Excerpts in arguing its case in chief (*see* Dkt. 336 at 23:20-22; Ergastolo Decl. ¶ 5). In addition, SourceAmerica has indicated that it will not and does not need to rely on the Eight Excerpts to prove its counterclaim (*see* Dkt. 336 at 18:23-24).

Therefore, under the alternative protective order proposed by Bona Fide, Bona Fide and its counsel will not rely on the information unless it becomes necessary to respond if Source America puts the Eight Excerpts in issue. A protective order precluding Bona Fide and its counsel from relying on the Eight Excerpts is sufficient to

ensure that the Eight Excerpts will not be used in the future and thus will eliminate any prospect of future prejudice to SourceAmerica from such use.

### 5. Bona Fide Agrees That It Will Not Use the Eight Excerpts in its Case in Chief.

Finally, Defendant requests that the Court issue a protective order "precluding Plaintiff, Counterdefendant, new counsel, and local counsel from using the privileged excerpts in its case in chief." (Dkt. 337 at 4:10-12).

Bona Fide interprets Defendant's fifth request for relief as similar to its fourth request for relief. Bona Fide, Lopez, and any counsel representing them do not oppose a protective order that precludes the use of the Eight Excerpts in Plaintiff's case in chief, except for appellate review of the Order, and unless SourceAmerica uses the Eight Excerpts in support of its counterclaim (*see* Dkt. 336 at 16:5-12, 18:24-19:4).

### B. Bona Fide Requests a Modification of the Sealing Orders to Permit Review of the Sealed Documents by Bona Fide's Appellate Counsel.

Bona Fide is considering an appellate challenge to the Order. In conjunction with the Court's issuance of a protective order, Bona Fide respectfully requests that the Court grant its appellate counsel (whether from Wright, L'Estrange & Ergastolo or another firm to be engaged in the future) blanket permission to review the necessary and relevant documents previously sealed by this Court in connection with the disqualification motion for purposes of the appeal.

On February 4, 2016, this Court found "good cause" to seal the transcript of the January 25, 2016 hearing on SourceAmerica's motion and ordered that the sealed transcript be available only to Plaintiff's and Defendant's counsel (*see* Dkt. 286 (listing each attorney by name)). On February 23, 2016, this Court found "good cause" to seal paragraphs 22(a)-(b), 29(a), 42(a)-(d), 49(a) and exhibits K, L, N and O attached to the November 30, 2015 Declaration of Dennis Fields, as well as exhibits C and D attached to the December 16, 2015 Declaration of Ruben Lopez (which correspond to exhibits K and N of the Fields Declaration) (*see* Dkt. 288, 289). On August 11, 2016, Judge

Curiel granted Bona Fide's motion to file under seal its objections and reply to this Court's Report and Recommendation and granted Defendant's motion to file under seal its reply to Bona Fide's objections (*see* Dkt. 332).

Good cause exists for granting Bona Fide's appellate counsel access to the sealed documents because each of the documents is directly relevant to and necessary for Bona Fide to present an effective and comprehensive challenge to the Court's Order. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) ("To modify a protective order a party must establish good cause by demonstrating how the protective order will prejudice the party's case."). In the absence of a right by appellate counsel to review the documents, Bona Fide will undoubtedly be prejudiced in presenting its case. For example, counsel would be unable to determine and subsequently argue, should it choose to do so, that the Eight Excerpts do not contain privileged information and therefore disqualification was not warranted.

Bona Fide's request is for the limited and narrow purpose of permitting its appellate counsel to review the sealed documents in order to pursue an appeal, regardless of what relief is granted on Defendant's application for a protective order. This request outweighs any risk of harm to Defendant, such as inadvertent disclosure. All sealed documents are currently under the possession, custody, or control of both Bona Fide's and Defendant's counsel. Thus, providing Bona Fide's newly-retained appellate counsel with access to those same documents for the sole purpose of evaluating and preparing a writ petition would not create any risks to Defendant's information. To ensure protection of the sealed documents, Bona Fide will require its appellate counsel to specifically state that it will comply with the Court's prior sealing orders.

/ / /
/ / /
/ / /
/ / /

/ / /

## CONCLUSION

Accordingly, Bona Fide respectfully requests the Court issue a protective order incorporating Bona Fide's proposed alternative forms of relief and grant its appellate counsel permission to review the documents previously sealed in this case, for the limited purpose of pursuing an appeal of the Order.

Dated:  August 31, 2016           WRIGHT, L'ESTRANGE & ERGASTOLO
                                  Attorneys for Bona Fide Conglomerate, Inc.

                                  By:  s/ Joseph T. Ergastolo
                                       Joseph T. Ergastolo
                                       jte@wlelaw.com