FILED

OCT 04 2016

CLERK U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11  BONA FIDE CONGLOMERATE, INC.,        Case No.: 14cv751-GPC (DHB)

12                          Plaintiff,   **ORDER GRANTING IN PART AND**
                                         **DENYING IN PART DEFENDANT**
13  v.                                   **SOURCEAMERICA'S EX PARTE**
                                         **APPLICATION FOR PROTECTIVE**
14  SOURCEAMERICA, et al. ,              **ORDER**

15                          Defendants.

16                                       **[ECF No. 337]**

17

18      On August 19, 2016, Defendant SourceAmerica ("SourceAmerica") filed an *Ex*

19  *Parte* Application for Protective Order.   (ECF No. 337.)  On August 31, 2016, Plaintiff

20  Bona Fide Conglomerate, Inc. ("Plaintiff") filed a response.  (ECF No. 340.)   Having

21  considered the parties' submissions, the Court hereby **GRANTS in part** and **DENIES in**

22  **part**, SourceAmerica's motion.

23                              **I. BACKGROUND**

24      On February 17, 2016, the Court issued a Report and Recommendation regarding

25  Defendant's *Ex Parte* Motion (1) to Disqualify Plaintiff's Counsel, (2) to Revoke *Pro Hac*

26  *Vice* Admission of Daniel J. Cragg, (3) for Protective Order, and (4) for Expedited

27  Discovery. (ECF No. 288.)  The Court found Plaintiff's counsel, Daniel Cragg ("Cragg")

28  had violated his ethical duties with regard to the Robinson Tapes, and recommended the

1

1 | remedy of evidence exclusion over disqualification. (*Id.* at 13-17.)   Both parties objected
2 | to the Report and Recommendation. (ECF Nos. 298, 299.)

3 |      On August 16, 2016, Judge Curiel issued an Order Adopting in Part and Declining
4 | to Adopt in Part Magistrate Judge's Report and Recommendation. (ECF No. 336.)  Judge
5 | Curiel determined the eight excerpts from the Robinson tapes at issue were privileged, that
6 | the privilege had not been waived, and that Cragg violated his ethical duties in his handling
7 | of the Robinson tapes. (*Id.*)  However, Judge Curiel found the remedy of exclusion of
8 | evidence was insufficient. Therefore, he disqualified Cragg and his law firm, Eckland and
9 | Blando LLP. (*Id.*) Judge Curiel also denied SourceAmerica's motion for a protective order
10 | without prejudice, indicating SourceAmerica could "refile a motion for a protective order
11 | with the Magistrate Judge in light of this Court's order." (*Id.* at 25.)   Therefore,
12 | SourceAmerica filed the instant motion.

13 | **II. DISCUSSION**

14 |      SourceAmerica requests the Court enter a protective order (1) requiring that
15 | Plaintiff, its disqualified attorneys from the law firm Eckland & Blando LLP, and
16 | Counterdefendant Ruben Lopez ("Counterdefendant") return all of SourceAmerica's
17 | privileged information within five (5) court days after entry of the order; (2) requiring that
18 | Plaintiff, its disqualified attorneys, and Counterdefendant identify all persons to whom they
19 | have disclosed SourceAmerica's privileged information; (3) precluding any use or
20 | dissemination of SourceAmerica's privileged information, including to new and local
21 | counsel; (4) requiring that new counsel and local counsel file a declaration attesting that
22 | they have not received any of SourceAmerica's privileged information; and (5) precluding
23 | Plaintiff, Counterdefendant, new counsel, and local counsel from using the privileged
24 | excerpts in its case in chief. SourceAmerica argues the requested protective order is needed
25 | to implement Judge Curiel's order and prevent Plaintiff's new counsel or local counsel
26 | from using the improperly retained confidential information in the future.

27 |      Plaintiff opposes the request.  Plaintiff indicates it intends to pursue a writ of
28 | mandamus with the Ninth Circuit, and therefore argues it must have continued access to

1   SourceAmerica's privileged information in order to create a record for the writ petition.
2   Plaintiff also asserts that it is impossible and impractical to return the eight privileged
3   excerpts to SourceAmerica.   Therefore, Plaintiff proposes the following alternative
4   protective order: (1) Plaintiff will identify all persons to whom disclosure was made; (2)
5   Plaintiff will not use the privileged information in its case in chief, unless SourceAmerica
6   puts the eight excerpts into issue; and (3) Plaintiff's present and future counsel will not
7   disseminate the privileged information to any third parties.   Plaintiff asks the Court to
8   permit its present and future counsel to retain and review the privileged information, for
9   purposes of appealing the disqualification order.   Plaintiff also requests that its appellant
10  counsel be permitted access to all sealed documents that were filed in connection with the
11  disqualification motion.

12      Rule 26 authorizes the Court, upon a showing of good cause, to issue a protective
13  order to "protect a party or person from annoyance, embarrassment, oppression, or undue
14  burden or expense." Fed. R. Civ. P. 26(c)(1).   The party seeking a protective order bears
15  the burden of establishing good cause. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir.
16  2004).   "'Good cause' is established where it is specifically demonstrated that disclosure
17  will cause a 'specific prejudice or harm.'" *Id.* (citing *Phillips ex rel. Estates of Byrd v.
18  Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)).   District courts have "broad
19  discretion . . . to decide when a protective order is appropriate and what degree of protection
20  is required." *Phillips*, 307 F.3d at 1211 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S.
21  20, 36 (1984)).

22      Here, the Court finds there is good cause for a protective order in light of Judge
23  Curiel's determination that disqualification of Cragg and his law firm was necessary to
24  prevent prejudice to SoureAmerica.   In determining the proper scope of the protective
25  order, the Court must balance SourceAmerica's interests its privileged information with
26  Plaintiff's interests in pursuing an appeal of Judge Curiel's disqualification order.   On
27  balance, the Court finds it is appropriate to place restrictions on the use and dissemination
28  of the privileged information, and to require the information to ultimately be returned to

1    SourceAmerica. However, in light of Plaintiff's indication that it plans to appeal, the Court
2    finds it is necessary to allow Plaintiff continued access to the privileged information for a
3    limited time and for the limited purpose of pursuing an appeal. Accordingly, the Court
4    adopts SourceAmerica's proposed protective order, with the modifications as set forth and
5    discussed below.

6        **1.    Plaintiff, its disqualified attorneys from the law firm Eckland & Blando**
7    **LLP, and Counterdefendant Ruben Lopez shall return all of SourceAmerica's**
8    **privileged information within five (5) court days after entry of this order. Plaintiff's**
9    **current local counsel from the law firm Wright, L'Estrange & Ergasto and any new**
10   **counsel retained after August 16, 2016 to represent Plaintiff on appeal, shall return**
11   **all of SourceAmerica's privileged information within five (5) court days after either:**
12   **(1) the expiration of the time to file an appeal, or (2) the date the appeal is taken under**
13   **submission by the Ninth Circuit following the conclusion of oral arguments.**

14       Plaintiff argues returning SourceAmerica's confidential information is not practical.
15   The Court understands Plaintiff's concerns, but nevertheless finds the privileged
16   information must be returned. The Court will not require Plaintiff to attempt to "excise"
17   the privileged information from the Court record. The Court record will remain intact, and
18   the privileged information will remain under seal. However, Plaintiff, its disqualified
19   counsel, and Ruben Lopez must return to SourceAmerica all originals and any copies of
20   the audio recordings and transcripts that contain the eight privileged excerpts of the
21   Robinson Tapes that were identified in the Court's February 17, 2016 Report and
22   Recommendation. (*See* ECF No. 288 at 10.) Plaintiff, its disqualified counsel, and Ruben
23   Lopez are permitted to retain redacted copies of the audio recordings and transcripts, as
24   well as any redacted and/or publicly filed versions of any document or order that has been
25   filed in this case.

26       The Court will not require Plaintiff's current local counsel, or new counsel retained
27   to represent Plaintiff on appeal, to return the confidential information to SourceAmerica
28   until after the time to file an appeal has expired, or the appeal of Judge Cureil's

4

1  disqualification order is taken under submission by the Ninth Circuit. This will allow
2  Plaintiff's counsel to create a record for the writ petition. However, once the writ is under
3  submission, or in the event Plaintiff decides not to file a writ, there will no longer be a need
4  for Plaintiff's counsel to have access to the privileged information. Therefore, at that point,
5  the information must be returned to SourceAmerica.

6      **2.    Plaintiff, its disqualified attorneys from the law firm Eckland & Blando**
7  **LLP, its current local counsel from the law firm Wright, L'Estrange & Ergastolo, any**
8  **counsel retained after August 16, 2016 to represent Plaintiff, and Counterdefendant**
9  **Ruben Lopez shall identify all persons to whom they have disclosed SourceAmerica's**
10 **privileged information.**

11     The court finds it is appropriate for Plaintiff, its disqualified attorneys, its current
12 and any new counsel, and Ruben Lopez to identify all persons to whom disclosures of the
13 eight excerpts have been made. Plaintiff has agreed to provide this information, and has
14 filed declarations from Daniel J. Cragg, Joseph T. Ergastolo, and Ruben Lopez. *See* ECF
15 No. 340-1, 340-2, and 34-3. Therefore, it appears Plaintiff has complied with this portion
16 of the Protective Order. To the extent, Plaintiff has retained new counsel since the date of
17 Judge Curiel's disqualification order, new counsel shall also provide this information to
18 SourceAmerica.

19     **3.    Plaintiff, its disqualified attorneys from the law firm Eckland & Blando**
20 **LLP, its current local counsel from the law firm Wright, L'Estrange & Ergastolo, any**
21 **counsel retained after August 16, 2016 to represent Plaintiff, and Counterdefendant**
22 **Ruben Lopez are precluded from using or disseminating SourceAmerica's privileged**
23 **information, with the exception that the attorney designated lead counsel for purposes**
24 **of appealing Judge Curiel's disqualification order may use the privileged information**
25 **for purposes of the appeal only. Plaintiff shall file a declaration indicating which**
26 **counsel has been designated lead counsel for the appeal.**

27     The Court finds that Plaintiff, its attorneys, including its disqualified counsel, current
28 local counsel, and any new counsel, should not be permitted to use or disseminate the eight

excerpts, with one exception. The Court recognizes that Plaintiff's counsel should be allowed to use the information for the limited purpose of appealing Judge Curiel's disqualification order. However, Plaintiff has not identified which counsel will be responsible for preparing the writ petition on its behalf. Plaintiff indicates it might use local counsel, or it might hire new counsel for the appeal. Therefore, Plaintiff shall provide a declaration indicating which attorney has been designated as lead counsel for purposes of the appeal. The attorney designated lead counsel for the appeal, is permitted to review the privileged information, including any documents that were placed under seal in connection with the disqualification motion. No other attorney for Plaintiff may use or disseminate the confidential information without express written consent of the Court. Further, the confidential information may not be used or disseminated for any purpose other than to appeal Judge Curiel's August 16, 2016 disqualification order.

**4.      Any counsel retained after August 16, 2016 to represent Plaintiff for purposes other than the appeal of Judge Curiel's disqualification order shall file a declaration attesting they have not received any of SourceAmerica's privileged information.**

The Court finds it is appropriate to require any new counsel retained after August 16, 2016, for purposes other than to appeal the disqualification order, to file a declaration attesting to whether counsel has received SourceAmerica's privileged information. Although the Court has determined Plaintiff's appellate counsel should be permitted limited access to the privileged information, any new counsel retained to represent Plaintiff in this action for other purposes should not review the privileged information.

**5.      Plaintiff, its current local counsel from the law firm Wright, L'Estrange & Ergastolo, any counsel retained after August 16, 2016 to represent Plaintiff, and Counterdefendant Ruben Lopez are precluded from using SourceAmerica's privileged information in its case in chief.**

Plaintiff indicates it does not oppose a protective order precluding the use of the privileged information in its case in chief. Accordingly, the Court finds Plaintiff, its current

14cv751-GPC (DHB)

1  local counsel, any new counsel retained after August 16, 2016, and Counterdefendant

2  Ruben Lopez will be precluded from using SourceAmerica's privileged information in its

3  case in chief, including using the information as evidence at trial, at any hearing, on any

4  motion, or in discovery, unless SourceAmerica uses the privileged information in support

5  of its counterclaim.

6  ### III. CONCLUSION

7      For the foregoing reasons, SourceAmerica's *Ex Parte* Application for Protective

8  Order is **GRANTED in part** and **DENIED in part**, as set forth above.

9      IT IS SO ORDERED.

10  Dated: _10/3/16_

11

12        DAVID H. BARTICK

      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28