Kevin W. Alexander (SBN: 175204)
Matthew P. Nugent (SBN:  214844)
Joseph W. Goodman (SBN:  230161)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101
Telephone:  (619) 696-6700
Facsimile:   (619) 696-7124
Email: kalexander@gordonrees.com
Email: mnugent@gordonrees.com
Email: jgoodman@gordonrees.com

Attorneys for Defendant SourceAmerica

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bona Fide Conglomerate, Inc., <br><br> Plaintiff, <br><br> v. <br><br> SourceAmerica, PRIDE Industries, Inc., Kent, Campa & Kate, Inc., ServiceSource,Inc., Job Options, Inc., Goodwill Industries of Southern California, Lakeview Center, Inc., The Ginn Group, Inc., Corporate Source, Inc., CW Resources, National Council of Source America Employers, Opportunity Village, Inc., <br><br> Defendants. <br> _____ <br> SourceAmerica, <br><br> Counterclaimant, <br> v. <br><br> Bona Fide Conglomerate, Inc. and Ruben Lopez, <br><br> Counterdefendants. | Case No.: 3:14-cv-00751-GPC-AGS <br><br> *Assigned to: Judge Gonzalo P. Curiel* <br> *Magistrate Judge: Andrew G. Schopler* <br><br> **DEFENDANT/COUNTER-CLAIMANT SOURCEAMERICA'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT BONA FIDE CONGLOMERATE, INC.'S CONSOLIDATED MOTION TO COMPEL** <br><br> [Filed and served concurrently with Declaration of Matthew P. Nugent, Declaration of Joseph W. Goodman, and Declaration of Emily Skrdla] <br><br> **Date: April 17, 2017** <br> **Time: 1:00 p.m.** <br> **Courtroom:  5C** |

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

II. FACTUAL BACKGROUND.........................................................3

    A. Federal Law Requires SourceAmerica to Protect the Confidential Information Contained in its Administrative Record .........................5

    B. Former Counsel for Bona Fide was Disqualified for Illegal and/or Bad Faith Conduct ........................................................................5

    C. Despite the Parties' Agreement to Supplement Responses Following Entry of a Protective Order, Bona Fide Filed this Motion to Compel ...........................................................................7

III. ARGUMENT ...........................................................................9

    A. Plaintiff's Motion to Compel is Procedurally Invalid and Should Be Denied......................................................................................9

        *1. Plaintiff Failed to Meet and Confer as to Interrogatories, (Set One) and Requests for Production (Set One)*....................9

        *2. Because the Parties Agreed to Simultaneously Produce Documents Following the Court's Entry of a Protective Order Bona Fide's Motion to Compel is Premature and Must be Denied* ..............................................................11

        *3. Plaintiff's Motion Did Not Provide SourceAmerica with 28 days' Notice, as Required by the Local Rules* .........................12

    B. Bona Fide Failed to Establish That its Interrogatories and Requests for Production Seek Relevant Information.........................13

    C. Bona Fide's Interrogatories and Requests for Production Are Overbroad and Burdensome ...........................................................14

    D. Because Bona Fide Failed to Inform the Court Why Each of SourceAmerica's Objection Are Not Justified, the Court Must Deny Bona Fide's Motion to Compel .................................................15

    E. Bona Fide's Interrogatories and Requests for Production Seek Information and Documents that are Confidential, Proprietary, and/or Trade Secrets.......................................................................16

    F. Bona Fide's Interrogatories and Requests for Production Seek Information and Documents Protected by Attorney-Client Privilege and SourceAmerica's Decision Not to Produce a Privilege Log Until the Entry of a Protective Order Does Not Waive the Privilege ...........................................................................18

    G. Magistrate Judge Bartick Already Ruled That SourceAmerica Sufficiently Responded to Bona Fide's Interrogatories, Set Two, and Requests for Production, Set Three.............................................22

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1097030/32263823v.2

H.   The Court Should Award SourceAmerica its Reasonable Attorney's Fees ......................................................................23

I.   Bona Fide is Not Entitled to Recover Costs and Expenses, Including Attorney's Fees .............................................................24

IV.   CONCLUSION .............................................................................25

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

1097030/32263823v.2

1

**TABLE OF AUTHORITIES**

**Cases**

2

3

*Aevoe Corp. v. AE Tech Co., LTD.*
   No. 2:12-cv-00053-GMN-NJK, 2013 U.S. Dist. LEXIS 135755 (D.
   Nev. Sept. 20, 2013)..................................................................................24

4

5

*Board of Trustees of Leland Standford Junior Univ. v. Tyco Int'l Ltd.*
   253 F.R.D. 521 (C.D. Cal. 2008) ..............................................................24

6

*Brandon v. D.R. Horton, Inc.*
   No. 07cv1256 J (POR), 2008 U.S. Dist. LEXIS 40000 (S.D. Cal.
   May 16, 2008) ...........................................................................................23

7

8

*Bryant v. Ochoa*
   No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339 (S.D. Cal.
   May 14, 2009) ...........................................................................................13

9

10

*Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct.*
   408 F.3d 1142 (9th Cir. 2005)........................................................18, 19, 21

11

*Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP*
   124 F.3d 1304 (D.C. Cir. 1997) .................................................................19

12

13

*Heilman v. Silva*
   No. 13CV2984-JLS-MDD, 2015 WL 1632693 (S.D. Cal. Apr. 13,
   2015)......................................................................................................9, 11

14

15

*Hickman v. Taylor*
   329 U.S. 495 (1947) ..................................................................................19

16

17

*Laine v. Wells Fargo Bank, N.A.*
   No. C 13-04109 SI, 2014 U.S. Dist. LEXIS 124065 (N.D. Cal. Sept.
   4, 2014 ......................................................................................................12

18

19

*Meyer v. Colavita*
   No. SACV 11-00696-AG (MLGx), 2011 U.S. Dist. LEXIS 65091
   (C.D. Cal. June 17, 2011)..........................................................................18

20

21

*Nat'l. Telecommuting Inst., Inc. v. SourceAmerica*
   No. 15-293C, 2015 U.S. Claims LEXIS 1406 (Fed. Cl. Oct. 14,
   2015)...........................................................................................................4

22

23

*Parsi v. Daioleslam*
   778 F.3d 116 (D.C. Cir. 2015) ..................................................................24

24

25

*Reece v. Sisto*
   No. 2:10-cv-0203-JAM-EFB, 2017 U.S. Dist. LEXIS 6403 (E.D.
   Cal. Jan. 17, 2017).....................................................................................16

26

*Rogers v. Giurbino*
   288 F.R.D. 469 (S.D. Cal. 2012) ...............................................................11

27

28

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

- iii -

1097030/32263823v.2

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

*Shaw v. County of San Diego*
  No. 06-CV-2680-IEG (POR), 2008 U.S. Dist. LEXIS 80508 (S.D.
  Cal. Oct. 9, 2008) ...................................................................................... 11

*Valenzuela v. City of Calexico*
  No. 14-cv-381-BAS-PCL, 2015 U.S. Dist. LEXIS 26566 (S.D. Cal.
  Mar. 4, 2015) .......................................................................................... 16

**Statutes**

41 Code of Federal Regulations
  Section 51-3.2 ........................................................................................... 4

41 United States Code
  Section 8503 ............................................................................................... 4

41 United States Code
  Section 2102 ............................................................................................... 5

41 United States Code
  Section 8501 ............................................................................................... 4

48 Code of Federal Regulations
  Section 8.701 ............................................................................................. 4

Federal Acquisition Regulations
  Section 15.207 ........................................................................................... 5

Federal Acquisition Regulations
  Section 2.101 ........................................................................................... 17

Federal Acquisition Regulations
  Section 3.104-4 ......................................................................................... 5

**Rules**

Federal Rules of Civil Procedure
  Rule 26 ............................................................................................. 13, 18

Federal Rules of Civil Procedure
  Rule 37 ................................................................................... 9, 11, 23, 24

Local Civil Rule 26.1 .................................................................... 1, 9, 10, 11

Local Civil Rule 7.1 ....................................................................... 1, 3, 9, 12, 23

1097030/32263823v.2

**Gordon & Rees LLP**
101 W. Broadway
Suite 2000
San Diego, CA  92101

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

In abject violation of this Court's Local Civil Rule 26.1(a), which requires (in-person) meet and confer efforts before the filing of any motion to compel where, as here, the parties are represented by counsel in the same county, Plaintiff/Counterdefendant Bona Fide Conglomerate, Inc. ("Bona Fide" or Plaintiff) has filed a frivolous motion to compel in which it does not even attempt to establish its compliance with that requirement.  Moreover, Bona Fide repeatedly misrepresents agreements between the parties and omits numerous material facts, improperly seeks reconsideration of a prior order of this Court, and filed its motion with less than the 28 days' notice required by Local Civil Rule 7.1(e), without seeking an order shortening time.  The motion should be denied in its entirety.

Counsel for SourceAmerica and Bona Fide's counsel, Andrew Schouten, whose offices are in San Diego County only blocks apart, have met in person on three separate occasions in 2017 pursuant to Local Civil Rule 26.1(a) to discuss numerous discovery issues.  But never, during more than six hours of meetings, did Mr. Schouten ever raise with SourceAmerica's counsel any issue with respect to SourceAmerica's responses to Bona Fide's Interrogatories (Set One) or Requests for Production (Set One).  Conspicuously, Mr. Schouten's declaration in support of the motion does not claim otherwise.  Rather, Bona Fide attempts to support its motion with a declaration from its former counsel, Jared Reams, a lawyer whose firm, Eckland & Blando LLP, was disqualified by Judge Curiel in August 2016 from further participation in this case due to ethical violations, including improperly retaining, reviewing, disseminating, and misrepresenting facts with respect to its possession of SourceAmerica's privileged information.  The Reams declaration, which purports to recount an alleged agreement reached during a phone call that occurred more than one year ago, is incorrect.  SourceAmerica never agreed to serve supplemental discovery responses within two weeks of entry of an order on the then-pending motion to disqualify, alone.  Rather, SourceAmerica's service of

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(DHB)

1097030/32263823v.2

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    supplemental responses and its document production were always contingent on both

2    a ruling on that motion *and* entry by this Court of a protective order, particularly

3    given Bona Fide's former counsel's bad faith conduct that led to his and his firm's

4    disqualification.  As Bona Fide ignores, the very motion at issue was not merely a

5    motion to disqualify, but also a motion for protective order.  Tellingly, the Reams

6    declaration is unsupported by any contemporaneous correspondence, and instead is

7    contradicted by SourceAmerica's counsel's confirming correspondence drafted

8    following that call.  (Nugent Decl. ¶6, Ex. A.)

9        Bona Fide's failure to meet and confer with SourceAmerica before filing the

10   instant motion is even more inexcusable because the motion ignores and directly

11   contradicts the agreement between the parties that *did exist*, which specified that each

12   party would simultaneously produce its responsive documents following the Court's

13   entry of a protective order.  In reliance on that agreement, to date, Bona Fide itself

14   has not produced a single document in response to SourceAmerica's document

15   requests, despite having agreed to do so in response to multiple requests for

16   production and interrogatories, nor has it provided a privilege log despite asserting

17   privilege objections in response to many of SourceAmerica's requests for production

18   of documents.  In reliance on that agreement, SourceAmerica has not (yet) filed a

19   motion to compel document production by Bona Fide, despite Bona Fide's bad faith

20   conduct including falsely stating in discovery responses that it already produced

21   responsive key documents when it has not produced any documents in discovery at

22   all.

23       Having relied upon and benefitted from the parties' agreement to delay

24   document production until after entry of a protective order, Bona Fide is estopped

25   from falsely denying its existence in its motion to compel.  Bona Fide's failure to

26   inform the Court of that agreement – which gives lie to the alleged basis for its

27   motion to compel – is further grounds for denial of the motion. Bona Fide also

28

1   untimely filed its motion to compel in violation of Local Civil Rule 7.1(e)(1) with

2   less than the required 28 days' notice to SourceAmerica.

3        Even assuming *arguendo* that Bona Fide's motion was properly before this

4   Court, Bona Fide has not met its burden to show the discovery requests at issue in its

5   motion are relevant.  With respect to Interrogatories (Set One) and Requests for

6   Production (Set One), Bona Fide inaccurately portrays the requests in a cursory

7   manner that fails to establish that the requests seek relevant information.  Bona Fide

8   then makes contradictory claims regarding SourceAmerica's objections.  For

9   example, Bona Fide simultaneously claims that SourceAmerica failed to show

10  documents are confidential while admitting the documents are confidential and even

11  arguing they are confidential in its recently filed Motion for Protective Order.

12       With respect to Interrogatories (Set Two) and Requests for Production (Set

13  Three), Magistrate Judge Bartick's order [Dkt. 331] precludes any need for further

14  response.  In the Court's order, Judge Bartick questioned the requests' relevance and

15  concluded that SourceAmerica has already provided sufficient information in

16  response to the requests.  Bona Fide has improperly disguised as a motion to compel

17  what is actually a procedurally improper motion for reconsideration.  Such a motion

18  for reconsideration should be denied, because when the case was transferred from

19  Judge Bartick to Judge Schopler, the Court specifically stated that "the reassignment

20  of cases to Judge Schopler is not to be viewed as an opportunity to seek

21  reconsideration of previous adverse rulings." [Dkt. 354].

22       In light of the foregoing, Bona Fide's motion to compel was unnecessary

23  and/or at least, premature.  The Court should deny Bona Fide's motion to compel,

24  and should award SourceAmerica its reasonable attorney's fees incurred in

25  connection with its Opposition to the motion.

26  **II.   FACTUAL BACKGROUND**

27       SourceAmerica is a designated Central Non-Profit Agency ("CNA") for the

28  United States AbilityOne Program, which was created to increase employment

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

opportunities for persons who are blind or have severe disabilities.  Javits-Wagner-O'Day ("JWOD") Act, 41 U.S.C. § 8501, *et seq.*  As a CNA, the federal Government designated SourceAmerica with authority to, among other things, facilitate federal procurement of products and services from NPAs participating in the AbilityOne Program that employ persons with severe disabilities, by recommending suitable opportunities for such employment, and recommending to the AbilityOne Commission (the "Commission") the NPAs best suited to perform those opportunities.[1] 41 C.F.R. § 51-3.2; *Nat'l. Telecommuting Inst., Inc. v. SourceAmerica*, No. 15-293C, 2015 U.S. Claims LEXIS 1406, *3-4 (Fed. Cl. Oct. 14, 2015).  As a CNA, SourceAmerica has the responsibility, among other things, to "evaluate the qualifications and capabilities of its nonprofit agencies and provide the Committee with pertinent data concerning its nonprofit agencies, their status as qualified nonprofit agencies, their manufacturing or service capabilities, and other information concerning them required by the Commission."  41 CFR 51-3.2(b).

SourceAmerica largely fulfills the responsibility of evaluating the qualifications and capabilities of its nonprofit agencies through its NPA Recommendation Process when recommending suitable commodities or services to the Commission for procurement from SourceAmerica's nonprofit agencies.  41 C.F.R. 51-2.4; *see also* Dkt. 358-5, ¶5.  Under the NPA Recommendation Process, SourceAmerica publishes Opportunity Notices to the NPAs for consideration and response.  [Dkt. 358-5, ¶6.]  The Opportunity Notice is similar to a Request for Proposal (RFP) and includes a description of the requirement, the estimated dollar value, and any special requirements or preferences of the Federal contracting agency

---

[1] Only the Commission, not SourceAmerica, can select an NPA for an opportunity. 41 U.S.C. § 8503(c) ("Central nonprofit agency or agencies. The Committee shall designate a central nonprofit agency or agencies to facilitate the distribution, by direct allocation, subcontract, or any other means, of orders of the Federal Government for products and services on the procurement list among qualified nonprofit agencies for the blind or qualified nonprofit agencies for other severely disabled."); *see also* 48 C.F.R. § 8.701 ("Central nonprofit agency means . . . [SourceAmerica], which has been designated to represent AbilityOne participating nonprofit agencies serving people with severe disabilities other than blindness.").

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

1097030/32263823v.2

that will award the contract. *Id.* In this capacity, SourceAmerica's primary role is to: 1) evaluate NPAs' responses to Opportunity Notices and assess the NPAs' suitability and capability to perform the defined scope of work; and 2) recommend to the Commission the NPA best suited for the opportunity based on the criteria set forth in the Opportunity Notice and in the best interest of the AbilityOne Program. *Id.* SourceAmerica's administrative record is comprised of the following eight categories of documents: 1) Posting Request and Engagement Documentation; 2) Posting Planning and Drafting Documentation; 3) Opportunity Notice and supplemental documents; 4) Inquiry Response Documentation; 5) Evaluation Documentation; 6) Recommendation Documentation; 7) Debrief Documentation (as applicable); and 8) Appeal Documentation (as applicable). [Dkt. 358-5, ¶7.]

## A. Federal Law Requires SourceAmerica to Protect the Confidential Information Contained in its Administrative Record

Bona Fide's and Lopez's discovery requests in this matter seek, without limitation, SourceAmerica's entire administrative record for each of the AbilityOne Program opportunities at issue in the amended and supplemental complaints. The administrative record is replete with "source selection information" that SourceAmerica is prohibited by law from disclosing, in accordance with 41 U.S.C. § 2102 (a)(3)(A)(ii) & (B); FAR 3.104-4; FAR 15.207(b), *et seq.* [Dkt. 358-5, ¶7.] Accordingly, SourceAmerica protects the proprietary and confidential information of NPAs, including "source selection information," with a high level of confidentiality, and it is not permitted to produce any documents or information that is part of the administrative record without the entry of a protective order first. [*Id.* at ¶10.]

## B. Former Counsel for Bona Fide was Disqualified for Illegal and/or Bad Faith Conduct

In or around 2012, Bona Fide's CEO, Counterdefendant Ruben Lopez ("Lopez") embarked on a coordinated attack on SourceAmerica, presumably because SourceAmerica refused to bypass its recommendation procedures and recommend

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1   Bona Fide to the Commission for certain opportunities for which other NPAs were

2   better suited.[2]  By or before May of 2013, Lopez began conspiring with a disgruntled

3   SourceAmerica employee, then General Counsel and Chief Compliance Officer Jean

4   Robinson ("Robinson").[3]  Lopez has admitted in sworn declarations to recording his

5   conversations with Robinson throughout 2013 and 2014 on more than 20 occasions.

6   [Dkt. 259; 340.]  Those recordings, made without Robinson's knowledge or consent,

7   contained privileged information belonging to SourceAmerica. [Dkt. 336.]

8           SourceAmerica first became aware of these recordings when Bona Fide

9   quoted them in its Amended Complaint.  [Dkt. 128.]  SourceAmerica made

10   numerous requests for the return of all its privileged information in Bona Fide's

11   possession, only to be ignored and/or told falsely by Bona Fide's lead counsel,

12   Daniel Cragg ("Cragg"), that Bona Fide had no such privileged information.  [Dkt.

13   251.] On November 30, 2015, SourceAmerica filed a motion to disqualify Cragg and

14   his law firm, Eckland & Blando LLP, because of the foregoing unethical conduct.

15   [Dkt. 251.]  The motion to disqualify also included a motion for protective order.  On

16   August 16, 2016, Judge Curiel entered an Order granting the motion to disqualify.

17   [Dkt. 336.] The Court found that the Robinson Tapes contained privileged

18   information, that Robinson had no authority to waive the attorney-client privilege,

19   and that SourceAmerica had not waived the privilege.  [*Id.*]  It further concluded that

20   Cragg violated his ethical duties in his handling of the Robinson Tapes by retaining

21   possession of them and failing to seek Court guidance once he knew SourceAmerica

22

23   [2]For example, in May 2012, Lopez threatened SourceAmerica that: "You don't understand what's coming if I don't get this project."  [SourceAmerica's Amended Counterclaims, Dkt.308, p. 9:12-17.]

24   [3]On the recordings, Robinson admits that she was angry with SourceAmerica because she did not get along with certain employees, received negative performance reviews or criticism, and was ultimately terminated.  *See* Dkt. 251, Ex. 3, Declaration of Dennis

25   Fields in Support of Defendant SourceAmerica's *Ex Parte* Motion for Order Shortening Time ("Fields Decl.") ¶11, Ex. F. Throughout Robinson's tenure at

26   SourceAmerica, she was prohibited from disclosing SourceAmerica's privileged and confidential information by a non-disclosure agreement and applicable ethics rules.

27   Fields Decl. ¶¶9-10. Robinson was aware of these obligations, and that she was not authorized to waive the privilege.  [Dkt. 251, Ex.3, ¶11.]

28

- 6 -

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1   contended they contained privileged information and demanded their return.  [*Id.*]

2   The Court further found that Bona Fide might use privileged information from the

3   Robinson Tapes against SourceAmerica in the future.  [*Id.*]  Thus, the Court

4   concluded that disqualification of Cragg and his firm was "necessary to maintain the

5   integrity of the judicial process."  [Dkt. 336 at 24:8.]

6        The Court did not, however, enter a protective order.  Instead, the Court denied

7   that potion of SourceAmerica's motion to disqualify, without prejudice, to enable the

8   parties to agree on a protective order or to allow SourceAmerica to file a new motion

9   with the Court seeking a protective order.  After failing to come to a resolution,

10   despite several months of meeting and conferring with opposing counsel,

11   SourceAmerica filed a motion requesting a protective order. [Dkt. 358-1.]

12   **C. Despite the Parties' Agreement to Supplement Responses**

13   **Following Entry of a Protective Order, Bona Fide Filed this Motion to Compel**

14        SourceAmerica served timely responses to Bona Fide's discovery requests

15   while its motion to disqualify and request for a protective order was pending with this

16   Court.  (Declaration of Matthew P. Nugent in Support of Defendant /Counterclaimant

17   SourceAmerica's Opposition to Bona Fide's Motion to Compel ("Nugent Decl.")

18   ¶3.)  However, SourceAmerica had no choice but to respond to the discovery

19   requests by providing only objections.  As previously explained, Federal law requires

20   SourceAmerica not to produce its administrative record, which contains confidential

21   and sensitive information, absent the entry of an appropriate protective order.

22   (Nugent ¶4)  Further, SourceAmerica had good reason to believe that Bona Fide, or

23   its counsel, disseminated SourceAmerica's privileged and confidential information.

24   Due to Bona Fide's or its counsel's bad faith conduct, SourceAmerica could not

25   provide more than just objections in its responses, without first taking measures to

26   protect its privileged and confidential material from further disclosure.  Such

27   responses were provided with the express understanding that they would be

28   supplemented upon entry of a protective order.  (Nugent Decl. ¶¶4-7, 11, 14, 16, 18.)

1097030/32263823v.2

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    After SourceAmerica provided responses on November 30, 2015,

2    SourceAmerica wrote to Bona Fide explaining that SourceAmerica could not

3    disclose protected information and documents that contain confidential, proprietary,

4    and/or trade secret information until a protective order was entered.  (Nugent Decl.

5    ¶4.)  On both December 10, 2015 and March 4, 2016, counsel for SourceAmerica

6    agreed during telephone conversations with Jared Reams to provide responsive

7    information and documents after the entry of a protective order.  (*Id.* at ¶¶5-7.)

8    SourceAmerica reaffirmed this agreement on October 11, 2016 during a telephone

9    conversation with Bona Fide's current counsel, Andrew Schouten.  (*Id.* at ¶11.)  Mr.

10   Schouten did not raise any objection to that agreement and clearly indicated that he

11   concurred SourceAmerica would not be required to serve supplemental responses to

12   Bona Fide's Interrogatories (Set One) and Requests for Production of Documents

13   (Set One) or produce documents until after entry of a protective order.  (*Id.*)

14   On November 3, 2016, counsel for SourceAmerica contacted Mr. Schouten

15   with respect to his delay in reviewing a proposed protective order, and reminded him

16   that SourceAmerica needed an agreement on its draft protective order "***soon, since***

17   ***SourceAmerica cannot proceed with discovery supplementation or document***

18   ***production until a protective order is in place.***"  (*Id.* at ¶12-13, Ex. B (emphasis

19   added).)  The same day, Mr. Schouten responded that comments would be provided

20   by the next day (though they were not).  (*Id.* at ¶14, Ex. C.)  Mr. Schouten did not

21   express any lack of understanding or disagreement that SourceAmerica's discovery

22   supplementation and document production could not occur until the Court entered a

23   protective order.  (*Id.*)  Further, during an in-person meeting on February 8, 2017,

24   Mr. Schouten expressly reaffirmed that both parties would mutually produce

25   documents following the entry of a protective order.  (*Id.* at ¶18.)  Nevertheless, Bona

26   Fide brought this motion despite knowing that the Court has not even heard oral

27

28

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

1097030/32263823v.2

arguments on the pending motions for a protective order.[4]

## III.   **ARGUMENT**

### A.   **Plaintiff's Motion to Compel is Procedurally Invalid and Should Be Denied**

Plaintiff's motion is procedurally invalid in multiple ways.  First, Plaintiff failed to meet and confer prior to filing this motion to compel.  Second, Plaintiff failed to inform the Court of the parties' longstanding agreement to provide further discovery responses and to engage in simultaneous document production following the Court's entry of a protective order.  By filing this motion to compel, despite knowing that SourceAmerica had already agreed to produce the documents and information sought upon the entry of a protective order, Plaintiff utterly fails to comply with Local Rule 26.1.  Third, Plaintiff's motion is untimely in violation of Local Civil Rule 7.1(e)(1) with less than the required 28 days' notice to SourceAmerica.

### 1.   *Plaintiff Failed to Meet and Confer as to Interrogatories, (Set One) and Requests for Production (Set One)*

Parties are required to meet and confer prior to filing motions to compel to narrow the issues brought before the Court to specific genuine issues that cannot be resolved without judicial intervention.  Fed. R. Civ. P. 37(a)(1).  A "failure to meet and confer is grounds for denial of the motion to compel."  *Heilman v. Silva*, No. 13CV2984-JLS-MDD, 2015 WL 1632693, at *2 (S.D. Cal. Apr. 13, 2015) (denying a motion to compel based on Plaintiff's failure to meet and confer with Defendant in good faith).  Civil Local Rule 26.1 (a) requires parties to meet and confer in good faith and in person, provided that the parties are in the same county.

As to SourceAmerica's responses to Bona Fide's Interrogatories, Set One, and Requests for Production, Set One, the only meet and confer effort that

---

[4] In light of the filing of this motion to compel, SourceAmerica intends to serve redacted supplemental responses to Bona Fide's Interrogatories (Set One) and Requests for Production of Document (Set One), and will then supplement further with unredacted responses after entry of a protective order.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    Plaintiff's motion identifies are two phone calls occurring on December 10, 2015

2    and March 4, 2016, more than a year ago, with disqualified former counsel.  [Dkt.

3    378-1, 2-3.]  Even more troubling, Plaintiff's motion and Jared Reams' declaration

4    misrepresent the parties' communications.  Plaintiff's motion and Mr. Reams'

5    declaration state that counsel for SourceAmerica agreed to produce further

6    responses within one to two weeks of the Court's order on the motion to disqualify.

7    (*Id.* at 3:9-10; *see also* Reams Decl. p. 1, lns. 26-27.)  However, this agreement

8    never existed.  As the confirming letter sent after the March 4, 2016 telephone call

9    shows, the agreement was to extend the deadline *to file a motion to compel* until

10    two weeks after the Court's order on the motion to disqualify, not to serve

11    supplemental discovery responses.  (Nugent Decl. ¶6, Ex. A.)  Moreover, the

12    parties also agreed to engage in further meet and confer efforts before filing any

13    motions to compel.  (*Id.* at ¶8.)  Therefore, Bona Fide fails to carry its burden to

14    show that it met and conferred in good faith prior to filing the present motion.

15        Since those two phone calls over a year ago, the parties have not engaged in

16    any further substantive discussion of SourceAmerica's responses to Interrogatories

17    (Set One) and Requests for Production (Set One).  (Nugent Decl. ¶20.)  Pursuant to

18    Civil Local Rule 26.1 (a), SourceAmerica participated in three in-person discovery

19    meet-and-confer conferences with Plaintiff in 2017 alone, for approximately six

20    hours or more.  (Nugent Decl. ¶¶ 17-18; Declaration of Emily S. Skrdla in Support

21    of Defendant /Counterclaimant SourceAmerica's Opposition to Bona Fide's

22    Motion to Compel ("Skrdla Decl.") ¶¶ 2-3; Declaration of Joseph W. Goodman in

23    Support of Defendant /Counterclaimant SourceAmerica's Opposition to Bona

24    Fide's Motion to Compel ("Goodman Decl.") ¶6.)  Plaintiff's counsel did not raise

25    any issue with respect to SourceAmerica's responses to Bona Fide's

26    Interrogatories, Set One, or Requests for Production, Set One, *even a single time.*

27    (Nugent Decl., ¶20; Skrdla Decl., ¶5; Goodman Decl., ¶8.)

28        It is well-established that the Court may deny a motion to compel outright,

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1  pursuant to Local Rule 26.1 and Federal Rule of Civil Procedure 37(a)(1), when

2  the movant failed to meet and confer in good faith.  *See Rogers v. Giurbino*, 288

3  F.R.D. 469, 477 (S.D. Cal. 2012) (noting "[a] court can deny a motion to compel

4  solely because of a party's failure to meet and confer prior to filing the motion");

5  *Shaw v. County of San Diego*, No. 06-CV-2680-IEG (POR), 2008 U.S. Dist.

6  LEXIS 80508 at *3-4 (S.D. Cal. Oct. 9, 2008) (denying motion to compel based

7  upon a failure to meet and confer); *Heilman v. Silva*, No. 13cv2984-JLS-MDD,

8  2015 U.S. Dist. LEXIS 48353 (S.D. Cal. Apr. 13, 2015) (denying motion to

9  compel based upon a failure to meet and confer in good faith).  Plaintiff has had

10  ample opportunity to discuss the discovery issues presented in this motion with

11  SourceAmerica, which could have been resolved without the Court's intervention.

12  Plaintiff's reliance on only two telephone calls, from 2015 and early 2016,

13  does not present sufficient evidence to show Plaintiff met its burden to meet and

14  confer prior to filing its motion to compel.  Further, Plaintiff never made any effort

15  to raise any issue with respect to SourceAmerica's responses to Bona Fide's

16  Interrogatories, Set One, or Requests for Production, Set One, despite meeting in-

17  person with SourceAmerica on three separate occasions in 2017.  Because Plaintiff

18  has failed to meet and confer in good faith, this Court must deny Plaintiff's motion.

19       2.    *Because the Parties Agreed to Simultaneously Produce*
20            *Documents Following the Court's Entry of a Protective Order*
             *Bona Fide's Motion to Compel is Premature and Must be*
21            *Denied*

22  Even if the Court accepts Plaintiff's deficient meet and confer efforts as to its

23  Interrogatories, Set One, and Requests for Production, Set One, the motion is

24  unnecessary and premature as to every discovery response it seeks.  As previously

25  explained, the parties had a longstanding agreement to provide further discovery

26  responses and to engage in simultaneous document production after the Court entered

27  a protective order.  Following the Court's order disqualifying Bona Fide's counsel,

28  SourceAmerica met and conferred with Bona Fide to agree on a protective order.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1   SourceAmerica's original meet and confer letter on December 4, 2015

2   explained to Bona Fide that it sought a protective order permitting SourceAmerica to

3   produce documents on an attorneys' eyes only basis.[5]  Plaintiff's motion now seeks

4   unnecessary judicial intervention. Plaintiff agreed that SourceAmerica would

5   produce documents and supplement discovery only after the entry of a protective

6   order.  (Nugent Decl. ¶¶5-7, 11, 13, 15-16, 18, & Exs. A, B, C, D, E.; Skrdla Decl.

7   ¶3)  This agreement would have allowed SourceAmerica to supplement its responses

8   with complete and unredacted answers, rather than serving redacted responses and

9   then supplementing later.  Because this Court has not yet entered a protective order,

10   and Plaintiff agreed that SourceAmerica could supplement its responses upon entry

11   of a protective order, Bona Fide's motion to compel is premature, is a waste of the

12   Court's time and resources, and must be denied.

13   3.   *Plaintiff's Motion Did Not Provide SourceAmerica with 28 days' Notice, as Required by the Local Rules*

14

15   Motions "require a minimum filing date of twenty-eight (28) days prior to the

16   date for which the matter is noticed."  Local Civil Rule 7.1(e)(1).  This motion was

17   noticed for April 17, 2017.  Therefore, the motion must have been filed no later than

18   March 20, 2017.  The motion was not filed until late evening on March 21, 2017.

19   Plaintiff did not apply for an order shortening time.  Therefore, the motion is

20   untimely and should be denied.

21

22

23

24   _____
[5] As that letter notes, both disqualified former counsel and Plaintiff have improperly

25   disclosed SourceAmerica's confidential attorney-client privileged information publicly, and parties may refuse production until a productive order is entered.  *See*

26   *Laine v. Wells Fargo Bank, N.A.*, No. C 13-04109 SI, 2014 U.S. Dist. LEXIS 124065, *5-8 (N.D. Cal. Sept. 4, 2014) (rejecting argument that a party must obtain a protective

27   order before the time to respond to discovery requests).  However, despite various meet and confer efforts regarding a protective order, the parties have not reached an

28   agreement.  SourceAmerica and Bona Fide have filed cross motions for a protective order pending before this Court.

- 12 -

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### B.   Bona Fide Failed to Establish That its Interrogatories and Requests for Production Seek Relevant Information

Bona Fide's cursory discussion of nearly 70 discovery requests does not establish that the requests seek relevant information.  Bona Fide has the burden to establish that the requests at issue seek relevant information and documents and Bona Fide's failure to meet that burden warrants denial of this motion.  Fed. R. Civ. P. 26 (b)(1); *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, at *3 (S.D. Cal. May 14, 2009).  Bona Fide continuously misrepresents what the actual requests seek to rewrite them to appear more reasonably tailored to the needs of the case.  For example, Bona Fide claims that RFP No. 11 seeks "documents or information related to SourceAmerica's role in the AbilityOne Program and its decisions regarding twelve Program opportunities alleged in Bona Fide's breach of contract claim and defenses to SourceAmerica's counterclaims."  [Dkt. 378-1, 11:4-7.]  It does nothing of the sort.  Rather, RFP No. 11 seeks "All DOCUMENTS relating to ABILITYONE CONTRACT performance by any and all DEFENDANTS."  It is not limited to twelve program opportunities, it is not limited by time, and it is not limited to SourceAmerica.  The request's scope includes defendants that are no longer part of this case, contracts that have never been at issue, and periods of time that have nothing to do with any allegation in this matter.  The request seeks information that is not relevant under any standard.

Similarly, Bona Fide claims that RFP No. 18 seeks "communications among SourceAmerica's agents, officers, or directors, and with the AbilityOne Commission, related to the Program and to the same twelve Program opportunities."  [Dkt. 378-1, p. 11, lns. 10-12.]  Again, it does nothing of the sort.  In fact, RFP No. 18 seeks "All DOCUMENTS containing, compromising, or evidencing COMMUNICATION with John Murphy for the past 10 years."  On its face, the request would encompass every written communication John Murphy has sent to or received from any person for an

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    entire decade.  The request is not limited to communications between John Murphy

2    and a specific person, communications regarding any of the facts at issue in this case,

3    or even communications sent or received in a professional capacity.  The request

4    would include every text message John Murphy sent to his family, every spam email

5    he received, and even any document that memorializes any conversation he had for

6    an entire decade. The request seeks information that is patently not relevant.

7         Bona Fide similarly misrepresents many of its discovery requests in its motion

8    to compel, as though the requests seek relevant information, when they actually seek

9    an impossibly broad scope of documents or information that is not relevant to this

10   case.  Because Bona Fide has failed to establish that the requests seek relevant

11   information, the Court should deny its motion to compel.

12        **C.    Bona Fide's Interrogatories and Requests for Production Are**
           **Overbroad and Burdensome**
13

14        Bona Fide argues that SourceAmerica has made no showing to establish that

15   the requests are overbroad and burdensome.  As an initial matter, it is unclear how

16   Bona Fide expects a non-moving party to make a showing before it has filed its

17   opposition.  Further, SourceAmerica never had an opportunity to explain the specific

18   basis of each of its objections, because Bona Fide failed to meet and confer.

19        Nonetheless, as discussed above with respect to relevance, many of the

20   requests seek a staggering number of documents.  Most requests are not limited by

21   time in any way, and the few that are seek a decade's worth of documents.  A request

22   spanning back ten years is, at a minimum, of questionable relevance, as the parties

23   entered into a settlement agreement on July 27, 2012 that released any claims that

24   arose prior to that date.  As such, the requests are overbroad as to time, and Bona

25   Fide has never offered to limit the requests.  (Nugent Decl. ¶20.)

26        Further, the requests also seek a shockingly large volume of documents that

27   would take an enormous amount of resources to collect and produce.  For example,

28   in addition to the specific requests previously addressed, RFP Nos. 11 & 12 seek

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

1097030/32263823v.2

1   documents relating to AbilityOne Contract performance and staffing by "any and all

2   Defendants."  There are twelve defendants named in the First Amended Complaint,

3   including the National Council of SourceAmerica Employers ("NCSE"). The NCSE

4   is a membership network of approximately 350-400 non-profit agencies.

5   (Declaration of Chris Wilkie in Support of Defendant SourceAmerica's Opposition

6   to Bona Fide's Motion to Compel ("Wilkie Decl."), ¶7.) To respond to the request,

7   SourceAmerica would have to produce almost every document related to every

8   AbilityOne contract.  (*Id.*)  This request would take months to respond to and would

9   require SourceAmerica to collect over a million documents from seven field offices

10  across the country.  (*Id.*) SourceAmerica would also need to ask each field office to

11  task someone with searching through all hard copy files.  (*Id.*)  Further, once the

12  documents are collected, it would take months to determine which documents are

13  responsive to the two requests.  (*Id.*)[6]  Similar to many of the other requests, the

14  request is hopelessly overbroad on its face and burdensome in its application.

### D.   Because Bona Fide Failed to Inform the Court Why Each of SourceAmerica's  Objection Are Not Justified, the Court Must Deny Bona Fide's Motion to Compel

18        Even if the Court finds that some of the requests seek relevant information,

19  and are not overbroad and burdensome, SourceAmerica has made additional

20  objections to each request setting out the legal grounds for why the requests are

21  improper.  Bona Fide's choice to file a consolidated motion for nearly 70 discovery

22  requests necessarily prevents SourceAmerica from undertaking a detailed

23  individualized explanation of each objection to each request. On a motion to compel,

24  the movant "bears the burden of informing the court of  . . . (4) why defendants'

---

[6] Many of the other requests are similarly overbroad and burdensome.  (Wilkie Decl. ¶¶5, 8-10.)  Bona Fide's belated offer noting that it "is willing to narrow its requests to reduce the burden and cost to SourceAmerica" is improper at this stage and should have been raised in a meet and confer effort.  [Dkt. 378-1, p. 19, lns. 27-28.]  Parties cannot purposefully craft broad requests in the hopes that a court will later rewrite the request and compel a response.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1   objections are not justified." *Reece v. Sisto*, No. 2:10-cv-0203-JAM-EFB, 2017 U.S.

2   Dist. LEXIS 6403 at *2 (E.D. Cal. Jan. 17, 2017); *Valenzuela v. City of Calexico*, No.

3   14-cv-381-BAS-PCL, 2015 U.S. Dist. LEXIS 26566 at *1 (S.D. Cal. Mar. 4, 2015)

4   (stating "the moving party carries the burden of informing the court . . . the reasons

5   defendants' objections are without merit").  If the moving party fails to explain why

6   the objections are not justified, a court cannot grant the motion to compel.

7   *Valenzuela*, 2015 U.S. Dist. LEXIS 26566 at *1.  Here, Bona Fide has made

8   conclusory statements regarding each of SourceAmerica's objections, thereby failing

9   to specifically inform the Court why the objections lack merit.  Therefore, Bona Fide

10   has failed to carry its burden, and the Court cannot grant its motion to compel.[7]

###   E.   Bona Fide's Interrogatories and Requests for Production Seek Information and Documents that are Confidential, Proprietary, and/or Trade Secrets

Bona Fide's motion to compel inexplicably claims that SourceAmerica has

failed to "establish that responsive documents contain confidential information or

that disclosure would cause [SourceAmerica] harm."  [Dkt. 378-1, 23:7-8.]

However, less than two sentences later, Bona Fide then admits that these discovery

requests seek confidential, proprietary, and/or trade secret information.  [*Id.* at lns.

12-13.]  In fact, Bona Fide also requested that this Court enter a protective order with

respect to the information and documents sought by Bona Fide's RFP Nos. 3-7, 24-

25, and 42 and Interrogatory Nos. 1-19.  [Dkt. 360-1, Plaintiff's Motion for

Protective Order, 4:25-26.].  Bona Fide's claim that the requests do not require the

disclosure of confidential information is self-contradicting.

In addition, Bona Fide's arguments lack merit.  Bona Fide's discovery requests

plainly seek protected confidential, proprietary, and/or trade secret information and

---

[7] However, even if the Court proceeds to the merits of each objection, SourceAmerica's objections are valid and should be sustained.  In the event the Court determines the meet and confer effort was sufficient, and finds that Bona Fide established relevance in respect to its discovery requests, SourceAmerica would welcome the opportunity to file a supplemental brief addressing each objection to each request individually.

- 16 -

1097030/32263823v.2

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1    documents.[8]  As SourceAmerica's Motion for Protective Order explains, Bona Fide's

2    discovery requests primarily seek information and documents from SourceAmerica's

3    administrative record for the approximately 18 AbilityOne Program opportunities at

4    issue in Bona Fide's amended and supplemental complaints.  [Dkt. 358-1.]  These

5    documents and information fit squarely within the statutory definition of "source

6    selection information" that SourceAmerica is legally obligated to protect from

7    improper disclosure, and which Bona Fide and Lopez are specifically prohibited by

8    law from directly receiving.  Federal Acquisition Regulation § 2.101.  Further,

9    because Bona Fide, Lopez, and their disqualified former counsel engaged in a pattern

10   of illegal and unethical conduct, SourceAmerica has sought a protective order that

11   allows the parties to designate documents and information as "Confidential AEO

12   Information" (i.e., Attorney Eyes Only).  [Dkt. 358-1.]

13        SourceAmerica has also shown that disclosure of the protected documents

14   would cause substantial harm.  [Dkt. 358-5, Declaration of Chris Wilkie in Support

15   of SourceAmerica's Motion for Protective Order.]   If Bona Fide and Lopez were to

16   gain direct access to "source selection information" of other NPAs, then Bona Fide

17   and Lopez would have a significant and unfair advantage in responding to future

18   Opportunity Notices.  [*Id.* at 6.]  Further, if SourceAmerica permitted access by Bona

19   Fide and Lopez to other NPAs' Opportunity Notice responses and documents,

20   SourceAmerica would be in breach of its legal obligations and would rob NPAs of

21   their legitimate expectation of confidentiality.  [*Id.* at 6-7.]  In the future, such

22   disclosure could have a chilling effect that would discourage submission by NPAs of

23   certain proprietary information for the fear that it could be disclosed publicly and/or

24   to other NPAs.  [*Id.* at 7.]  Without the benefit of detailed proposals, the entire

25   AbilityOne Program would suffer because SourceAmerica would not have access to

26   the best information to make recommendations and evaluations.  [*Id.*]

27   _____

28   [8] As explained above, SourceAmerica has agreed to produce the information and
     documents that Bona Fide seeks, following entry of a protective order.

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

In sum, Bona Fide admits the discovery requests seek confidential, proprietary, and/or trade secret information and documents.  SourceAmerica has extensively briefed the Court as to why the information and documents are confidential, proprietary, and/or contain trade secrets in its Motion for Protective Order.  [Dkt. 358-1.]  Thus, disclosure of the information and documents to Bona Fide and Lopez would result in substantial harm to SourceAmerica, NPAs, and the AbilityOne Program.  Because SourceAmerica has already agreed to produce the information and documents following the entry of a protective order, which would protect the confidential and proprietary information, this Court should deny Bona Fide's motion.

**F.      Bona Fide's Interrogatories and Requests for Production Seek Information and Documents Protected by Attorney-Client Privilege and SourceAmerica's Decision Not to Produce a Privilege Log Until the Entry of a Protective Order Does Not Waive the Privilege**

In addition to the numerous issues with the requests discussed above, the requests also blatantly seek information and documents protected by the attorney-client privilege and/or the attorney work product doctrine.  Bona Fide claims that SourceAmerica must describe the withheld material to allow Bona Fide to assess the objection, but the requests unambiguously seek privileged documents. [9]  No privilege log is required when the requests are so poorly crafted and so obviously seek privileged documents.  *Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Meyer v. Colavita*, No. SACV 11-00696-AG (MLGx), 2011 U.S. Dist. LEXIS 65091 at *11-12 (C.D. Cal. June 17, 2011) (concluding that a finding of waiver is inappropriate when the requested documents "constitute classic work product" even when no privilege log was produced).

---

[9] The purpose of a privilege log is to allow the requesting party to evaluate the applicability of the claimed privilege or protection.  *Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149; Fed. R. Civ. P. 26 (b)(5)(A)(ii).  Therefore, when the claimed privilege is applicable on its face, no privilege log is necessary to further the purpose of Federal Rule of Civil Procedure 26.

- 18 -

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    For example, RFP No. 37 seeks "All DOCUMENTS relating to YOUR

2    settlement agreement in the case of SourceAmerica v. Jean Robinson, including, but

3    not limited to the final settlement agreement, drafts, and related correspondence."

4    The request, on its face, seeks privileged documents.  An attorney's correspondence

5    related to a draft of a settlement agreement in a different matter would never be

6    subject to discovery in this case.  There is no reason to force SourceAmerica to

7    produce a privilege log when all parties can assess the validity of the objection

8    looking solely at the request.[10]

9    Similarly, RFP No. 2 seeks "All DOCUMENTS relied on, consulted, or

10   reviewed by SourceAmerica in preparing its Responses to Plaintiff's Interrogatories

11   in this matter."  Again, the request seeks privileged information on its face.  There is

12   no possible response to the request that would not reveal what documents

13   SourceAmerica's attorneys relied on, consulted, or reviewed in preparing discovery

14   responses.  As the Supreme Court has explained, the attorney work-product doctrine

15   was created to protect an attorney's evaluation and strategy about a case.  *Hickman v.*

16   *Taylor*, 329 U.S. 495, 510-11 (1947).  If this Court compelled SourceAmerica's

17   attorneys to reveal what they considered in deciding how to respond to a request, it

18   would reveal the attorneys' view of the case.  *Dir., Office of Thrift Supervision v.*

19   *Vinson & Elkins, LLP*, 124 F.3d 1304, 1308 (D.C. Cir. 1997).

20   Bona Fide also argues that SourceAmerica has waived its asserted privileges

21   by not serving a privilege log with the responses.  Bona Fide notes that the Ninth

22   Circuit requires courts to examine multiple factors "applied in the context of a

23   holistic reasonableness analysis" when determining whether a privilege is waived if a

24   privilege log is not produced.  *Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct.*, 408

25   F.3d 1142, 1149 (9th Cir. 2005).  However, Bona Fide only discusses timing.  [Dkt.

26

27   [10] A privilege log is also not necessary in response to this request because all
     responsive documents would also have been created after June 19, 2014.  As quoted
28   below, the parties have stipulated in their joint discovery plan that no privilege log is
     necessary for documents created by legal counsel after that date.

- 19 -

378-1, 21-22.][11]  As described in SourceAmerica's motion for protective order, SourceAmerica has sought a stipulated protective order for months.  [Dkt. 358-1.] SourceAmerica has not yet produced a privilege log in accordance with its agreement that the parties would not produce documents until the Court entered a protective order.  (Nugent Decl. ¶¶ 12-15, 19.)   Plaintiff fails to cite to any case, and SourceAmerica is aware of none, finding that a party waived its privilege objections by not producing a privilege log before the date that the parties agreed to produce documents and supplemental responses.  Further, the parties' joint discovery plan does not include any deadline for producing a privilege log.  Bona Fide and Lopez have not provided SourceAmerica with a privilege log, a point conspicuously absent in its motion to compel, despite asserting privilege objections in their own responses to SourceAmerica's requests for production.  (Nugent Decl. ¶21)

The other factors considered by the Ninth Circuit when determining if a privilege is waived when a privilege log is not produced, such as the magnitude of the document production, weigh heavily in favor of SourceAmerica.  Bona Fide's requests are so broad that in some cases it is difficult to determine the universe of documents the request encompasses.  As discussed above, some of the requests seek a decade of communications between third parties that SourceAmerica may not even be aware of, but would have to ask every single employee to search for to provide a response.  As a practical matter, a party cannot create a privilege log until it can ascertain what documents are at issue.  A finding of waiver in response to voluminous and vague discovery requests would create the exact danger that the

---

[11] In Bona Fide's limited discussion of that single factor, Bona Fide ignores that SourceAmerica has not yet provided a privilege log because Bona Fide's requests are manifestly overly broad, unduly burdensome and need to be narrowed to a reasonable scope before SourceAmerica can provide a response.  Bona Fide's own motion belatedly, and for the first time, offers "to narrow its requests to reduce the burden and cost to SourceAmerica," yet such an offer was never made in any meet and confer effort. [Dkt. 378-1, p. 19, lns. 27-28.] Further, SourceAmerica's delay in providing a privilege log is directly attributable to the delay caused by Bona Fide's refusal to stipulate to a reasonable protective order.  (Nugent Decl. ¶¶ 12-15, 19.)

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1097030/32263823v.2

Ninth Circuit warned of when crafting the waiver rule. *Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct.,* 408 F.3d 1142, 1149 n.3 (9th Cir. 2005).

In *Burlington Northern*, the Ninth Circuit noted that "we are aware (and take this opportunity to make district courts aware) that litigants seeking discovery may attempt to abuse the rule we announce today by propounding exhaustive and simultaneous discovery requests"). *Id.* The Ninth Circuit recommended that a responding party, faced with such a potential harm, should "either secure an appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order." *Id.* SourceAmerica did exactly that. SourceAmerica sought a protective order by filing its *Ex Parte* Motion to Disqualify Plaintiff's Counsel, (2) To Revoke PHV of Daniel J. Cragg' (3) For Protective Order; and (4) For Expedited Discovery.  [Dkt. 251.][12]

Finally, Bona Fide conspicuously fails to note that the parties' Joint Discovery Plan states no privilege log is necessary for documents created after June 19, 2014:

> The parties agree that written communications between clients and their respective counsel in this case created after June 19, 2014, need not be identified on a Privilege Log.  Similarly, the parties agree that documents created by legal counsel for the parties after June 19, 2014, on which a claim of attorney work-product protection is made, need not be identified on a Privilege Log.
> The parties intend to enter into a stipulation and protective order regarding confidentiality of documents to be produced in this matter.
> The Parties agree that privileged attorney-client communications generated after the lawsuit filing date need not be included on a privilege log.  The Parties agree that protected work-product generated after the lawsuit filing date need not be included on a privilege log.

(Joint Discovery Plan, pp. 29-30, lns. 19-2.)  Further, Bona Fide's suggestion that SourceAmerica has waived its asserted privileges in this case due to delay in producing a privilege log smacks of hypocrisy.  SourceAmerica asserted a timely

_____

[12] The motion, as to the protective order, was denied without prejudice because the Court ruled that the motion should be first presented to the Magistrate Judge.  After Bona Fide's former counsel was disqualified, SourceAmerica sought to reach a stipulated protective order with Bona Fide's current counsel.  The parties were unable to reach an agreement and both parties filed motions for a protective order.  [Dkt. 358 & 360.]

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1097030/32263823v.2

objection to each of the requests and has only delayed in serving a privilege log because of Bona Fide's consistent delay in stipulating to a protective order. Bona Fide has never requested that SourceAmerica serve a privilege log in advance of the entry of the protective order, despite numerous opportunities to do so. (Nugent Decl. ¶21) Bona Fide's own failure to produce a privilege log evidences the parties' joint agreement to engage in a simultaneous exchange of document productions and privilege logs following entry of a protective order. SourceAmerica has agreed to serve a privilege log following entry of a protective order and intends to do so.

### G. Magistrate Judge Bartick Already Ruled That SourceAmerica Sufficiently Responded to Bona Fide's Interrogatories, Set Two, and Requests for Production, Set Three

Bona Fide's motion misconstrues the plain text of Magistrate Judge Bartick's order to avoid filing a motion for reconsideration. Bona Fide served Interrogatories, Set Two, and Requests for Production, Set Three, on July 13, 2016. The requests seek information and documents related to potential waivers of privilege made by SourceAmerica to the U.S. Attorney's Office in the Eastern District of Virginia. [Dkt. 331, p. 2, lns. 6-8.] Bona Fide then sought an order from Magistrate Judge Bartick seeking expedited discovery on the requests. [Dkt. 324.] However, SourceAmerica filed supplemental disclosures that, as Magistrate Judge Bartick noted in the Court's order, "set forth two tables explicitly identifying which portions of the Robinson Tapes had been produced, and which portions had been redacted prior to production." [Dkt. 331.] Therefore, the Court denied Bona Fide's request as moot. [*Id.*]

Magistrate Judge Bartick explicitly noted that, "The Court 'reviewed Defendant's Supplemental Disclosures and July 13, 2016 Letter to Plaintiff's counsel, and finds that Defendant has provided Plaintiff and the Court with sufficient information about the disclosures Defendant made to the U.S. Attorney's Office'."

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1097030/32263823v.2

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1   [*Id.*][13] In its limited meet and confer for these two sets of discovery, Bona Fide has

2   never clearly articulated what additional response it expects.  (Goodman Decl. ¶7.)

3          Bona Fide now seeks to compel answers to requests that the Court already

4   determined were answered sufficiently.  This approach is improper and disregards the

5   Court's previous order.  Bona Fide's remedy was to file a motion for reconsideration,

6   not delay nearly a year and then file a motion to compel.  Local Civil Rule 7.1(i).

7   Bona Fide's motion to compel disregards Magistrate Judge Bartick's previous

8   order.[14]  Therefore, the motion is improper and this Court should deny the motion.

9          **H.     The Court Should Award SourceAmerica its Reasonable
          Attorney's Fees**

10

11         Bona Fide's motion violates both the Federal Rules of Civil Procedure and the

12   Local Civil Rules.  Bona Fide's motion to compel is not substantially justified as it is

13   procedurally defective, lacks merit, and seeks to compel responses that

14   SourceAmerica has already agreed to produce upon the entry of a protective order.

15   Even more egregiously, the motion also seeks to compel further responses to requests

16   that the Court has already ruled are moot and will not reconsider.  The present motion

17   is a waste of judicial resources because because both parties have agreed to produce

18   documents and information upon the entry of a protective order.  Because Bona Fide

19   lacks substantial justification for its position, the Court must award the responding

20   party reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B);

21   *see, e.g.*, *Brandon v. D.R. Horton, Inc.*, No. 07cv1256 J (POR), 2008 U.S. Dist.

22   LEXIS 40000 at * 6 (S.D. Cal. May 16, 2008) (affirming a magistrate judge's award

23   of attorney's fees to a defendant following successful opposition of a motion to

24   ────────────────────

25   [13] Magistrate Judge Bartick also noted that "the information Plantiff seeks about
     Defendant's subsequent disclosures to the U.S. Attorney's Office is of questionable

26   relevance to the pending Objections."  Bona Fide failed to establish that the subsequent
     disclosures were relevant to the pending Objections then, and still fails to establish that

27   the subsequent disclosures are relevant to this case now.
     [14] Further, when this case was reassigned to Magistrate Judge Schopler, this Court

28   explicitly stated that the reassignment "is not to be viewed as an opportunity to seek
     reconsideration of previous adverse rulings."  [Dkt 354, 3:1-2.]

DEFENDANT SOURCEAMERICA'S OPPOSITION TO BONA FIDE'S MOTION TO COMPEL
Case No.: 3:14-cv-00751-GPC-(AGS)

compel).  SourceAmerica's attorneys have incurred $10,156.50 in attorney's fees in conjunction with the preparation of SourceAmerica's Opposition to the pending motion.  (Nugent Decl. ¶23.)

## I.  Bona Fide is Not Entitled to Recover Costs and Expenses, Including Attorney's Fees

Alternatively, should the Court grant Bona Fide's motion, an award of costs and expenses is inappropriate.  An award of fees is inappropriate when the moving party failed to meet and confer in good faith prior to filing a motion to compel.  Fed. R. Civ. P. 37(a)(5)(A)(i); *Board of Trustees of Leland Standford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (denying award of fees because the moving party failed to meet and confer in good faith).  As discussed above, Bona Fide failed to meet and confer as required prior to filing the present motion.  (Nugent Decl., ¶20; Skrdla Decl., ¶5; Goodman Decl., ¶8.)  Therefore, costs and expenses, including attorney's fees, incurred in bringing the present motion are not recoverable.

An award of costs and fees is also inappropriate when the respondent's position is substantially justified.  Fed. R. Civ. P. 37(a)(5)(A)(ii).  A position is substantially justified when reasonable people could differ on whether the respondent's position was appropriate.  *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015); *Aevoe Corp. v. AE Tech Co., LTD.*, No. 2:12-cv-00053-GMN-NJK, 2013 U.S. Dist. LEXIS 135755 at *7-11 (D. Nev. Sept. 20, 2013).

Here, SourceAmerica reasonably relied on repeated agreements to serve supplemental responses and produce responsive documents following entry of a protective order.  SourceAmerica maintains that, in accordance with its agreement with Bona Fide, it will produce all protected confidential, proprietary, and/or trade secret information and documents upon the entry of a protective order.  Moreover, SourceAmerica was substantially justified in declining to respond further to Bona Fide's Interrogatories (Set Two) and Requests for Production (Set Three) based on an order from this Court stating that no such response was necessary and this Court's

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

1097030/32263823v.2

order stating that it would not reconsider previous adverse rulings. Because SourceAmerica acted reasonably and with substantial justification, the Court should not award Bona Fide its costs and expenses.

## IV.   <u>CONCLUSION</u>

In light of the foregoing, SourceAmerica respectfully requests that this Court deny Plaintiff's Motion to Compel in its entirety and award SourceAmerica its reasonable attorney's fees incurred in preparing its Opposition to Plaintiffs' unnecessary, procedurally invalid, and frivolous motion.

Dated: April 3, 2017         GORDON & REES LLP


By:   _/s/ Matthew P. Nugent_
Matthew P. Nugent
mnugent@gordonrees.com

_Attorneys for SourceAmerica_

**Gordon & Rees LLP**
**101 W. Broadway**
**Suite 2000**
**San Diego, CA  92101**

1097030/32263823v.2