UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERICA, et al., <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS | Case No.: 14cv0751 GPC (AGS) <br><br> **PROTECTIVE ORDER** |

The Court recognizes that the parties to this action may be required to produce or disclose documents and information through discovery that is normally kept confidential. The parties have agreed to be bound by the terms of this Protective Order Regarding Confidential Information ("Protective Order") in this action.

The documents and information to be exchanged throughout the course of the litigation between the parties may contain sensitive and confidential financial and business information and other sensitive, confidential, proprietary, personal, or trade secret information, meriting legal protection from disclosure under Federal Rule of Civil Procedure 26(c)(1)(G) and other applicable statutory and common law. The

purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## 1. DEFINITIONS.

The following definitions shall apply to this Protective Order:

a. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action or from any other action consolidated at any time under the above-captioned matter, through final judgment.

b. "Materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

c. "Confidential Document" shall mean any Materials that any Designating Party (as defined below) designates as "Confidential" or "Confidential – For Counsel Only" in the manner set forth in this Protective Order; provided, however, that by agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any Materials as "Confidential" or "Confidential – For Counsel Only."

d. "Confidential Information" shall mean any information not made available to the general public that concerns or relates to trade secret, business, financial, and/or personal information.

e. "Designating Party" shall mean any party in this Action designating information or Material as "Confidential" or "Confidential – For Counsel Only."

f. "Receiving Party" shall mean any party in this Action receiving Confidential Documents or Confidential Information of a Designating Party.

g. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Confidential – For Counsel Only," or other appropriate term or terms identifying the level of confidentiality of the Materials.

h. When reference is made in this Protective Order to any document, the singular shall include the plural, and plural shall include the singular.

**2. DESIGNATION OF DOCUMENTS**

a. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "Confidential" or "Confidential – For Counsel Only."

b. The Designating Party may designate a document as "Confidential" or "Confidential – For Counsel Only" by affixing the appropriate Legend to all copies of the document at the time of production. Except as provided herein, the Designating Party must make document designations at the time of production or within fourteen (14) days of the entry of this Protective Order, whichever is later.

c. A party may designate as "Confidential" or "Confidential – For Counsel Only" a document produced by someone else by informing in writing all parties of the control number of such document within seven (7) days of that party's receipt of the document or within fourteen (14) of the entry of this Protective Order, whichever is later.

d. All parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such document in their possession.

e. Any party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" or "Confidential – For Counsel Only" by:

    i. Making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or

    ii. Informing counsel for all other parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

f. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party, the Designating Party will have the right to exclude from attendance at the deposition:

    i. Any person other than those persons identified in paragraph 3(b), below, during the time such "Confidential" information is to be disclosed,.

    ii. Any person other than those persons identified in paragraph 3(c), below, during the time such "Confidential – For Counsel Only" information is to be disclosed.

## 3. PROVISIONS AND LIMITATIONS OF USE

a. All Confidential Documents and Confidential Information in this Action shall be used by the Receiving Party solely for purposes of the prosecution, defense, or settlement of this Action, including, without limitation, discovery, motions, briefs, and preparation for trial, and for no other purpose, except as otherwise stated within this Protective Order. This Protective Order does not necessarily permit the use of Confidential Documents or Confidential Information at trial. At the time of preparing a joint exhibit list, the parties shall fashion an order governing the use of Confidential

Documents and Confidential Information at trial, and, if necessary, shall bring any disputes to the Court for resolution.

      b.      Unless the Designating Party agrees otherwise, and subject to the provisions of Sections 4 and 10 below, documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) designated counsel of record and employees of designated counsel of record; (iii) in-house counsel for a party and in-house counsel staff working on this litigation; (iv) the parties to this Action, including any current employees, officials or agents of such parties; (v) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial; (vi) stenographic reporters who are involved in depositions or any Court hearings or proceedings; (vii) any originator, author, or recipient of the Confidential Document and Confidential Information; and (viii) any other person as to whom the parties agree in writing that disclosure is appropriate.

      c.      Unless the Designating Party agrees otherwise, and subject to the provisions of Sections 4 and 10 below, documents designated "Confidential – For Counsel Only" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any persons other than those identified in subparagraphs 3(b)(i), (ii), (v), (vi), (vii), and (viii), above.

      d.      "Designated counsel of record" in Section 3(b)(ii), above, are limited to counsel of record in this Action, which includes all attorneys of the firms or offices that have appeared in this Action on behalf of a party, either in person or in writing, as well as attorneys retained by the parties from the law firms of Weil, Gotshal, & Manges LLP and White, Cooper, & Cooper for related, ancillary litigation. Other than persons as expressly set forth in this Section, no other counsel shall be permitted

access to documents designated "Confidential – For Counsel Only" in this Action unless otherwise agreed to by all of the parties in writing. Documents designated "Confidential – For Counsel Only" shall not be disclosed to a party, or to any officer, director, employee or agent of a party, unless otherwise agreed by the Designating Party in writing or as expressly provided herein.

**4. DUTY TO INFORM OF ORDER/SIGNATURE.**

a. Duty to Inform of Order. Confidential Documents or Confidential Information may be disclosed to the persons permitted under Section 3, only after such persons have been provided with, and have reviewed, a copy of this Protective Order, and/or informed of the terms and restrictions of this Protective Order. In addition, such person must acknowledge that they understand they are bound by and have to abide by the terms of this Protective Order.

b. Persons Required to Sign Order. Confidential Documents or Confidential Information may be disclosed to persons referred to in Sections 3(b)(v) and (viii) and only after these persons have been provided with a copy of this Protective Order and have signed a statement in the form attached hereto as Exhibit "A." This statement shall be provided to counsel of the Designating Party prior to the Receiving Party disclosing the Confidential Documents or Confidential Information to the person referred to in Sections 3(b)(v) and (vii).

**5. COPIES**

All copies of any Confidential Documents or documents containing Confidential Information shall also constitute, and be treated as, Confidential Documents as provided in this Protective Order. Any person making, or causing to be made, copies of any Confidential Documents or documents containing Confidential Information, shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

/ /

/ / /

## 6. AGREEMENT TO MAINTAIN CONFIDENTIALITY

a. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this Action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

b. Unless and until otherwise ordered by the Court or otherwise agreed by the parties in writing, all documents designated as "Confidential" or "Confidential – For Counsel Only" shall be treated as such under this Protective Order.

c. No party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not properly designated as such.

## 7. OBJECTIONS TO DESIGNATION

Following the receipt of documents marked "Confidential" or "Confidential – For Counsel Only," any party to the Action may object to the designation of such document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party. If the objecting party and the Designating Party are unable to resolve the objection, the parties shall jointly move the Court for an order with respect to the disputed information by no later than thirty (30) days from the objecting party's receipt of the Confidential Information. After a prima facie showing by the objecting party as to the grounds for its objection to the designation of the document, the Designating Party shall have the

burden to show that the document is correctly designated as "Confidential" or "Confidential – For Counsel Only." Any such motion shall comply with paragraph 9, below, and the Court's Local Rules and e-filing procedures.

## 8. SEPARATE PROTECTIVE ORDER OR MODIFICATION OF THIS PROTECTIVE ORDER

This Protective Order shall be without prejudice to the right of the parties to the Action to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified in this Protective Order. In addition, this Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

## 9. FILING CONFIDENTIAL MATERIAL

a. No Materials bearing a "Confidential" or "Confidential – For Counsel Only" Legend shall be filed in the public record of this Action. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "Confidential" or "Confidential – For Counsel Only" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

b. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the presiding judge to notify the judge's staff that an opposition to the application will be filed.

c. The parties shall follow and abide by applicable law, including the Court's Local Rules, CM/ECF Administrative Policies and Procedures, and Judge Curiel's applicable chambers rules, with respect to filing documents under seal.

**10. SUMMARIES**

Any Receiving Party who obtains access to Materials designated as "Confidential" or "Confidential – For Counsel Only" under this Protective Order shall not make copies, abstracts, extracts, analyses, summaries, or other Materials which contain, reflect or disclose Confidential Information, except for use in this litigation or as otherwise provided herein, and each such copy, abstract, extract, analysis, summary, or other Materials which contains, reflects or discloses Confidential Documents or Confidential Information, is to be treated in accordance with the provisions of this Protective Order. All copies made by a Receiving Party of Materials stamped "Confidential" or "Confidential – For Counsel Only" in accordance with Paragraph 2 of this Protective Order shall again be stamped with the respective designation **if** the original stamp was not reproduced in the duplicating process.

**11. INADVERTENT PRODUCTION OF CONFIDENTIAL OR PRIVILEGED DOCUMENTS OR INFORMATION**

a. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Designating Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The Receiving Party must treat the Materials as confidential once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed the Materials before receiving the notification, the Receiving Party must notify the Designating Party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or

"CONFIDENTIAL – FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

      b.      If a producing party determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, counsel for the producing party shall notify the recipient promptly of its claim. As part of the notification, the producing party's counsel shall identify, by Bates Number, the document as to which the producing party is asserting a claim of privilege or protection. Upon receiving notice of a claim of privilege or protection by the producing party regarding a produced document or data, the recipient shall segregate, with promptness and in accordance with Fed. R. Civ. P. 26(b)(5)(B), the specified document or data, as well as any copies thereof, and the recipient shall not use the information in the specified document or data, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until after the claim is resolved. If the Court upholds – or if the recipient does not challenge within a reasonable time – the producing party's claim of privilege as to the produced document or data, the recipient shall return or dispose of the specified document or data, as well as any copies thereof.

      c.      The recipient shall immediately notify the producing party's counsel upon identification of any document or data that appears to be potentially privileged or protected. Such notification shall not waive the recipient's ability to challenge any assertion of privilege or protection made by the producing party as to the identified document. As part of the notification, the recipient shall identify, by Bates Number, the document or data at issue. The recipient shall segregate the specified document or data, as well as any copies thereof, from the other materials, and the recipient shall not use the information in the potentially privileged or protected document or data, except as provided by Fed. R. Civ. P. 26(b)(5)(B), for a period of 14 days after the date on which the recipient notifies the producing party's counsel. Within the 14-day period, or any other period of time agreed to by the parties, the producing party shall determine whether it will assert a claim of privilege or protection as to the identified

document, and its counsel shall notify the recipient of its determination. If counsel for either party disputes an assertion of privilege, the matter must be resolved by the Court, and the disputed information must not be used or disseminated in any manner unless and until the Court determines the scope of protection for such information.

## 12. EVIDENTIARY OBJECTIONS NOT WAIVED

Notwithstanding anything to the contrary contained within this Protective Order, all objections as to admissibility of any Confidential Document or Confidential Information are reserved and are not waived by any terms of this Protective Order.

## 13. SUBPOENA OF CONFIDENTIAL DOCUMENT OR CONFIDENTIAL INFORMATION

If at any time any Confidential Document or Confidential Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such document or information, the party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) days have elapsed or the Designating Party has consented in writing.

## 14. CONTINUATION OF PROTECTION AFTER DISPOSITION

The termination of proceedings in the Action shall not relieve any Receiving Party from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless all of the parties to the Action agree otherwise. Upon the final disposition of the Action, the parties shall automatically promptly return any Confidential Documents (and all copies made thereof) **to** the Designating Party from whom such Confidential Documents or documents containing Confidential Information were obtained or provided to counsel for the Designating Party certification in writing that all such Confidential Documents and documents containing Confidential Information have been destroyed; provided, however, that the parties shall be entitled to keep in their possession any court filings, attorney work

product, deposition transcripts or hearing transcripts, all of which shall continue to be governed by this Protective Order. The Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Documents and/or Confidential Information for enforcement of this Protective Order following termination of this Action.

**15. RESERVATION OF RIGHTS AND OBJECTIONS**

a. The parties hereby retain all rights, privileges, and objections to the production of any document or tangible thing as set forth under federal law and court authority interpreting such applicable law. Entry of this Protective Order does not waive any of the parties' rights, privileges, and objections to the production of any document or tangible thing under federal law and court authority interpreting such applicable law.

b. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: April 14, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge