WRIGHT, L'ESTRANGE & ERGASTOLO
John H. L'Estrange, Jr. (SBN 049594)
jlestrange@wlelaw.com
Joseph T. Ergastolo (SBN 137807)
jte@wlelaw.com
Andrew E. Schouten (SBN 263684)
aschouten@wlelaw.com
402 West Broadway, Suite 1800
San Diego, CA 92101
(619) 231-4844; Fax: (619) 231-6710

Attorneys for Plaintiff and Counterdefendant
Bona Fide Conglomerate, Inc. and
Counterdefendant Ruben Lopez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERICA, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No.: 14cv0751 GPC (AGS) <br><br> **COUNTERDEFENDANT LOPEZ'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT SOURCEAMERICA'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES (SET ONE) AND REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** <br><br> Date: June 16, 2017 <br> Time: 4:00 p.m. <br> Judge: Hon. Andrew G. Schopler <br> Courtroom: 5C (Schwartz) |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. LEGAL STANDARD ...........................................................................................2

III. ARGUMENT.........................................................................................................2

   A. Category One. SourceAmerica Fails To Show That The TTCC Related Discovery Is Relevant Or Proportional To the Needs Of The Case. ...................2

   B. Category Two. SourceAmerica's Requests For Pre-Settlement Documents And Information Are Not Relevant Or Likely To Lead To Admissible Evidence. ..........................................................................................................7

   C. Category Three. SourceAmerica's Requests For "All Communications" And "All ESI" Are Not Proportional, Oppressive, And Unduly Burdensome. .........9

   D. Category Four. Bona Fide And Lopez Produced All Documents Related To Denise Ransom, None Of Which Were Responsive To RFP No. 91...............11

   E. The Court Should Sanction SourceAmerica For Bringing A Frivolous Motion. ...........................................................................................................12

IV. CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

BofI Fed. Bank v. Erhart,
  No. 15cv2353 BAS (NLS), 2016 U.S. Dist. LEXIS 103576
  (S.D. Cal. Aug. 5, 2016) .................................................................................... 2

Brandon v. D.R. Horton, Inc.,
  No. 07cv1256 J (POR), 2008 U.S. Dist. LEXIS 40000
  (S.D. Cal. May 16, 2008) ................................................................................ 12

Coulter v. Murrell,
  No. 10-102 IEG (NLS), 2011 U.S. Dist. LEXIS 14922
  (S.D. Cal. Feb. 14, 2011) .................................................................................. 4

Crosswhite v. Mid-Mountain Foods,
  13 Va. Cir. 8 (Cir. Ct. 1987) .............................................................................. 7

Dart Industries Co. v. Westwood Chemical Co.,
  649 F.2d 646 (9th Cir. 1980) ......................................................................... 3, 9

Eclipse Grp., LLP v. Target Corp.,
  No. 15cv1411-JLS (BLM), 2017 U.S. Dist. LEXIS 73741
  (S.D. Cal. May 12, 2017) ................................................................................ 12

Eclipse Grp., LLP v. Target Corp.,
  No. 15cv1411-JLS (BLM), 2017 U.S. Dist. LEXIS 77574
  (S.D. Cal. May 19, 2017) ............................................................................. 5, 6

FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.,
  No. 15cv1879-BN (BLM), 2016 U.S. Dist. LEXIS 153560
  (S.D. Cal. Nov. 3, 2016) ............................................................................ 11, 13

Gilead Scis., Inc. v. Merck & Co,
  No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616
  (N.D. Cal. Jan. 13, 2016) .................................................................................. 6

Hatch v. Reliance Ins. Co.,
  758 F.2d 409 (9th Cir. 1985) ............................................................................ 3

Kaseberg v. Conaco,
  No. 15-cv-01637-JLS (DHB), 2016 U.S. Dist. LEXIS 97581
  (S.D. Cal. July 26, 2016) .................................................................................. 6

Kitchens v. Tordsen,
  No. 1:12-cv-0105-AWI-MJS (PC), 2015 U.S. Dist. LEXIS 27225
  (E.D. Cal. Mar. 5, 2015) ................................................................................... 3

Kornhauser v. United States,
  No. 14-cv-05610-HSG (SK), 2016 U.S. Dist. LEXIS 2485
  (N.D. Cal. Jan. 8, 2016) .................................................................................. 11

Marsh v. Bloomberg Inc.,
   No. 16-cv-02647-MEJ, 2017 U.S. Dist. LEXIS 77648
   (N.D. Cal. May 22, 2017) ............................................................................................... 6

Newton v. Nat'l Broadcasting Co., Inc.,
   726 F.2d 591 (9th Cir. 1984) .......................................................................................... 3

Noell Crane Sys. GmbH v. Noell Crane & Serv.,
   677 F.Supp.2d 852 (E.D. Va. 2009) ............................................................................... 8

Perez v. United States,
   No. 13cv1417-WQH-BGS, 2016 U.S. Dist. LEXIS 21937
   (S.D. Cal. Feb. 23, 2016) .............................................................................................. 11

Richfood, Inc. v. Jennings,
   255 Va. 588 (1998) ..................................................................................................... 7, 8

Roberts v. Clark Cnty. Sch. Dist.,
   312 F.R.D. 594 (D. Nev. 2016) ...................................................................................... 9

SierraPine v. Refiner Prods. Mfg.,
   275 F.R.D. 604 (E.D. Cal. 2011) .................................................................................... 5

Torbert v. Gore,
   No. 14cv2911 BEN (NLS), 2016 U.S. Dist. LEXIS 47952
   (S.D. Cal. Apr. 8, 2016) .................................................................................................. 2

United States EEOC v. Sensient Dehydrated Flavors Co.,
   No. 1:15-cv-01431-DAD-BAM, 2016 U.S. Dist. LEXIS 109479
   (E.D. Cal. Aug. 17, 2016) ............................................................................................. 11

Vieira v. Woodford,
   258 F. App'x 924 (9th Cir. 2007) .................................................................................... 3

**Statutes**

Fed. R. Civ. P. 26 ................................................................................................................... 4

Fed. R. Civ. P. 26(b)(1) ......................................................................................................... 2

Fed. R. Civ. P. 37(a)(5)(B) .................................................................................................. 12

## I. INTRODUCTION

Defendant and Counterclaimant SourceAmerica's motion to compel further responses from Counterdefendant Ruben Lopez ("Lopez") on its Interrogatories (Set One) and Requests for Production of Documents ("RFP") (Set One) should be denied.

This motion is concerned with four general categories of documents and information sought by SourceAmerica.

<u>Category One</u>. In the RFP Nos. 28-29, 35, 38, 124-32, 137, and 139-48 (Set One), SourceAmerica demands Lopez produce sensitive documents belonging to nonparty Tried and True Cleaning Company ("TTCC"). SourceAmerica fails to carry its burden to show that TTCC's documents are relevant and proportional to the needs of the case. Moreover, SourceAmerica has propounded a duplicative request on Bona Fide and a subpoena on TTCC for the same documents.

<u>Category Two</u>. RFP Nos. (Set One) and Interrogatory 22 (Set One), seek documents and information relating to events predating the parties' June 27, 2012 Settlement Agreement, which contains a general release. As such, any responsive documents and information are irrelevant and not likely to lead to the discovery of admissible evidence.

<u>Category Three</u>. RFP Nos. 3 and 61-62 (Set One), seek all communications between Lopez and SourceAmerica (with <u>no</u> time or subject limitation) and all ESI related to Plaintiff and Counterdefendant Bona Fide Congolmerate, Inc.'s ("Bona Fide") participation in the AbilityOne program and communications with SourceAmerica (limited to the past five years). These requests obligate Lopez to review almost the entirety of his and his company's records and produce thousands of documents unrelated to any claims or defenses. SourceAmerica unreasonably refused to narrow these oppressive and burdensome requests during the parties' meet and confer efforts.

<u>Category Four</u>. RFP No. 91 (Set One) seeks communications between Lopez and Denise Ransom, a former SourceAmerica employee. Bona Fide produced

responsive documents <u>prior to this motion</u> and Lopez has since served a supplemental response.

The Court should deny the motion and sanction SourceAmerica.

## II. LEGAL STANDARD

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>Torbert v. Gore</u>, No. 14cv2911 BEN (NLS), 2016 U.S. Dist. LEXIS 47952, at *3-4 (S.D. Cal. Apr. 8, 2016) (citations omitted). Under Federal Rule of Civil Procedure 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u>

As the party moving to compel under Rule 37(a), SourceAmerica bears the burden "of establishing that its request[s] satisf[y] the relevancy requirements of Rule 26(b)(1)." <u>Torbert</u>, 2016 U.S. Dist. LEXIS 47952, at *3-4. Once relevance has been shown, Bona Fide bears the burden "of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>BofI Fed. Bank v. Erhart</u>, No. 15cv2353 BAS (NLS), 2016 U.S. Dist. LEXIS 103576, at *6 (S.D. Cal. Aug. 5, 2016).

## III. ARGUMENT

**A. Category One. SourceAmerica Fails To Show That The TTCC Related Discovery Is Relevant Or Proportional To the Needs Of The Case.**

SourceAmerica's RFP Nos. 28-29, 35, 38, 124-32, 137, and 139-48 (Set One) seek sensitive corporate, financial, and human resources documents relating to nonparty TTCC. TTCC is a for-profit affiliate of Bona Fide and Lopez is its Chief

Executive Officer (Lopez Decl. ¶ 2). ██████████████████████████████

██████████████████████████████████████████████████████████

██████████████████ (Dkt 419-1 at 6, 419-2 at 4, ¶¶ 14-15 and Exhibits 11-12).

As a preliminary matter, the Court should not compel further responses to these document requests because SourceAmerica seeks non-party TTCC's documents. Rule 34 "may not be used to discover matters from a nonparty." Vieira v. Woodford, 258 F. App'x 924, 925 (9th Cir. 2007); Hatch v. Reliance Ins. Co., 758 F.2d 409, 416 (9th Cir. 1985) (district court did not err in denying motion to compel defendant to produce names of similarly-situated, nonparty investors in securities class action). Instead, a Rule 45(b) subpoena duces tecum is "the usual means for discovery of documents from nonparties" like TTCC. Newton v. Nat'l Broadcasting Co., Inc., 726 F.2d 591, 592 (9th Cir. 1984); Kitchens v. Tordsen, No. 1:12-cv-0105-AWI-MJS (PC), 2015 U.S. Dist. LEXIS 27225, at *3 (E.D. Cal. Mar. 5, 2015) ("[T]he proper means of obtaining information from a non-party is through a subpoena.").

Indeed, SourceAmerica served TTCC with a subpoena with 47 different categories of documents requested covering the same topics as the discovery it propounded on Lopez—one week <u>after</u> filing the instant motion (Schouten Decl. ¶ 2, Ex. A). It is within the Rule 45 context that the Court can properly determine any restrictions on SourceAmerica's broad and invasive discovery requests. See Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. 1980) (discovery should be tempered to protect a non-party from unduly burdensome discovery).

Assuming Lopez (and not TTCC) should respond to the requests for TTCC information, SourceAmerica fails to carry its burden to show that the TTCC related discovery is relevant or proportional. SourceAmerica contends that TTCC's documents are relevant to "assessing Bona Fide's breach of contract claim," particularly: (1) whether SourceAmerica breached the Settlement Agreement by failing to treat Bona Fide "objectively, fairly, and equitably"; and (2) whether Bona Fide

lacked the qualifications or eligibility to bid on the AbilityOne Program Opportunities at issue (Dkt. 419-1, at 5:6-9, 7:6-17).

Rule 26(b)(1) makes "the parties and the court focus on the actual claims and defenses involved in the action." Fed. R. Civ. P. 26 Adv. Comm. Note, 2000 amends. The Settlement Agreement is between Bona Fide and SourceAmerica; Lopez is not a contracting party (Schouten Decl. ¶ 3, Ex. B). SourceAmerica explains that the purpose of its allegedly narrowly "tailored" document requests is to "determine the exact relationship between Lopez [and Bona Fide and TTCC]." (Dkt. 419-1, at 6:27-7:1). Yet, aside from its conclusory assertions, SourceAmerica fails to show how or why the nature of the relationship between Lopez and Bona Fide and TTCC is relevant to whether SourceAmerica breached the Settlement Agreement. Coulter v. Murrell, No. 10-102 IEG (NLS), 2011 U.S. Dist. LEXIS 14922, at *8-10 (S.D. Cal. Feb. 14, 2011) (quashing subpoenas for medical records that had no bearing on due process claims in action against clerk of court).

SourceAmerica argues that documents responsive to RFP Nos. 129, 137, and 147 are relevant to Bona Fide's qualifications and eligibility to bid on Program Opportunities. Specifically, it notes that Bona Fide relied on TTCC's ▬▬▬▬ ▬▬▬▬ in its response to Sources Sought Notice 1483 (Ft. Hood, Texas) and TTCC's ▬▬▬▬ in its response to Sources Sought Notice 2705 (Shaw Air Force Base) (Dkt. 419-1, at 5:10-6:17).

However, these three discovery requests are significantly broader than necessary to confirm Bona Fide's responses to Sources Sought Notices 1483 and 2705. Specifically, they seek:

> "All DOCUMENTS REGARDING [TTCC's] financial statements, including but not limited to every financial statement, on or after January 1, 2012" (RFP No. 129);
>
> "All DOCUMENTS that relate to any loans by or to BONA FIDE from [LOPEZ] and/or [TTCC], including but not limited to notes, check registers, cancelled checks, books of account, and any other

DOCUMENTS sufficient to identify whether any such loan was repaid in whole or part, and if any consideration was given for any such loan or any such payment on or after January 1, 2012" (RFP No. 137); and

"All DOCUMENTS that relate to any property or asset ever owned by TRIED & TRUE that was transferred to, sold to, delivered to, and/or used by YOU and/or BONA FIDE on or after January 1, 2012" (RFP No. 147).

Courts generally do not permit pre-judgment discovery like RFP Nos. 129, 137, and 147 "regarding a defendant's financial condition or ability to satisfy a judgment" (aside from information in Rule 26(a)(1) initial disclosures) "on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence." SierraPine v. Refiner Prods. Mfg., 275 F.R.D. 604, 609 (E.D. Cal. 2011). These are precisely the objections interposed by Lopez.

Explaining that it does not want to "unnecessarily burden the Court," SourceAmerica does not offer any argument as to RFP Nos. 28-29, 35, 38, 124-28, 130-32, 139-46, and 148 (Set One)[1] (Dkt. 419-1, at 6:27-28). SourceAmerica's failure to explain these requests' relevancy does not satisfy its burden of proof and the motion fails as to them. Eclipse Grp., LLP v. Target Corp., No. 15cv1411-JLS (BLM), 2017 U.S. Dist. LEXIS 77574, at *15 (S.D. Cal. May 19, 2017) (denying motion to compel because intervenor "failed to provide specific information regarding every Request for Production at issue, and failed to . . . provide law or evidence to support his overbroad requests"). It is immaterial that SourceAmerica has provided the written discovery to the Court for its perusal. Id. ("[t]he Court will not review each of plaintiff's discovery

---

[1] Those document requests seek: documents relating to U.S. government audits of TTCC (RFP No. 28), all documents relating to U.S. government investigations into TTCC (RFP No. 29), all communications between TTCC and any other person regarding any investigation of SourceAmerica (RFP No. 35), all documents given by TTCC to any person regarding any investigation of SourceAmerica (RFP No. 38); certain TTCC financial records including check registers, "production records," assignment records, balance sheets, income statements, statements of operations, statements of shareholders' equity, and statements of cash flow, for the past five years (RFP Nos. 124-128, 130-32); documents relating to any loans made by Lopez or TTCC to Bona Fide (RFP No. 137); and TTCC's corporate books and records, including documents showing property transfers, use of Bona Fide's monies by TTCC, TTCC's ownership structure, TTCC's board minutes and by-laws, TTCC's board of directors, TTCC's profits and losses, and TTCC's employees (RFP 139-46, 147-148).

1 requests and each of defendants' responses thereto in order to determine whether any
2 of the defendants' responses are somehow deficient.").

3       This does not end the inquiry. Under the 2015 amendments to Rule 26, "a party
4 seeking discovery of relevant, non-privileged information must show, before anything
5 else, that the discovery sought is proportional to the needs of the case." Gilead Scis.,
6 Inc. v. Merck & Co, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at *4
7 (N.D. Cal. Jan. 13, 2016). SourceAmerica fails to make a "specific showing" on Rule
8 26(b)(1) proportionality, which is sufficient ground to deny the motion as to the TTCC
9 related discovery. Kaseberg v. Conaco, No. 15-cv-01637-JLS (DHB), 2016 U.S. Dist.
10 LEXIS 97581, at *28-29 (S.D. Cal. July 26, 2016).

11       Lopez's status as the CEO of TTCC does not make discovery of TTCC's
12 documents proportional. Eclipse Grp., 2017 U.S. Dist. LEXIS 77574, at *14. Even
13 though it is effectively seeking nonparty TTCC's corporate records and financial
14 documents from Lopez, SourceAmerica failed to acknowledge, much less address,
15 TTCC's privacy and confidentiality interests and compliance burdens. Absent such
16 information, the Court cannot balance the competing interests and find that discovery
17 related to nonparty TTCC is proportional to the needs of the case. Marsh v.
18 Bloomberg Inc., No. 16-cv-02647-MEJ, 2017 U.S. Dist. LEXIS 77648, at *3, 5 (N.D.
19 Cal. May 22, 2017).

20       Assuming it finds the proportionality factors satisfied (they are not), the Court
21 should order Lopez to produce only documents responsive to RFP Nos. 129, 137, and
22 147, limited to those documents substantiating the identified matter in Bona Fide's
23 responses to the Ft. Hood, Texas and Shaw Air Force Base solicitations.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**B. Category Two. SourceAmerica's Requests For Pre-Settlement Documents And Information Are Not Relevant Or Likely To Lead To Admissible Evidence.**

SourceAmerica contends that RFP Nos. 69-70, 81-85, 87-88, and 91 (Set One) and Interrogatory 22 (Set One) seek matter relevant to its Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, claim.[2] (Dkt. 419-1, at 7:18-24).

Specifically, RFP Nos. 69 and 81-85 and Interrogatory 22 seek documents and information concerning personal loans made by Lopez to a GSA officer. RFP Nos. 70 and 87-88 seek communications between Lopez and Bona Fide and the Hon. Lloyd D. George, U.S. District Judge for the District of Nevada, on Program Opportunities.

These discovery requests seek irrelevant documents and information in that they concern events prior to the July 27, 2012 Settlement Agreement (Schouten Decl. ¶ 3, Ex. B). SourceAmerica admits that Lopez made the loans at issue in RFP Nos. 69 and 81-85 and Interrogatory 22 in 2004 and 2006 (Dkt. 308 ¶ 20). The communications in RFP Nos. 70 and 87-88 occurred in 2009 (Dkt. 308 ¶ 23), and no other such communications have occurred since (Lopez Decl. ¶ 3).

The Settlement Agreement is governed by Virginia law (Schouten Decl. ¶ 3, Ex. B, § 5.6), which provides that "[a] general release not only settles enumerated specific differences, but claims of every kind of character, known or unknown." Crosswhite v. Mid-Mountain Foods, 13 Va. Cir. 8, 9 (Cir. Ct. 1987). "The scope of a release agreement, like the terms of any contract, is generally governed by the expressed intention of the parties." Richfood, Inc. v. Jennings, 255 Va. 588, 591 (1998). "Where parties contract lawfully and their contract is free from ambiguity or doubt, the agreement between them furnishes the law which governs them." Id.

Section 3.3 of the Settlement Agreement provides:

> In consideration hereof, [SourceAmerica and persons acting on its behalf] hereby release and forever discharge Bona Fide and [its] agents,

---

[2] SourceAmerica argues that RFP Nos. 124-28 "will show the CEO of Bona Fide engaged in a pattern of potentially unlawful acts beginning as early as 2004 and continuing through the end of 2013." (Dkt. 419-1, at 8:20-22). This appears to be a typographical error, as RFP Nos. 124-28 seek TTCC's financial documents.

> employees . . . from and against all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, . . . and whether now known or unknown, liquidated or unliquidated, that [SourceAmerica] now has or may have had, or thereafter claim to have against Bona Fide . . . . as of the date a [SourceAmerica] representative signs this Agreement.

(Schouten Decl. ¶ 12, Ex. B, at § 3.3).

Additionally, Section 4.6 of the Settlement Agreement provides:

> The Parties intend that the execution and performance of this Agreement shall, as provided above, be effective as a full and final settlement of, and as a bar to, the claims released herein. The Parties hereto covenant and agree that if they hereafter discover facts different from or in addition to the facts that they now know or believe to be true with respect to the subject matter of this Agreement, it is nevertheless their intent hereby to settle and release fully and finally the claims released herein. In furtherance of such intention, the release herein shall be and will remain in effect as a release notwithstanding the discovery of any such different or additional facts.

(Id. at § 4.6). SourceAmerica further agreed to waive the protection of any laws that "provide that a general release does not extend to rights or claims that a party does not know or expect to exist in its favor at the time of executing the release. . . ." (Id. at § 4.7). It executed the Settlement Agreement on July 27, 2012 (id. at p. 9).

Given the plain, unambiguous language of sections 3.3, 4.6 and 4.7, SourceAmerica may not assert against Bona Fide and Lopez any claims that it may have had on or before July 27, 2012, regardless of whether the claim had accrued or was known to SourceAmerica at that time and any subsequent discovery into those claims. Noell Crane Sys. GmbH v. Noell Crane & Serv., 677 F.Supp.2d 852, 870 (E.D. Va. 2009) ("any and all claims . . . whether known or unknown, matured or unmatured . . . resulting from any conduct, action . . . related to any matter . . . whatsoever from the beginning of time up through and including March 28, 2006," validly released "all claims that were legally accrued or unaccrued on March 28, 2006, if they result from any conduct or action prior to March 28, 2006."); Richfood, 255 Va. at 590 ("any and all claims . . . whether known or unknown, based upon, arising out of or connected with anything whatsoever done, omitted or suffered to be done" unambiguously released all liability for conduct as of settlement agreement's date).

Accordingly, any conduct by Bona Fide and Lopez predating July 27, 2012 is irrelevant and not likely to lead to the discovery of admissible evidence. Dart Indus., 649 F.2d at 648-49 (district court properly quashed subpoena; parties' settlement agreement had effect of releasing any right to engage in discovery into settled claims).

Nor is the discovery proportional, as SourceAmerica's only purpose alleging pre-settlement conduct in its Amended Counterclaims is to sling mud at Bona Fide and Lopez. On May 27, 2014, SourceAmerica moved to dismiss Bona Fide's breach of contract claim in part arguing that the Settlement Agreement released any liability for conduct that occurred prior to July 27, 2012 (Dkt. 66-1, 18:19-23). After Bona Fide and Lopez moved to dismiss these allegations, SourceAmerica made the following concession:

> [T]he factual allegations pertaining to SourceAmerica's UCL counterclaim that predate the Settlement Agreement are included for demonstrative purposes . . . and SourceAmerica is not directly seeking damages for the alleged pre-settlement conduct.

(Dkt. 316, 21:2-6).

SourceAmerica's requests for discovery on matters pre-dating a release and for "demonstrative purposes" is the type of "unnecessary or wasteful discovery" that the Rule 26(b)(1) proportionality factors are intended to eliminate. Roberts v. Clark Cnty. Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016).

**C. Category Three. SourceAmerica's Requests For "All Communications" And "All ESI" Are Not Proportional, Oppressive, And Unduly Burdensome.**

SourceAmerica contends that documents responsive to RFP Nos. 3 and 61-62 are "presumptively relevant" and "critical to assess Bona Fide's breach of contract claim against SourceAmerica." (Dkt. 419-1, at 9:2-10).

Here, SourceAmerica asks for:

- "All of [Lopez's] COMMUNICATIONS with SOURCEAMERICA" without any limitations (RFP No. 3);

///

- "All ESI RELATED TO BONA FIDE's participation in the AbilityOne program on or after January 1, 2012" (RFP No. 61); and
- "All ESI RELATED TO BONA FIDE's COMMUNICATIONS with SOURCEAMERICA on or after January 1, 2012" (RFP No. 62).

Lopez objected to RFP Nos. 3 and 61-62 as oppressive and burdensome. According to SourceAmerica, Lopez's objections lack merit because the "only justification . . . is that the requests seek a large volume of documents." It reasons that since "the majority of responsive documents to the requests would be stored as ESI," Lopez "has made no showing that producing at least the ESI . . . would cause any undue burden" or that the requests are oppressive (Dkt. 419-1, at 9:11-27).

However, Lopez's explanation for his objections to these requests is that "full compliance with this request would entail review and production of tens of thousands of documents wholly unrelated to any issue in the case." (Dkt. 419-5, at 47:4-6, 62:17-19, 63:4-6).

As to RFP No. 3, Bona Fide has been participating in the AbilityOne Program since 2004 (Dkt. 128 ¶ 84). As such, Lopez's responsive communications with SourceAmerica span 13 years and necessarily concern day-to-day management issues concerning AbilityOne Program contracts and opportunities that are not at issue in this lawsuit (Lopez Decl. ¶ 4). As to RFP Nos. 61-62, Bona Fide has performed on 5 AbilityOne Program contracts since January 1, 2012, none of which are at issue in this lawsuit. Servicing those contracts requires communications with numerous nonparties on day-to-day matters including employee issues, logistics, supplies, and scheduling. ESI and communications responsive to RFP Nos. 61-62 therefore include every aspect of Bona Fide's business activities, including those related and unrelated to the parties' claims and defenses (Lopez Decl. ¶ 5).

Lopez asked that SourceAmerica narrow those RFPs "to documents relevant to the parties' claims or defenses and/or likely to lead to the discovery of admissible evidence." (Dkt. 419-5, at 46:22-47:8, 62:11-63:8). SourceAmerica, refused (see Dkt.

419-8, at p. 5, 9). Furthermore, Bona Fide and Lopez produced documents and communications relating to the Program Opportunities that form the basis of Bona Fide's breach of contract action in response to other SourceAmerica document requests (Schouten Decl. ¶ 5).

Because they call for review and production of thousands of facially irrelevant documents, RFP Nos. 3 and 61-62 are not proportional to the needs of the case and are facially oppressive and unduly burdensome. Perez v. United States, No. 13cv1417-WQH-BGS, 2016 U.S. Dist. LEXIS 21937, at *21-22 (S.D. Cal. Feb. 23, 2016) (document requests that were not limited to issues in the case were not proportional, unduly burdensome, and oppressive); FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc., No. 15cv1879-BEN (BLM), 2016 U.S. Dist. LEXIS 153560, at *29 (S.D. Cal. Nov. 3, 2016) (request for "all documents relating to Flow Services" was overbroad and not proportional); Kornhauser v. United States, No. 14-cv-05610-HSG (SK), 2016 U.S. Dist. LEXIS 2485, at *6 (N.D. Cal. Jan. 8, 2016) (request for "all IRS files relating to" plaintiff was overbroad and sought irrelevant information). United States EEOC v. Sensient Dehydrated Flavors Co., No. 1:15-cv-01431-DAD-BAM, 2016 U.S. Dist. LEXIS 109479, at *13-14 (E.D. Cal. Aug. 17, 2016) (requests seeking all former employee files were overbroad and not proportional in disability discrimination case).

**D.  Category Four.  Bona Fide And Lopez Produced All Documents Related To Denise Ransom, None Of Which Were Responsive To RFP No. 91.**

Finally, RFP No. 91 requests "All DOCUMENTS RELATING TO the testimony of Denise Ransom REGARDING the Lloyd George and Alan Bible Federal Building opportunity." On May 5, 2017 and on May 24, 2017 Bona Fide produced all documents and communications related to Denise Ransom. None of those documents and communications were responsive to RFP No. 91 (Schouten Decl. ¶ 6). Lopez will provide SourceAmerica with a supplemental response to RFP No. 91 stating that no responsive documents exist, if necessary.

/ / /

## E. The Court Should Sanction SourceAmerica For Bringing A Frivolous Motion.

If a motion to compel discovery is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified or other circumstances mitigate against awarding expenses. Fed. R. Civ. P. 37(a)(5)(B); Eclipse Grp., LLP v. Target Corp., No. 15cv1411-JLS (BLM), 2017 U.S. Dist. LEXIS 73741, at *13-14 (S.D. Cal. May 12, 2017) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified").

The present motion is a waste of judicial resources and a violation of SourceAmerica's obligations under Rules 1 and 26(b)(1). SourceAmerica moved the Court to compel Lopez to produce irrelevant and not proportional discovery including nonparty TTCC's financial documents, documents and information relating to released claims, and facially overbroad ESI, as well as documents that Lopez already produced. Its requests are duplicative of separate requests served on Bona Fide and a subpoena served on TTCC. Indeed, even the present motion is duplicative of another motion to compel served on Bona Fide.

Furthermore, SourceAmerica failed to analyze the Rule 26(b)(1) proportionality factors with regard to any of its discovery requests, much less offer any argument whatsoever in support of RFP Nos. 28-29, 35, 38, 124-28, 130-32, 139-46, and 148 (Set One).

Because SourceAmerica lacks substantial justification for bringing this motion, the Court must award Lopez his reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B); see, e.g., Brandon v. D.R. Horton, Inc., No. 07cv1256 J (POR), 2008 U.S. Dist. LEXIS 40000 at * 6 (S.D. Cal. May 16, 2008) (adopting magistrate judge's award of attorney's fees following successful opposition of a motion to

compel); FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc., No. 15cv1879-BEN (BLM), 2017 U.S. Dist. LEXIS 34855, at *22 (S.D. Cal. Mar. 9, 2017) (ordering fee sanctions against defendant for filing "motion to compel irrelevant, duplicative, and confidential documents, which are not proportional to the needs of this case.").

Lopez incurred reasonable attorney's fees of $3,975 in opposing this motion (Schouten Decl. ¶ 7).

## IV. CONCLUSION

Based on the foregoing, Lopez respectfully asks the Court to deny SourceAmerica's motion to compel further responses to RFP Nos. 3, 28-29, 35, 38, 61-62, 69-70, 81-85, 87-88, 91, 124-32, 137, and 139-148 (Set One) and Interrogatory 22 (Set One) and award Lopez his reasonable attorney's fees of $3,975 incurred in opposing this motion.

WRIGHT, L'ESTRANGE & ERGASTOLO

Attorneys for Plaintiff and Counterdefendant Bona Fide Conglomerate, Inc. and Counterdefendant Ruben Lopez

Dated: June 2, 2017     By: */s/ Andrew E. Schouten*
       Andrew E. Schouten
       aschouten@wlelaw.com