| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERICA, <br><br> Defendant. | Case No.: 3:14-cv-00751-GPC-AGS <br><br> **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY RESPONDING TO DEFENDANT'S EVIDENTIARY OBJECTIONS** <br><br> **[ECF No. 464.]** |

On July 11, 2017, Plaintiff filed an *ex parte* application for permission to file a sur-reply responding to Defendant's objections to Plaintiff's evidence offered in opposition to Defendant's pending motion for summary judgment or, alternatively, partial summary judgment. (Dkt. No. 464.)

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Clark v. Time Warner Cable*, No. CV 07 1797 VBF(RCX), 2007 WL 1334965 at *1 (C.D. Cal. May 3, 2007) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). An *ex parte* application must address why the regular noticed motion procedures must be bypassed. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. The

reasons provided "must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants or declarants were testifying in court." *Id.* Second, the moving party must be "without fault" in creating the need for *ex parte* relief or establish that the urgency occurred as a result of excusable neglect. *Id.*; *see also Langer v. McHale*, No. 13CV2721-CAB-NLS, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014) (denying *ex parte* motion because defendants failed to make an adequate showing of good cause or irreparable injury to warrant ex parte relief).

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Advisory Committee Notes regarding the 2010 amendments to Rule 56 explain:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Fed. R. Civ. P. 56 advisory committee's note. Courts have observed that Rule 56(c)(2) contemplates allowing the proponent of the evidence to respond to evidentiary objections. *See, e.g.*, *SEC v. Strategic Glob. Investments, Inc.*, No. 16-CV-514 JLB (WVG), 2017 WL 1387187, at *7 (S.D. Cal. Apr. 17, 2017) ("When a party objects that material cited to dispute a fact cannot be presented in a form that would be admissible at trial, as Plaintiff does here, the burden shifts to the proponent of the evidence to either show that the material is admissible as presented or explain the admissible form that it anticipates it will produce at trial.").

Defendant attached to its reply brief 67 pages of evidentiary objections to Plaintiff's evidence offered in opposition to Defendant's pending motion. (Dkt. Nos. 459-2, 459-3.) Plaintiff's proposed sur-reply is likewise lengthy. (Dkt. No. 464-1.) The Court observes that the parties have also asserted evidentiary objections in response to each other's separate

statements of undisputed material facts. While the Court expresses concern regarding the voluminous evidentiary objections asserted in relation to the pending motion for summary judgment, because Plaintiff's sur-reply ultimately consists solely of responses to Defendant's evidentiary objections, the Court **GRANTS** Plaintiff's leave to file its proposed sur-reply.

**IT IS SO ORDERED.**

Dated: July 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge