Kevin W. Alexander (SBN: 175204)
Matthew P. Nugent (SBN: 214844)
Joseph W. Goodman (SBN: 230161)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
Email: kalexander@gordonrees.com
Email: mnugent@gordonrees.com
Email: jgoodman@gordonrees.com

Attorneys for SourceAmerica

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bona Fide Conglomerate, Inc., | Case No.: 3:14-cv-00751-GPC-AGS |
| Plaintiff, | *Assigned to: Judge Gonzalo P. Curiel* |
| v. | *Magistrate Judge: Andrew G. Schopler* |
| SourceAmerica, PRIDE Industries, Inc., Kent, Campa & Kate, Inc., ServiceSource,Inc., Job Options, Inc., Goodwill Industries of Southern California, Lakeview Center, Inc., The Ginn Group, Inc., Corporate Source, Inc., CW Resources, National Council of Source America Employers, Opportunity Village, Inc., | **DEFENDANT/COUNTERCLAIMANT SOURCEAMERICA'S OPPOSITION TO AND MOTION TO STRIKE COUNTERDEFENDANT RUBEN LOPEZ'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES** |
| Defendants. | **Date:** July 26, 2017<br>**Time:** 4:00 p.m.<br>**Courtroom:** 5C<br>**Judge**: Andrew G. Schopler |

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

# TABLE OF CONTENTS

*Page*

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................1

II. STATEMENT OF FACTS ................................................................2

III. ARGUMENT ..................................................................................4

    A. The Court Should Strike and/or Deny Lopez's Motion Because It is Procedurally Invalid ...............................................................4

    B. Alternatively, Because Lopez Fails to Show How the Interrogatory Responses are Allegedly Incomplete, the Motion Should Be Denied. ...................................................................7

    C. Because the Interrogatories Are Overbroad and Burdensome, SourceAmerica's Responses are Proper and the Motion Should Be Denied ..........................................................................8

    D. Because the Interrogatories Seek Information that Is Confidential, Proprietary, and/or Trade Secret, SourceAmerica's Reponses are Proper and the Motion Should Be Denied ..........................................................................8

    E. Because Lopez Failed to Define the Term "Injury," SourceAmerica's Objection to Interrogatory No. 42 as Vague and Ambiguous is Proper, and This Motion Should Be Denied .........9

    F. This Court Should Also Deny or Strike this Motion Because Lopez Failed to Meet and Confer Regarding Bates Ranges, and Because the Motion is Untimely as to That Issue...............................10

    G. The Court Should Award SourceAmerica its Reasonable Attorneys' Fees ...................................................................11

    H. Lopez Is Not Entitled to Recover Costs and Expenses, Including Attorneys' Fees .................................................................11

IV. CONCLUSION ...........................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

SOURCEAMERICA'S OPPOSITION TO LOPEZ'S MOTION TO COMPEL FURTHER ANSWERS TO
INTERROGATORIES
Case No.: 3:14-cv-00751-GPC-AGS

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Aevoe Corp. v. AE Tech Co., LTD.*,
    No. 2:12-cv-00053-GMN-NJK, 2013 U.S. Dist. LEXIS 135755 (D. Nev.
    Sept. 20, 2013) ......................................................................................................12

*Board of Trustees of Leland Standford Junior Univ. v. Tyco Int'l Ltd.*,
    253 F.R.D. 521 (C.D. Cal. 2008) ............................................................................11

*Brandon v. D.R. Horton, Inc.*,
    No. 07cv1256 J (POR), 2008 U.S. Dist. LEXIS 40000 (S.D. Cal. May
    16, 2008).................................................................................................................11

*Heilman v. Silva*,
    No. 13CV2984-JLS-MDD, 2015 WL 1632693 (S.D. Cal. Apr. 13, 2015).......5, 7

*Parsi v. Daioleslam*,
    778 F.3d 116 (D.C. Cir. 2015) ................................................................................12

*Rogers v. Giurbino*,
    288 F.R.D. 469 (S.D. Cal. 2012)...............................................................................7

*Shaw v. County of San Diego*,
    No. 06-CV-2680-IEG (POR), 2008 U.S. Dist. LEXIS 80508 (S.D. Cal.
    Oct. 9, 2008).............................................................................................................7

**Rules**

Federal Rules of Civil Procedure
    Rule 37 ...........................................................................................................5, 6, 11

Local Civil Rules
    Rule 26.1 .....................................................................................................1, 5, 6

Local Civil Rules
    Rule 7.1 ......................................................................................................................1

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

SOURCEAMERICA'S OPPOSITION TO LOPEZ'S MOTION TO COMPEL FURTHER ANSWERS TO
INTERROGATORIES                                    Case No.: 3:14-cv-00751-GPC-AG

1097030/33595078v.1

# I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Counterdefendant Ruben Lopez's ("Lopez") Motion to Compel Further Answers to Interrogatories (the "Motion") should be stricken and not considered by this Court because counsel yet again[1] failed to meet and confer as required by Local Rule 26.1.  As the declaration of Lopez's counsel reveals, meet and confer efforts were not exhausted prior to Lopez's filing of the defective and frivolous Motion. Counsel acknowledges that after his June 9, 2017 letter unilaterally declaring "an impasse on SourceAmerica's responses," counsel for SourceAmerica responded, specifically asking Lopez to identify what purported "defects" remained unaddressed, noting that SourceAmerica has amended its responses three times, and that the filing of any motion to compel with respect to such vaguely alleged "defects" would be premature and unfounded. Nevertheless, a week and a half later, Lopez filed this Motion and Lopez's Motion to Compel Further Responses to Requests for Production without meeting and conferring about the alleged "defects" that he contends remain in SourceAmerica's Third Amended Responses that are the subject of both motions.[2]

Alternatively, if the Court determines that Lopez has actually met and conferred on the substance of the Motion, the Motion itself is baseless, as it seeks to compel further responses despite the fact that SourceAmerica has amended its responses to remedy the alleged "defects" identified by Lopez and has specifically stated that it is not withholding any further non-privileged information.

---

[1]On April 13, 2017, Magistrate Judge Schopler issued a minute order striking Bona Fide's pending Motion to Compel (Dkt. 378) without a hearing.  Counsel for Bona Fide similarly failed to properly meet and confer with regard to that motion.

[2] On July 12, 2017, counsel for SourceAmerica obtained leave of Court to file in excess of 25 combined pages between this opposition and the accompanying opposition to Lopez's Motion to Compel Further Responses to Requests for Production.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Lastly, although the majority of the Motion focuses on the claimed relevance of Lopez's discovery, Lopez vaguely refers to SourceAmerica's Third Amended Responses as being "evasive" and inaccurately claims that they contain "boilerplate" objections.  However, because SourceAmerica has fully and completely responded to Lopez's interrogatories, and has no further information to provide in its responses, Lopez's Motion is moot, in addition to being procedurally defective and frivolous.  .  Because Lopez failed to identify defects during the meet and confer process, failed to identify defects in its motion, and focused on objections that were not the basis of any withheld information, SourceAmerica respectfully requests that this Court strike or deny Lopez's Motion in its entirety and award SourceAmerica its attorney's fees incurred in responding to Lopez's improper, unnecessary, and baseless motion.

## II.  STATEMENT OF FACTS

On October 30, 2015, SourceAmerica filed a motion for leave to amend its answer and file counterclaims. [Dkt. 247].  The Court granted that motion on January 5, 2016 (Dkt. 266) and SourceAmerica filed its Counterclaims on January 7, 2016. [Dkt. 269].  SourceAmerica filed Amended Counterclaims on March 28, 2016. [Dkt. 308].

On October 20, 2016, Lopez propounded his Interrogatories, Set One on SourceAmerica regarding the Amended Counterclaims.  [Dkt. 450-5]. SourceAmerica timely responded to Lopez's discovery requests on November 21, 2016.  [Dkt. 450-7]. Nearly three weeks later, on December 14, 2017, counsel for Lopez, Andrew Schouten, sent a meet-and-confer letter regarding those responses. [Dkt. 450-9]  In the December 14, 2016 letter, Mr. Schouten raised a number of issues with SourceAmerica's responses and requested to meet in person to discuss those issues.  [*Id.*]

Counsel for both parties met on January 4, 2017 to discuss SourceAmerica's responses to Lopez's first set of discovery requests.  [Dkt. 450-2].  At that meeting, SourceAmerica agreed to supplement its responses to a number of interrogatories and

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    requests for production.  Accordingly, on February 17, 2017, SourceAmerica served

2    Lopez with its Amended Response to Counterdefendant Ruben Lopez's

3    Interrogatories and its Amended Response to Counterdefendant Ruben Lopez's

4    Requests for Production of Documents.  [Dkt. 450-14, 450-15, 450-16].

5        Nearly a month and a half later, counsel for Lopez sent another letter taking

6    issue with SourceAmerica's Amended Responses and reserving Lopez's "right to

7    move to compel responses."  [Dkt. 450-17].  Counsel for both parties again met in

8    person on April 4, 2017, at which meeting SourceAmerica agreed to supplement a

9    number of the interrogatory responses identified and several of the requests for

10   production.  (Declaration of Matthew P. Nugent in Support of SourceAmerica's

11   Opposition to Lopez's Motion to Compel Further Responses to Interrogatories, Set

12   One ("Nugent Decl.") ¶3).  However, counsel for Lopez refused to provide

13   clarification as to the requests or narrow the scope at the April 4, 2017 meeting.  (*Id.*).

14   As a result, SourceAmerica's supplemental responses to the requests for production

15   necessarily required SourceAmerica to attempt to narrow the overbroad requests on

16   its own.  (*Id.*)  On May 12, 2017, SourceAmerica served Lopez with its Second

17   Amended Responses to Counterdefendant Ruben Lopez's Interrogatories and its

18   Second Amended Responses to Counterdefendant Ruben Lopez's Requests for

19   Production.  [Dkt. 450-17, 450-18].

20       On May 18, 2017, counsel for Lopez sent an email to counsel for

21   SourceAmerica stating that the responses to **two** requests for production, nos. 4 and

22   5, and responses to several interrogatories "still suffer from the various defects that

23   we have previously brought to your attention" and stating that he would be filing a

24   motion to compel.  (Dkt. 450-20; Nugent Decl. ¶7).  The email did not "highlight"

25   any deficiencies.  (*Id.*)  It simply declared that they existed, but did not identify what

26   they were.  (*Id.*)  Nevertheless, SourceAmerica again agreed to amend its responses.

27   (*Id.*)  On May 26, 2017, SourceAmerica served Lopez with its Third Amended

28   Responses to Counterdefendant Ruben Lopez's Interrogatories and its Third

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Amended Responses to Counterdefendant Ruben Lopez's Requests for Production. [Dkt. 450-3, 450-4].

On Friday, June 9, 2017 at 4:42 p.m., Bona Fide and Lopez's counsel hand-delivered seven separate letters and a thumb drive that contained a large document production to the offices of counsel for SourceAmerica. One of those letters was from Mr. Schouten, and stated that "it appears that SourceAmerica has not remedied the defects in its responses" to Lopez's discovery requests, listing far more requests for production than the two identified in his May 18, 2017 email, and listing several interrogatories that allegedly still contained such "defects." (Nugent Decl. ¶9, Dkt. 450-21).  The letter again threatened a motion to compel, but did not identify any particular "defect" or which of the issues raised in the 15-page December 14, 2016 letter or the 13-page March 28, 2017 letter—both of which addressed responses that had since been amended—remained unaddressed.  (*Id.*).

Thus, counsel for SourceAmerica sought clarification from Mr. Schouten by letter dated June 14, 2017, noting that SourceAmerica had amended its responses **three times** in response to his correspondence and meet and confer efforts, asking that he identify the specific "defects" he believed still existed, offered to meet in person the following week to discuss the issues, and noted that the filing of any motion to compel would be premature and unfounded.  [Dkt. 450-22, Nugent Decl. ¶10]. Mr. Schouten never responded to the letter.  (Nugent Decl. ¶11).  Instead, he waited nearly two weeks and then, with no further discussion of the matter, filed the instant Motion on June 26, 2017.  (*Id.*)

III.  **ARGUMENT**

    A.  **The Court Should Strike and/or Deny Lopez's Motion Because It is Procedurally Invalid**

Lopez's Motion is procedurally invalid because counsel for Lopez failed to meaningfully meet and confer prior to filing this Motion.  SourceAmerica had already amended its responses **three times** in response to concerns raised by counsel

for Lopez. Nevertheless, SourceAmerica requested clarification as to what "defects" remained in SourceAmerica's Third Amended Responses and requested to meet in person to discuss the issues. Rather than identifying the supposed "defects" and instead of engaging in any effort to meet and confer – much less the in-person meeting require by this Court's Local Civil Rule 26.1(a), Lopez completely ignored SourceAmeria's good faith efforts to resolve the matter without Court intervention and filed this Motion nearly two weeks later without ever communicating further with SourceAmerica.

Parties are required to meet and confer prior to filing motions to compel to narrow the issues brought before the Court to specific genuine issues that cannot be resolved without judicial intervention. Fed. R. Civ. P. 37(a)(1). A "failure to meet and confer is grounds for denial of the motion to compel." *Heilman v. Silva*, No. 13CV2984-JLS-MDD, 2015 WL 1632693, at *2 (S.D. Cal. Apr. 13, 2015) (denying a motion to compel based on Plaintiff's failure to meet and confer with Defendant in good faith). Local Civil Rule 26.1(a) requires parties to meet and confer in good faith and in person, provided that the parties are in the same county, as is the situation here.

With respect to SourceAmerica's responses to Lopez's Interrogatories, Set One, counsel for Lopez repeatedly claims to have discussed "in detail" the alleged "deficiencies" in SourceAmerica's responses. However, the only "detail" contained in the record as to the meet and confer efforts on these responses consists of letters dated December 14, 2016 and March 28, 2017. [Dkt. 450-9, 450-17]. But following counsel's March 28, 2017 letter, which addressed various interrogatory and request for production responses, SourceAmerica has **twice** amended its responses; once on May 12, 2017 and again on May 26, 2017. [Dkt. 450-18, 450-3]. The only "meet and confer" effort that occurred between May 26, 2017 and the filing of the instant Motion was a single letter on June 9, 2017, in which Mr. Schouten claimed that the Third Amended Responses contained "defects" which counsel for Lopez allegedly

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1  "previously identified in our prior correspondence and in-person meetings." [Dkt.

2  450-21; Nugent Decl. ¶10].

3  However, and as counsel for Lopez reiterates throughout the Motion and his

4  declaration, his December 14, 2016 letter was fifteen pages long and his March 28,

5  2017 letter was thirteen pages long. Each addressed a whole host of alleged concerns

6  with SourceAmerica's responses, many of which were fully and completely

7  addressed and resolved through earlier meet and confer efforts. Counsel for

8  SourceAmerica reiterated SourceAmerica's previous willingness to amend responses

9  to address any remaining "defects" and explicitly requested that counsel for Lopez

10 provide more specific details as to which "deficiencies" allegedly remained in

11 SourceAmerica's Third Amended Responses, stating categorically that a motion to

12 compel on such "defects" would be both premature and unfounded given that there

13 was no attempt to identify any specific problems or areas of concern in counsel's

14 June 9, 2017 letter. (Nugent Decl. ¶10).

15 Prior to bringing this Motion with regard to SourceAmerica's Third Amended

16 Responses, counsel for Lopez made no effort to identify any particular claimed

17 "defects," or even general areas of concern, with respect to those specific responses,

18 instead vaguely referring to letters previously sent to SourceAmerica in response to

19 old, outdated, and since-amended responses. Thus, there was no genuine meet and

20 confer effort, and the Motion should be denied.

21 It is well-established that the Court may deny a motion to compel outright,

22 pursuant to Local Rule 26.1and Federal Rule of Civil Procedure 37 (a)(1), when the

23 movant failed to meet and confer in good faith. *See Rogers v. Giurbino*, 288 F.R.D.

24 469, 477 (S.D. Cal. 2012 (noting "[a] court can deny a motion to compel solely

25 because of a party's failure to meet and confer prior to filing the motion"); *Shaw v.*

26 *County of San Diego*, No. 06-CV-2680-IEG (POR), 2008 U.S. Dist. LEXIS 80508 at

27 *3-4 (S.D. Cal. Oct. 9, 2008 (denying motion to compel based upon a failure to meet

28 and confer); *Heilman v. Silva*, No. 13cv2984-JLS-MDD, 2015 U.S. Dist. LEXIS

48353 (S.D. Cal. Apr. 13, 2015) (denying motion to compel based upon a failure to meet and confer in good faith). Lopez has had ample opportunity to discuss the discovery issues presented in this Motion with SourceAmerica, which could have been resolved without the Court's intervention, but failed to do so. SourceAmerica therefore respectfully requests that the Court strike his defective motion or in the alternative, deny it due to his failure to meet and confer before filing it.

### B. Alternatively, Because Lopez Fails to Show How the Interrogatory Responses are Allegedly Incomplete, the Motion Should Be Denied.

Alternatively, should the Court entertain Lopez's defective motion, the Court should also deny it because Lopez fails to establish that SourceAmerica's lengthy interrogatory responses are incomplete, depriving SourceAmerica of both a genuine opportunity to respond and an opportunity to meaningfully amend the responses.

Lopez contends that the responses "are incomplete because they fail to disclose any responsive documents known to SourceAmerica and its current and former employees," but fails to identify any documents that Lopez believes are missing. (Lopez's Motion at 12). After arguing the responses are incomplete by failing to disclose documents, Lopez then contradicts that same argument by arguing that SourceAmerica disclosed *too many* documents and should have provided narrower bates ranges. To the extent Lopez argues SourceAmerica should have provided a narrower bates range for each request, he has never raised that issue in any meet and confer effort, as discussed further below. As is evident by the Motion, Lopez repeatedly attacks SourceAmerica's good faith attempts to amend the responses but does not explain the relief he seeks from the Court. Even if the Court were to grant Lopez's motion, it is unclear what information Lopez believes SourceAmerica has withheld.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

### C. Because the Interrogatories Are Overbroad and Burdensome, SourceAmerica's Responses are Proper and the Motion Should Be Denied.

SourceAmerica properly objected to Interrogatory Nos. 6, 9, 12, 18, 21, 24, 27, 30, 36, 39, and 42 as overly broad and unduly burdensome. However, Lopez fails to inform the Court that each response also states that, "Responding Party is not withholding any information on the basis of these objections." Lopez asks the Court to order SourceAmerica to produce additional information that SourceAmerica is not withholding. This is exactly the type of request that could have been avoided through a proper meet and confer process.

Further, as the responses themselves state, many of the requests implicate over ten thousand documents. Requiring SourceAmerica to specifically identify thousands of documents is not proportional to the needs of this case. Lopez already has possession of the documents SourceAmerica produced in a searchable format with metadata that would allow him to examine the documents quickly. For any of the interrogatories, Lopez could apply search terms to find the exact documents he seeks, rather than demanding lists of the documents produced. Further, counsel for Lopez refused to provide clarification as to the requests or narrow the scope at the April 4, 2017 meeting. (Nugent Decl. ¶3). Therefore, because Lopez can find the documents within SourceAmerica's prior production, the Court should strike or deny the motion to compel.

### D. Because the Interrogatories Seek Information that Is Confidential, Proprietary, and/or Trade Secret, SourceAmerica's Reponses are Proper and the Motion Should Be Denied.

SourceAmerica objected to Interrogatory Nos. 3, 6, 9, 12, 18, 21, 24, 27, 36, 39, and 42 on the basis that the interrogatories seek confidential, proprietary, and/or trade secret information. However, Lopez fails to inform the Court that each response also states that "Responding Party is not withholding any information on the basis of these objections." Lopez asks the Court to order SourceAmerica to produce additional information that SourceAmerica is not withholding. This is exactly the

- 8 -

SOURCEAMERICA'S OPPOSITION TO LOPEZ'S MOTION TO COMPEL FURTHER ANSWERS TO
INTERROGATORIES                                    Case No.: 3:14-cv-00751-GPC-AGS

type of request that could have been avoided through a proper meet and confer

process.

Further, the objections are proper.  The interrogatories seek information that is

plainly confidential, proprietary and/or qualifies as a trade secret.  For example,

Interrogatory No. 24 asks SourceAmerica to identify all documents that show

Lopez's fraudulent conduct.  This interrogatory necessarily implicates a large

majority of the administrative record for the opportunities at issue.  As

SourceAmerica has previously established, the administrative record is protected by a

comprehensive legal framework and qualifies as confidential, proprietary and/or

trade secret.  [Dkt. 358-1; 358-5.]  The Court has already found that the parties have

information that qualifies as confidential, proprietary, and/or trade secret by entering

a protective order.  [Dkt. 414.]  The parties have all marked documents as

"Confidential" or "Confidential - For Counsel Only" pursuant to the protective order,

and neither Bona Fide nor Lopez has ever challenged before this Court any of

SourceAmerica's confidentiality designations.  The Court has also granted multiple

motions to seal pleadings and exhibits filed with the Court.  Because

SourceAmerica's objections have merit, and because SourceAmerica is not

withholding information based on the objections, such that Lopez has only made

conclusory allegations to the contrary, this Court should deny or strike this Motion.

**E.     Because Lopez Failed to Define the Term "Injury," SourceAmerica's Objection to Interrogatory No. 42 as Vague and Ambiguous is Proper, and This Motion Should Be Denied**

SourceAmerica properly objected to Interrogatory No. 42 on the basis that the

interrogatory is vague and ambiguous.  Lopez again fails to inform the Court that the

response also states that, "Responding Party is not withholding any information on

the basis of these objections" and asks the Court to order SourceAmerica to produce

additional information that SourceAmerica is not withholding.  This is exactly the

type of request that could have been avoided through a proper meet and confer

process.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    Further, SourceAmerica's objection is proper. Interrogatory No. 42 asks

2    SourceAmerica to identify all documents which support the facts identified in

3    SourceAmerica's answer to Interrogatory No. 40. Interrogatory No. 40 asks

4    SourceAmerica to "DESCRIBE IN DETAIL each injury which YOU contend was

5    caused by COUNTERDEFENDANTS." However, this is not a personal injury case

6    where there is a clearly understood definition of "injury." Lopez's actions, as alleged

7    in SourceAmerica's cross-complaint, have caused SourceAmerica significant

8    financial harm, and jeopardized a program designed to allow disabled persons a

9    chance to work. Lopez has also harmed the reputation of non-profit agencies, their

10   employees, and countless others by filing baseless litigation and encouraging others

11   to file lawsuits with no merit. Therefore, the term injury is vague and ambiguous

12   because it is susceptible to a wide variety of meanings. Because SourceAmerica's

13   Objection to Interrogatory 42 is proper, and because it is not withholding any

14   information despite this objection, this Court should deny or strike this Motion.

15   **F.    This Court Should Also Deny or Strike this Motion Because
16          Lopez Failed to Meet and Confer Regarding Bates Ranges, and
            Because the Motion is Untimely as to That Issue**

17   Lopez also argues that SourceAmerica should be required to identify specific

18   bates ranges of documents. But SourceAmerica provided bates ranges in its Second

19   Amended Responses on May 12, 2017. [Dkt. 450-18]. On May 18, 2017, counsel

20   for Lopez sent an email to counsel for SourceAmerica that did not identify any issues

21   with the bates ranges that SourceAmerica provided. [Dkt. 450-20]. Pursuant to this

22   Court's Chambers Rules, Lopez faced a deadline of 30 days following service of

23   SourceAmerica's Second Amended Responses on May 12, 2017 to file a motion to

24   compel. Lopez has never even met and conferred on this issue, nor does Lopez's

25   counsel contend otherwise. Even if he had, the instant motion filed on June 26, 2017,

26   past the 30 day deadline, is untimely. This Court should deny Lopez's motion with

27   respect to bates ranges for each of these reasons.

28

### G. The Court Should Award SourceAmerica its Reasonable Attorneys' Fees

Lopez's Motion violates both the Federal Rules of Civil Procedure and the Local Civil Rules. Lopez's Motion is not substantially justified, as it is procedurally defective, lacks merit, and seeks to compel responses that SourceAmerica has already provided. Because Lopez lacks substantial justification for his position, the Court must award the responding party reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37 (a)(5)(B); *see, e.g.*, *Brandon v. D.R. Horton, Inc.*, No. 07cv1256 J (POR), 2008 U.S. Dist. LEXIS 40000 at * 6 (S.D. Cal. May 16, 2008) (affirming a magistrate judge's award of attorney's fees to a defendant following successful opposition of a motion to compel). SourceAmerica's attorneys have incurred in excess of $2,900 in attorney's fees in conjunction with the preparation of SourceAmerica's Opposition to the pending motion. (Nugent Decl. ¶13).

### H. Lopez Is Not Entitled to Recover Costs and Expenses, Including Attorneys' Fees

Alternatively, should the Court grant Lopez's Motion, an award of costs and expenses is inappropriate. An award of fees is inappropriate when the moving party failed to meet and confer prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(5)(A)(i); *Board of Trustees of Leland Standford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008 (denying award of fees because the moving party failed to meet and confer in good faith). As discussed above, Lopez failed to meet and confer as required prior to filing the present Motion. (Nugent Decl., ¶¶10-12.) Therefore, costs and expenses, including attorney's fees, incurred in bringing the present Motion, are not recoverable.

An award of costs and fees is also inappropriate when the respondent's position is substantially justified. Fed. R. Civ. P. 37 (a)(5)(A)(ii). A position is substantially justified when reasonable people could differ on whether the respondent's position was appropriate. *Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.C.

- 11 -

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Cir. 2015); *Aevoe Corp. v. AE Tech Co., LTD.*, No. 2:12-cv-00053-GMN-NJK, 2013 U.S. Dist. LEXIS 135755 at *7-11 (D. Nev. Sept. 20, 2013).

Here, SourceAmerica reasonably agreed to amend its responses each time counsel for Lopez explained what purported "defects" existed in the responses so as to address his concerns. SourceAmerica also reasonably agreed to meet regarding Lopez's alleged additional concerns with respect to SourceAmerica's Third Amended Responses, and asked that counsel specifically identify those concerns so that SourceAmerica could meet and confer in good faith and attempt to remedy them. In response, Lopez has ignored SourceAmerica's efforts to resolve these issues without Court intervention. Because SourceAmerica acted reasonably and with substantial justification, the Court should not award Lopez his costs and expenses.

## IV.    CONCLUSION

In light of the foregoing, SourceAmerica respectfully requests that this Court deny or strike Lopez's Motion in its entirety and award SourceAmerica its reasonable attorney's fees incurred in preparing its Opposition to Lopez's unnecessary, procedurally invalid, and frivolous motion.

Dated:  July 12, 2017                    GORDON & REES LLP


                                         By:  /s/ Matthew P. Nugent
                                              Matthew P. Nugent
                                              *Attorneys for SourceAmerica*
                                              mnugent@gordonrees.com