UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC,<br><br>Plaintiff,<br><br>v.<br><br>SOURCEAMERCA; PRIDE INDUSTRIES, INC.; KENT, CAMPA & KATE, INC.; SERVICESOURCE, INC.; JOB OPTIONS, INC.; GOODWILL INDUSTRIES OF SOUTHERN CALIFORNIA; LAKEVIEW CENTER, INC.; THE GINN GROUP, INC.; CORPORATE SOURCE, INC.; CW RESOURCES; NATIONAL COUNCIL OF SOURCEAMERICA EMPLOYERS; and OPPORTUNITY VILLAGE, INC.,<br><br>Defendants. | Case No.:  3:14-cv-00751-GPC-AGS<br><br>**ORDER**<br><br>**(1) SETTING BRIEFING SCHEDULE FOR SUBSTANTIVE MOTIONS [ECF Nos. 519, 520, 521, 526, 527, 532];**<br><br>**(2) GRANTING MOTIONS FOR LEAVE TO EXCEED PAGE LIMITATION [ECF Nos. 522, 523]; and**<br><br>**(3) GRANTING TWO MOTIONS TO SEAL [ECF Nos. 524, 528] and CALLING FOR FURTHER BRIEFING AS TO ONE MOTION TO SEAL [ECF No. 530].** |
| BONA FIDE CONGLOMERATE, INC,<br><br>Counterclaimant,<br><br>v.<br><br>BONA FIDE CONGLOMERATE, INC.; and RUBEN LOPEZ,<br><br>Counterdefendants. | |

## I. Briefing Schedule for Substantive Motions

The parties in this case have filed three motions for full and/or partial summary judgment (ECF Nos. 519, 526, 527), two motions to exclude expert testimony (ECF Nos. 521, 532), and one motion for leave to file an amended counterclaim complaint (ECF No. 520). Oppositions to these motions shall be filed by **August 3, 2018**. Any replies shall be filed by **August 17, 2018**. A hearing for these motions will be held on **September 21, 2018, at 1:30 p.m. in Courtroom 2D.**

## II. Motions for Leave to Exceed Page Limitation

The pretrial motions deadline in this case was July 13, 2018. That day, the parties in this case sought—pursuant to this Court's local rules, *see* S.D. Cal. L. Civ. R. 7.1(b)—a hearing date for each of the motions listed above. The Court assigned one hearing date, September 21, 2018, for all the motions.

This Court's Local Civil Rule 7.1(h) sets a cumulative 25-page limitation for all motions noticed for the same hearing day. Because of the substantial number of motions filed, and because the Court set the motions to be heard all on the same day, the parties seek leave from Rule 7.1(h)'s cumulative page limitation. (ECF Nos. 522, 523.) The Court notes that none of the individual motions span more than 25 pages. Thus, the Court finds good cause to grant leave from Local Civil Rule 7.1(h). The motions for leave to exceed the page limitation are therefore GRANTED.

## III. Motions for Leave to File Documents Under Seal

Both parties have filed motions to file documents under seal. Under common law and the First Amendment, there is a presumptive right of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record must articulate justifications that outweigh the historical right of access and the public policies favoring disclosure.

*Kamakana*, 447 F.3d at 1178–79. Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Id.* at 1178–80. Protection of trade secrets is a compelling reason to prevent public disclosure of information set forth in court filings. *See id.* at 1179.

On September 21, 2017, Magistrate Judge Schopler adopted the parties' proposed amended protective order. (ECF No. 483 (adopting ECF No. 482-1 "as though set our herein").) The amended protective order instructed the parties to mark as "confidential information" trade secret information that has not been made available to the general public. (ECF No. 482-1 at 4.)

In ECF No. 524, Bona Fide and Lopez seek to file redacted versions of their summary judgment motion and documents filed in support of that motion. (*See* ECF Nos. 526-1, 526-2, 526-3, 526-4.) They explain that the information sought to be redacted in these documents have been designated as confidential by SourceAmerica or contain excerpts of documents so designated. The information sought to be sealed include contents and information supporting a confidential settlement agreement. The Court finds the confidentiality of the agreement to be a compelling reason to prevent public disclosure of this information, and therefore GRANTS the motion to seal.

In ECF No. 528, SourceAmerica seeks to file redacted version of (1) its motion for summary judgment on its counterclaims and documents filed in support thereof (ECF No. 519), (2) its motion for summary judgment on Bona Fide's claims against SourceAmerica and documents filed in support thereof (ECF No. 527), (3) a declaration filed in support of its motion for leave to file a second amended counterclaim complaint (ECF No. 520-2), and (4) a document filed in support of its motion to exclude Expert Kevin M. Jans (ECF No. 521-3.) The portions of these filings sought to be redacted include information relating to allegedly surreptitiously recorded private conversations as well as confidential and proprietary trade secrets protected by federal procurement regulations. These present compelling reasons for disclosure. The motion to seal is therefore GRANTED.

3:14-cv-00751-GPC-AGS

In ECF No. 530, Bona Fide seeks to file heavily redacted versions of its motion to exclude Expert Mary Karen Wills and supporting documents (ECF No. 532). The only argument in support of sealing the information in these filings is that SourceAmerica marked the information "confidential" during discovery. (ECF No. 530 at 2.) Bona Fide, however, "does not agree that the documents meet Ninth Circuit precedent for sealing." (*Id.*) Without the benefit of further argument that sealing the information in these documents is necessary, the Court cannot determine that compelling reasons exist to rebut the presumption of public access to court filings. Because SourceAmerica is the party asserting that this information must be protected from public disclosure, the Court ORDERS SourceAmerica to file a memorandum, no later than seven days from the date of this order, explaining why redacting this large amount of information is necessary.

*       *       *

In summation, the Court GRANTS the parties' motions for leave to file excess pages found at ECF Nos. 522 and 523. The Court GRANTS the motions to seal found at ECF Nos. 524 and 528. The Court defers a ruling as to the motion to seal found at ECF No. 530 and orders SourceAmerica to file a memorandum, within seven days, justifying the redactions proposed by that motion.

**IT IS SO ORDERED.**

Dated: July 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge

3:14-cv-00751-GPC-AGS