UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERCA; PRIDE INDUSTRIES, INC.; KENT, CAMPA & KATE, INC.; SERVICESOURCE, INC.; JOB OPTIONS, INC.; GOODWILL INDUSTRIES OF SOUTHERN CALIFORNIA; LAKEVIEW CENTER, INC.; THE GINN GROUP, INC.; CORPORATE SOURCE, INC.; CW RESOURCES; NATIONAL COUNCIL OF SOURCEAMERICA EMPLOYERS; and OPPORTUNITY VILLAGE, INC., <br><br> Defendants. | Case No.: 3:14-cv-00751-GPC-AGS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> **[ECF No. 530]** |
| BONA FIDE CONGLOMERATE, INC., <br><br> Counterclaimant, <br><br> v. <br><br> BONA FIDE CONGLOMERATE, INC.; and RUBEN LOPEZ, <br><br> Counterdefendants. | |

1

On July 13, 2018, Bona Fide Conglomerate, Inc. ("Bona Fide") filed a motion for leave to file documents under seal. (ECF No. 530.) The documents Bona Fide seeks to seal relate to its motion to exclude Defendant SourceAmerica's expert Mary Karen Wills. (ECF No. 532.) Bona Fide explained in its motion that while it did not believe that sealing the information at issue was appropriate, the documents involved had been marked "confidential" by SourceAmerica's counsel. (ECF No. 530 at 2–3.) On July 19, 2018, the Court deferred a ruling on the motion. (ECF No. 533 at 4.) Noting that a motion to seal must present compelling reasons for overcoming the default rule that court filings are available to the public, the Court ordered SourceAmerica to file a memorandum explaining why sealing this information was appropriate. SourceAmerica filed a timely response. (ECF No. 538.)

SourceAmerica explains that the information at issue in the motion should be sealed because it relates to Non-Profit Affiliates' responses to Sources Sought Notices or Opportunity Notices. (ECF No. 538 at 6.) As SourceAmerica explains, the policy of protection envisioned in the Procurement Integrity Act, Federal Acquisition Regulations, and Trade Secrets Act demonstrate that the information Wills discusses in her expert reports and deposition amounts to trade secret information. This is because the AbilityOne Program, the program at issue in this case, uses this information to select procurement bids. The Ninth Circuit has recognized the protection of trade secret information as a compelling reason to seal court filings. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). And as courts have recognized, public disclosure of procurement bid information threatens the integrity and efficiency of the government procurement process. *Cf. Metric Sys. Corp. v. United States*, 13 Cl. Ct. 504, 506–07 (1987). The Court agrees with SourceAmerica that Wills' discussion of this information presents a compelling reason for sealing the documents filed at ECF Nos. 532-4 (expert report), 532-5 (expert rebuttal report), and 532-7 (deposition transcript). The Court therefore GRANTS the motion to seal as to these documents.

SourceAmerica has clarified, however, that not all of the information Bona Fide has

asked to be sealed includes trade secret information.  SourceAmerica thus does not oppose the public filing of the entire documents filed at ECF Nos. 532-1, 532-2, 532-3, 532-6, 532-8, and 532-10.  (*See* ECF No. 538 at 13–14.)  Because none of the parties believe the information in these document need be sealed, the Court DENIES the motion to seal as to these documents.

The Court finds it necessary to note that it rejects SourceAmerica's assertion that the fact that, during discovery, counsel happened to mark certain documents "confidential" or "confidential – for counsel only" is not a compelling reason to seal documents filed with the Court.  Under the Second Amended Protective Order in this case, the parties agreed to designate as confidential information they "believe[] should be subject to this Protective Order."  (ECF No. 482-1 at 4.)  Just because a party believes a particular document is, for example, trade secret information does not make it so.  Whether sealing a particular document is appropriate is a determination for the Court, not the parties, to make.

In sum, the Court GRANTS in part and DENIES in part the motion to seal at ECF No. 530.  Bona Fide shall, within five days of the date this order is filed, withdraw its motion to exclude Mary Karen Wills (ECF No. 532) and all attached exhibits, and refile these documents publicly except for the sealing approved above.  This refiling of Bona Fide's motion to exclude Mary Karen Wills will not alter the previously set briefing schedule and hearing date.  (*See* ECF No. 533.)

**IT IS SO ORDERED.**

Dated:  July 31, 2018

Hon. Gonzalo P. Curiel
United States District Judge