# EXHIBIT D

EXHIBIT
631
Wills
6/20/18

1  WRIGHT, L'ESTRANGE & ERGASTOLO
       John H. L'Estrange, Jr. (SBN 049594)
2      jlestrange@wlelaw.com
       Joseph T. Ergastolo (SBN 137807)
3      jte@wlelaw.com
       Andrew E. Schouten (SBN 263684)
4      aschouten@wlelaw.com
   402 West Broadway, Suite 1800
5  San Diego, CA 92101
   (619) 231-4844; Fax: (619) 231-6710
6
   Attorneys for Plaintiff and Counterdefendant
7  Bona Fide Conglomerate, Inc. and
   Counterdefendant Ruben Lopez
8

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12  BONA FIDE CONGLOMERATE, INC.,    Case No.: 14cv0751 GPC (AGS)
13
                    Plaintiff,       **NOTICE OF VIDEOTAPED**
14                                   **DEPOSITION OF MARY KAREN**
                    v.               **WILLS AND REQUEST TO**
15                                   **PRODUCE DOCUMENTS**
    SOURCEAMERICA, et al.,
16
                    Defendants.
17                                   Date:  June 20, 2018
                                     Time:  10:00 a.m.
18                                   Place: Esquire Deposition Solutions
    AND RELATED COUNTERCLAIMS              1025 Vermont Ave. NW Suite 503
19                                         Washington, D.C. 20005

20       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules

22  of Civil Procedure, Plaintiff and Counterdefendant Bona Fide Conglomerate, Inc., and

23  Counterdefendant Ruben Lopez, by their undersigned counsel, will serve the subpoena

24  attached hereto as Exhibit "A" for the deposition of Defendant and Counterclaimant

25  SourceAmerica's designated expert, MARY KAREN WILLS, upon oral examination

26  before a notary public or some other person duly qualified to administer an oath, on

27  June 20, 2018 at 10:00 a.m., in the offices of Esquire Depositions Solutions, located at

28  1025 Vermont Avenue NW Suite 503, Washington, D.C. 20005.

                                    1           Case No. 14cv0751 GPC (AGS)

1      The deposition will be taken, pursuant to Rules 30(b)(3)(A), (B), and 45(a),

2  before a certified shorthand reporter and will be videotaped and audiotaped for use at

3  trial and all other purposes allowed under the Federal Rules of Civil Procedure.

4      NOTICE IS FURTHER GIVEN that at the time of deposition, the deponent

5  named above is required to bring with her and produce the documents specified in

6  Exhibit A.

7

8  Dated: May 11, 2018             WRIGHT, L'ESTRANGE & ERGASTOLO

9                         Attorneys for Plaintiff and Counterdefendant

10                        Bona Fide Conglomerate, Inc. and Counterdefendant Ruben Lopez

11                        By:_____

12                           Joseph T. Ergastolo
                           jte@wlelaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                2              Case No. 14cv0751 GPC (AGS)

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| Bona Fide Conglomerate, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:14-cv-00751-GPC-AGS |
| | ) |
| SourceAmerica et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Mary Karen Wills, CPA, Managing Director, Berkeley Research Group
1800 M Street, N.W., Suite 200, Washington, D.C. 20036, (202) 480-2773, mkwills@thinkbrg.com
*(Name of person to whom this subpoena is directed)*

&#9745; *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Esquire Deposition Solutions<br>1025 Vermont Avenue NW Suite 503<br>Washington, D.C. 20005 | Date and Time:<br>06/20/2018 10:00 am |
|---|---|

The deposition will be recorded by this method:   certified shorthand reporter; audiovisual recording

&#9745; *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  see Attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/11/2018

*CLERK OF COURT*

directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:14-cv-00751-GPC-AGS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment to Subpoena to Testify at a Deposition and Produce Documents to
MARY KAREN WILLS
Case No. 3:14-cv-0751-GPC-AGS
United States District Court, Southern District of California**

## DOCUMENTS TO BE PRODUCED

At the time of deposition, you are required to bring with you and produce the following documents:

1.      All reports, letters, notes, communications, correspondence, and other documents containing or relating to your opinions, findings, liability or causation issues, damage analyses, investigations, studies, calculations, or other actions taken in relation to the services provided by you as an expert in this litigation.

2.      All notes, emails, other writings and documents related to all communications with any attorney involved in this litigation, in this litigation, other than the attorney retaining you as an expert.

3.      All notes, emails, other writings and documents related to all communications with any other expert witness involved in this litigation.

4.      All notes, emails, other writings and documents related to all communications with any consultant involved in this litigation.

5.      All notes, emails, other writings and documents related to all communications with any party, party representative or party employee involved in this litigation.

6.      All notes, emails, other writings and documents related to all communications with any other person or entity in relation to this litigation.

7.      All documents and things, including reports, draft reports, correspondence, emails, notes, photographs, videos, test results, inspection results, party documents, deposition exhibits, depositions and any other documents provided to you by any person or entity in connection with this litigation.

Exhibit D, page00236

8.     All billing records, invoices, and other documents related to all services provided by or on your behalf in connection with this litigation.

9.     All documents, photographs and things provided to any attorney, other expert witness, consultant, party, party representative, party employee or other person in connection with this litigation.

10.     All deposition transcripts reviewed, whether in part or full, all deposition exhibits, and all notes made and other documents related thereto.

11.     All reports authored by other experts in this litigation, all attached exhibits, and all notes made and other documents related thereto.

12.     All audio recordings related to this litigation and your investigations, findings, or opinions.

13.     All codes, regulations, standards and laws reviewed by you in connection with services provided during this litigation.

14.     All codes, regulations, standards and laws upon which you base any opinions in this litigation.

15.     All demonstrative evidence, including but not limited to models, diagrams, animation, videos, photographs, charts, power-point presentations or other things that you may testify to at trial.

16.     All documents and things that you are relying upon or have reviewed to assist in the formation of opinions in this litigation.

17.     To the extent not previously identified in your expert witness disclosures and produced in this case, all documents and communications provided to, prepared by, and considered by you in forming your opinions and in preparing your report in this litigation.

18.     To the extent not previously produced, all final reports required under Rule 26(a)(2), and any drafts thereof or notes and communications related thereto.

Exhibit D, page00237

WRIGHT, L'ESTRANGE & ERGASTOLO
John H. L'Estrange, Jr. (SBN 049594)
jlestrange@wlelaw.com
Joseph T. Ergastolo (SBN 137807)
jte@wlelaw.com
Andrew E. Schouten (SBN 263684)
aschouten@wlelaw.com
402 West Broadway, Suite 1800
San Diego, CA 92101
(619) 231-4844; Fax: (619) 231-6710

Attorneys for Plaintiff and Counterdefendant
Bona Fide Conglomerate, Inc. and
Counterdefendant Ruben Lopez

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., | Case No.: 14cv0751 GPC (AGS) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| SOURCEAMERICA, et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

I, the undersigned, am a member of the bar of this Court, and counsel for Plaintiff and Counterdefendants herein, and I hereby certify that on **May 11, 2018,** I served true and correct copies of the following documents:

**1. Notice of Videotaped Deposition of Mary Karen Wills and Request for Production of Documents**

__XX__ U.S. Mail: I placed a copy in a separate envelope, with postage fully prepaid, for each addressee named herein for collection and first class mailing on the below indicated date. I am readily familiar with Wright, L'Estrange & Ergastolo's practices for collection and processing of correspondence for mailing with the United States Postal Service.

__XX__   Electronic Transmission.   I emailed the document(s) to the email address(es) listed below and the transmission was reported complete and without error.

| **E-Mail Only** | **U.S. Mail and E-Mail** |
|---|---|
| Joseph W. Goodman | Kevin W. Alexander |
| Gordon & Rees | Gordon & Rees |
| 101 W. Broadway, Suite 2000 | 101 W. Broadway, Suite 2000 |
| San Diego, CA  92101 | San Diego, CA  92101 |
| jgoodman@gordonrees.com | kalexander@gordonrees.com |
| *Attorneys for SourceAmerica* | *Attorneys for SourceAmerica* |
| **E-Mail Only** | |
| Matthew P. Nugent | |
| Gordon & Rees | |
| 101 W. Broadway, Suite 2000 | |
| San Diego, CA  92101 | |
| mnugent@gordonrees.com | |
| *Attorneys for SourceAmerica* | |

Executed on **May 11, 2018.**

*/s/ Tina Rynberg*
Tina Rynberg
trynberg@wlelaw.com

Exhibit D, page00239

**In the Matter Of:**

BONA FIDE CONGLOMERATE vs SOURCEAMERICA

14cv0751 GPC (AGS)

---

**MARY K. WILLS**

*June 20, 2018*

---



800.211.DEPO (3376)
*EsquireSolutions.com*

| 1 | UNITED STATES DISTRICT COURT |
|---|---|
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |
| 3 | |
| 4 | BONA FIDE                          : |
| 5 | CONGLOMERATE, INC.,                : |
| 6 |          Plaintiff,     :   Case No. |
| 7 |    v.                   :   14cv0751 GPC (AGS) |
| 8 | SOURCEAMERICA, et al,  : |
| 9 |          Defendants.    : |
| 10 | |
| 11 | |
| 12 | Videotaped Deposition of MARY KAREN WILLS |
| 13 | Washington, D.C. |
| 14 | Wednesday, June 20, 2018 |
| 15 | 9:50 a.m. |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | Job No.: J2171748 |
| 21 | Pages: 1 - 322 |
| 22 | Reported By: Michelle Taylor |



800.211.DEPO (3376)
EsquireSolutions.com

 1        Deposition of MARY KAREN WILLS, held at the

 2    offices of:

 3

 4

 5           Esquire Deposition Solutions

 6           1025 Vermont Avenue, Northwest

 7           Suite 503

 8           Washington, D.C.

 9           (202) 429-0014

10

11

12

13

14        Pursuant to notice, before Michelle Taylor,

15    Notary Public in and for the District of Columbia.

16

17

18

19

20

21

22



```
 1                 A P P E A R A N C E S

 2    ON BEHALF OF PLAINTIFF BONA FIDE:

 3             ANDREW E. SCHOUTEN, ESQUIRE

 4             Wright, L'Estrange & Ergastolo

 5             402 West Broadway

 6             Suite 1800

 7             San Diego, California 92101

 8             (619) 231-4844

 9

10    ON BEHALF OF DEFENDANT SOURCEAMERICA:

11             J. DANIEL HOLSENBACK, ESQUIRE

12             Gordon & Rees, LLP

13             101 W. Broadway

14             Suite 2000

15             San Diego, California 92101

16             (619) 696-6700

17    ALSO PRESENT:

18             Noojan Ettehad, Videographer

19

20

21

22
```



1              C O N T E N T S

2    EXAMINATION OF MARY KAREN WILLS:          PAGE

3         By Mr. Schouten                        6

4

5

6

7              E X H I B I T S

8         (Attached to transcript)

9    WILLS DEPOSITION EXHIBITS                 PAGE

10      Exhibit 631  Subpoena                    15

11      Exhibit 632  BRG Charges                 21

12      Exhibit 633  Documents                   23

13      Exhibit 634  Second Designation Expert   33

14                   Report

15      Exhibit 635  Expert Report               33

16      Exhibit 636  Rebuttal Report             33

17

18

19

20

21

22



MARY K. WILLS                                              June 20, 2018
BONA FIDE CONGLOMERATE vs SOURCEAMERICA                              5

```
1              P R O C E E D I N G S

2          THE VIDEOGRAPHER:  Good morning, this is

3    the video deposition of Mary Karen Wills in the

4    matter of Bona Fide Conglomerate, Incorporated

5    versus SourceAmerica, et al.  This deposition is

6    being taken in Washington, D.C. on June 20, 2018

7    at 9:51 a.m.  My name is Noojan Ettehad and I'm

8    the videographer.  The court reporter today is

9    Michelle Taylor.

10         Will the counsel introduce themselves.

11         MR. SCHOUTEN:  Good morning, my name is

12   Andrew Schouten and I'm an with the law firm of

13   Wright L'Estrange & Ergastolo.  And I represent

14   the Plaintiff/Counter Defendant Bona Fide

15   Conglomerate, Incorporated and Counter Defendant

16   Ruben Lopez.

17         MR. HOLSENBACK:  Good morning, my name is

18   Daniel Holsenback with Gordan and Rees.  I

19   represent Defendant SourceAmerica.  And with me

20   present is also SourceAmerica corporate counsel

21   Jessica Hardy.

22         THE VIDEOGRAPHER:  Thank you.  The court
```



```
 1   reporter can swear in the witness now.

 2   WHEREUPON,

 3                   MARY KAREN WILLS,

 4   being first duly sworn or affirmed to testify to

 5   the truth, the whole truth, and nothing but the

 6   truth, was examined and testified as follows:

 7           EXAMINATION BY COUNSEL FOR PLAINTIFF

 8   BY MR. SCHOUTEN:

 9       Q   Could you give me your full name and spell

10   your last name.

11       A   Sure.  My name is Mary Karen Wills,

12   W-I-L-L-S.

13       Q   And what is your business address?

14       A   1800 M Street Northwest, Suite 200,

15   Washington, D.C. 20036.

16       Q   I can see from your report that you

17   provided in this case you've been deposed a number

18   of times --

19       A   Yes.

20       Q   -- just for the trial?

21       A   That's right.

22       Q   Let me ask you, when was the last
```



1  of the opportunities and worked to support the

2  expert report.

3      Q  Did Ms. Bautista also help you with the

4  analysis?

5      A  Yes.

6      Q  We will get to them in just a second.

7  Approximately how much time did you spend speaking

8  with Mr. Holsenback yesterday?

9      A  Two hours.

10     Q  Okay.  Let me hand you Exhibit 631.

11         (WILLS Exhibit Number 631 was marked for

12  identification and attached.)

13     Q  I should say the exhibit that we're

14  marking as 631.  Have you seen this document

15  before?

16     A  Yes.

17     Q  This is the notice of your videotaped

18  deposition and request for these documents.

19  There's a subpoena attached to it; do you see

20  that?

21     A  Yes.

22     Q  And as you mentioned, we've received two



```
 1   thumb drives that were transmitted through

 2   counsel.  I believe one was marked as documents in

 3   response to the subpoena, and there was another

 4   thumb drive that was marked as the work file.

 5        I've had a chance to review those, but I

 6   want to go through these categories and see -- to

 7   make sure that my understanding of what has been

 8   produced is accurate.

 9     A   Okay.

10     Q   So if you turn to -- it's going to -- keep

11   going, there we go.

12        So the first category of documents

13   produced is all reports, letters, notes,

14   communications, correspondence, and other

15   documents containing or relating to your opinions,

16   findings, liability or causation issues, damages

17   -- damage analyses investigations, studies,

18   calculations or other actions taken in relation to

19   the services provided by you as an expert in this

20   litigation.

21        I want to ask you, did you produce

22   documents responsive to this category?
```



 1   reasonable request he'll produce the original

 2   transcript to me.  And if the original is lost or

 3   destroyed or otherwise unavailable, we agree that

 4   a certified copy could be used instead.

 5           MR. SCHOUTEN:  Agreed.

 6           MR. HOLSENBACK:  Thank you, sir.

 7           MR. SCHOUTEN:  I think we can go off the

 8   record.

 9           THE VIDEOGRAPHER:  Going off the record at

10   6:02 p.m., this marks the end of DVD Number 5.

11           (Off the record at 6:02 p.m.)

12

13

14

15

16

17

18

19

20

21

22



Exhibit D, page00249

1            ACKNOWLEDGEMENT OF DEPONENT

2

3          I, MARY KAREN WILLS, do hereby acknowledge

4    that I have read and examined the foregoing

5    testimony, and the same is a true, correct and

6    complete transcription of the testimony given by

7    me and any corrections appear on the attached

8    errata sheet signed by me.

9

10

11

12

13   _____      _____

       DATE                      MARY KAREN WILLS
14

15

16

17

18

19

20

21

22



Exhibit D, page00250

1    CERTIFICATE OF SHORTHAND REPORTER - NOTARY PUBLIC

2            I, Michelle Taylor, the officer before

3    whom the foregoing deposition was taken, do hereby

4    certify that the foregoing transcript is a true

5    and correct record of the testimony given; that

6    said testimony was taken by me stenographically

7    and thereafter reduced to typewriting under my

8    direction; that reading and signing was requested;

9    and that I am neither counsel for, related to, nor

10   employed by any of the parties to this case and

11   have no interest, financial or otherwise, in its

12   outcome.

13       IN WITNESS WHEREOF, I have hereunto set my hand

14   and affixed my notarial seal this 20th day of June

15   2018.

16   My commission expires July 14, 2022.

17

18

19

20   _____

     NOTARY PUBLIC IN AND FOR
21   THE DISTRICT OF COLUMBIA

22

```
1   Reference No.: 2171748

2

3   Case:  BONA FIDE CONGLOMERATE vs SOURCEAMERICA

4

        DECLARATION UNDER PENALTY OF PERJURY

5

        I declare under penalty of perjury that

6   I have read the entire transcript of my Depo-
    sition taken in the captioned matter or the

7   same has been read to me, and the same is
    true and accurate, save and except for

8   changes and/or corrections, if any, as indi-
    cated by me on the DEPOSITION ERRATA SHEET

9   hereof, with the understanding that I offer
    these changes as if still under oath.

10

11          _____

12          Mary K. Wills

13

14          NOTARIZATION OF CHANGES

15              (If Required)

16

17  Subscribed and sworn to on the _____ day of

18

19  _____, 20_____ before me,

20

21  (Notary Sign)_____

22

23  (Print Name)                   Notary Public,

24

25  in and for the State of _____
```



```
 1   Reference No.: 2171748

     Case:  BONA FIDE CONGLOMERATE vs SOURCEAMERICA

 2

 3   Page No._____Line No._____Change to:_____

 4   _____

 5   Reason for change:_____

 6   Page No._____Line No._____Change to:_____

 7   _____

 8   Reason for change:_____

 9   Page No._____Line No._____Change to:_____

10   _____

11   Reason for change:_____

12   Page No._____Line No._____Change to:_____

13   _____

14   Reason for change:_____

15   Page No._____Line No._____Change to:_____

16   _____

17   Reason for change:_____

18   Page No._____Line No._____Change to:_____

19   _____

20   Reason for change:_____

21   Page No._____Line No._____Change to:_____

22   _____

23   Reason for change:_____

24

     SIGNATURE:_____DATE:_____

25   Mary K. Wills
```

