UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCEAMERICA; PRIDE INDUSTRIES, INC.; KENT, CAMPA & KATE, INC.; SERVICESOURCE, INC.; JOB OPTIONS, INC.; GOODWILL INDUSTRIES OF SOUTHERN CALIFORNIA; LAKEVIEW CENTER, INC.; THE GINN GROUP, INC.; CORPORATE SOURCE, INC.; CW RESOURCES; NATIONAL COUNCIL OF SOURCEAMERICA EMPLOYERS; and OPPORTUNITY VILLAGE, INC., <br><br> Defendants. <br><br> SOURCEAMERICA <br><br> Counterclaimant, <br><br> v. <br><br> BONA FIDE CONGLOMERATE, INC.; and RUBEN LOPEZ, <br><br> Counterdefendants. | Case No.: 3:14-cv-00751-GPC-AGS <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO SEAL PREVIOUSLY FILED DOCUMENTS [ECF No. 536];** <br><br> **(2) GRANTING MOTIONS FOR LEAVE TO FILE EXCESS PAGES [ECF No. 542, 554];** <br><br> **(3) DEFERRING RULING ON MOTIONS TO FILE DOCUMENTS UNDER SEAL [ECF No. 544, 547, 551, 556];** <br><br> **(4) DENYING MOTION TO STRIKE BONA FIDE'S OPPOSITION TO SOURCEAMERICA'S MOTION FOR SUMMARY JUDGMENT [ECF No. 563]; and** <br><br> **(5) GRANTING MOTION TO FILE UNTIMELY MEMORANDUM [ECF No. 567]** |

The parties in this case recently filed several administrative motions. (ECF Nos. 536, 542, 544, 547, 551, 554, 556, 563.)

## I. SourceAmerica's Motion to Seal Previously Filed Document (ECF No. 536)

On July 13, 2018, SourceAmerica filed, *inter alia*, a motion to exclude (the "MTE") one of Bona Fide's experts (ECF No. 521) and a motion for summary judgment (the "MSJ") (ECF No. 527). According to the current motion, it has "come to SourceAmerica's attention that certain portions of the documents that SourceAmerica filed . . . contain confidential information that was inadvertently not redacted or replaced with a slip-sheet." (ECF No. 536 at 5.) As a result, SourceAmerica now moves for leave to file portions of those filings under seal and re-file redacted versions of those documents. The documents SourceAmerica seek to redact are (1) a statement in support of the MSJ (ECF No. 527-2); (2) Exhibits A–D, F–H, J–M, and O–Q to Kevin Alexander's declaration in support of the MSJ (ECF No. 527-4); (3) Thomas Hawkins's declaration in support of the MSJ (ECF No. 527-5); (4) Exhibits 1 and 2 to Mary Karen Wills' declaration in support of the MSJ (ECF No. 527-9); (5) Thomas Hawkins's declaration in support of the MTE (ECF No. 521-2); and (6) Exhibits 2–5 to J. Daniel Holsenback's declaration in support of the MTE (ECF No. 521-4). As a cautionary matter, the Court restricted access to these filings while this motion was pending.

According to SourceAmerica, the information at issue should be sealed because (1) it is designated as "Confidential" under the Second Amended Protective Order in this case, and (2) it discusses information about responses to the federal government's Opportunity Notices for the AbilityOne Program at issue in this case. (ECF No. 536 at 6.) The first assertion—the fact that SourceAmerica has designated this information "Confidential" during the discovery process requires that the information be sealed—is incorrect. The Court addressed this issue recently:

> The Court finds it necessary to note that it rejects SourceAmerica's assertion that the fact that, during discovery, counsel happened to mark certain documents "confidential" or "confidential – for counsel only" is not a compelling reason to seal documents filed with the Court. Under the Second

> Amended Protective Order in this case, the parties agreed to designate as confidential information they "believe[] should be subject to this Protective Order." (ECF No. 482-1 at 4.) Just because a party believes a particular document is, for example, trade secret information does not make it so. Whether sealing a particular document is appropriate is a determination for the Court, not the parties, to make.

(ECF No. 540 at 3.) SourceAmerica's second ground, however, is a proper basis for sealing such information. As this Court has also recently explained:

> the policy of protection envisioned in the Procurement Integrity Act, Federal Acquisition Regulations, and Trade Secrets Act demonstrate that the information [discussed in these documents] amounts to trade secret information. This is because the AbilityOne Program, the program at issue in this case, uses this information to select procurement bids. The Ninth Circuit has recognized the protection of trade secret information as a compelling reason to seal court filings. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). And as courts have recognized, public disclosure of procurement bid information threatens the integrity and efficiency of the government procurement process. *Cf. Metric Sys. Corp. v. United States*, 13 Cl. Ct. 504, 506–07 (1987).

(ECF No. 540 at 2.) This ground would therefore have been a compelling reason to keep the information at issue redacted if SourceAmerica had asked for such relief before filing it. But SourceAmerica failed to do so. Now, SourceAmerica asks the Court seal documents that were publicly available for at least eleven days prior to its filing of this motion. The Court finds such relief inappropriate under these circumstances.

This Court has previously denied a similar request by SourceAmerica to redact, retroactively, information publicly available on this Court's docket. In 2015, SourceAmerica asked the Court to redact information from several of Bona Fide's filings and one of the Court's rulings on the basis that it contained attorney-client privileged information. (ECF No. 207.) The Court found that, even assuming that this information was privileged, the Court's retroactive sealing of this information would not be appropriate. (ECF No. 233 at 15–19.) It emphasized that "in the age where everything is almost instantly accessible" on the internet, "it is particularly difficult to pull back confidential or privileged information." (*Id.* at 16.) In other words,

"[w]hen . . . information is publicly filed, what once may have been trade secret no longer will be." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 4936595, at *5 (N.D. Cal. Oct. 17, 2012). More generally, courts have often been skeptical of requests to seal information that has already been made public. *See TrQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) ("[C]ontrary to the basis for the standard in *Kamakana*, there is no longer a favorable *presumption* of public access; rather there *is* public access."); *Pfizer, Inc. v. Teca Pharms. USA, Inc.*, Nos. 08-1331 (DMC), 08-2137 (DMC), 2010 WL 2710556, at *4 (D.N.J. Jul. 7, 2010) ("Ex-post facto sealing should not generally be permitted."); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer."). *But see Rich v. Schrader*, No. 09-cv-652-AJB (BGS), 2013 WL 6028305 (S.D. Cal. Nov. 13, 2013); *Richardson v. Mylan Inc.*, No. 09-cv-1041-JM (WVG), 2011 WL 937148 (S.D. Cal. Mar. 9, 2011).

Retroactive sealing is particularly inappropriate here, where it was SourceAmerica's own conduct that is the reason for the public dissemination of this information. It was SourceAmerica who filed this information on the public docket. What's more, according to the declaration filed by SourceAmerica's attorney James Hawley, even after SourceAmerica's attorneys realized their mistake, they waited another four days to contact Bona Fide about it, and five days to file the instant motion. (*See* ECF No. 536-2 ¶¶ 2–4.) While the period of public disclosure in this instance is significantly shorter than the period at issue in the Court's previous order denying this type of relief, the analysis is essentially the same: during the eleven days that information sat on the public docket, "the proverbial cat [left] the bag and [now] cannot be put back in." (ECF No. 233 at 17.)

Because the Court finds retroactive sealing of these documents inappropriate under these circumstances, the Court need not address Bona Fide's alternative arguments that neither the relevant statutes and regulations nor public policy present compelling reasons

for sealing procurement and source selection information after bids have been awarded in the AbilityOne program. (ECF No. 562 at 7–11.) These arguments, however, raise important issues that might call into question whether sealing this information is appropriate in the first place. As discussed below, the Court will order SourceAmerica to respond to these new arguments.

**II.    Motions for Leave to Exceed Page Limitations (ECF Nos. 542 and 554)**

SourceAmerica moves to exceed the "cumulative" page limitation set in the Court's Local Civil Rule 7.1(h), which states that "[b]riefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." SourceAmerica seeks leave from this limitation to file its (1) opposition to Bona Fide's motion for summary judgment and (2) opposition to Bona Fide's motion to exclude the testimony of SourceAmerica's expert witness Mary Karen Wills. (ECF No. 542 at 2.) Neither of the two oppositions is individually more than 25 pages in substance. (*Id.*) The Court granted similar previous requests from the parties, explaining that the Court made a deliberate choice to hear these motions on the same day. (ECF No. 533 at 2.) For the same reason, the Court finds good cause to grant SourceAmerica leave from the cumulative page total limitation in Local Civil Rule 7.1(h).

Bona Fide and Counterclaim-Plaintiff Ruben Lopez seek leave from the same limitation to file oppositions to SourceAmerica's motions (1) for summary judgment on SourceAmerica's counterclaim, (2) to exclude the testimony of Bona Fide's expert witness Kevin Jans, and (3) summary judgment on Bona Fide's claims. (ECF No. 554.) The first two oppositions are less than 25 pages in substance. The third opposition, however, is 44 pages in substance. (ECF No. 555.) SourceAmerica opposes the request for leave to file this oversized memorandum. (ECF No. 564 at 8–10.) It argues that the length of the memorandum is unnecessary, and it offers a few examples of instances in which Bona Fide's arguments are, according to SourceAmerica, "frivolous." The Court

5

nonetheless finds it appropriate to permit Bona Fide to submit the memorandum as filed. If the arguments found therein are frivolous as SourceAmerica claims, it will not take significant time for SourceAmerica to respond to them.

SourceAmerica separately asks that if the Court permits Bona Fide's oversized memorandum, that the Court extend SourceAmerica's deadline to file its reply by one week. In light of the fact that the Court recently continued the hearing on these motions, the Court finds good cause to extend the deadline for filing a reply. **All reply memoranda relating to the substantive motions referenced in the Court's original briefing schedule (ECF No. 533) may be filed no later than August 24, 2018.**

### III. Motions to Seal (ECF Nos. 544, 547, 551, and 556)

The parties have also filed several motions to file documents under seal and/or redact information in publicly filed documents. In ECF No. 544, Bona Fide and Lopez seek to file under seal information included in their memorandum in opposition to SourceAmerica's summary judgment motion (ECF No. 543); an exhibit attached to Lopez's declaration in support of that opposition (ECF No. 543-2 at 6); exhibits attached to Joseph Ergastolo's declaration in support of that opposition (ECF No. 543-1 at 5–11); and portions of their responsive statement of undisputed facts (ECF No. 543-3). The only basis for sealing mentioned in the motion is that SourceAmerica marked this information as confidential during discovery. (ECF No. 544 at 3.) As discussed above, however, that is not a basis for filing the information under seal. **As the Court has previously done under these circumstances (*see* ECF No. 533), the Court orders SourceAmerica to file a memorandum within fourteen days explaining the compelling need to seal such information.**

In ECF No. 547, Bona Fide seeks to redact portions of (1) its memorandum in opposition to SourceAmerica's motions to exclude Kevin M. Jans's testimony (ECF No. 546), and (2) a declaration by Jans in support of that opposition, along with several exhibits (ECF No. 546-1). Again, Bona Fide's only reason for sealing this information is that SourceAmerica marked it confidential during discovery. (ECF No. 547 at 2.) While

6

the Court presumes that SourceAmerica will take the position that this information constitutes trade secrets because it discusses particular bids for specific AbilityOne Program projects, it appears to the Court the information at issue here speaks only to SourceAmerica's actions in its selection procedure, rather than the information contained in the bids. **As a result, also in the memorandum discussed immediately above, SourceAmerica shall explain the need to seal this information. If SourceAmerica asserts that this information contains confidential information because it includes specific details of procurement bids, SourceAmerica must also respond to (1) the Court's skepticism that any such information is actually contained in these excerpts, and (2) the arguments presented by Bona Fide at ECF No. 562 at 7–11.**

In ECF No. 551, SourceAmerica asks to redact information from (1) exhibits to J. Daniel Holsenback's declaration in support of SourceAmerica's opposition to the motion to exclude Wills's testimony (ECF No. 550-2 at 6–8); its memorandum in opposition to Bona Fide and Lopez's motion for summary judgment (ECF No. 549); its separate statement of undisputed facts in support of that opposition (ECF No. 549-3); and exhibits attached to Kevin W. Alexander's declaration in support of that opposition (ECF No. 549-2 at 31–33). As for the first of these four documents, SourceAmerica argues that this information should be sealed because it contains details of responses to AbilityOne Program bids. (ECF No. 551 at 12–13.) The Court defers a ruling on this assertion until it reviews SourceAmerica's responses to Bona Fide's arguments discussed above. As for the remaining information, SourceAmerica argues that it should be sealed because it is information relayed by Robinson during her allegedly surreptitiously recorded conversations with Lopez. (*Id.* at 14–15.) However, almost all of the information at issue here pertains not to the content of those conversations, but rather Lopez's acts of recording them. SourceAmerica does not explain why such information should be sealed. **In the memorandum the Court has ordered SourceAmerica to file above, it shall discuss the need to redact this information as well.**

Last, in ECF No. 556, Bona Fide moves to seal information from its memorandum

in opposition to SourceAmerica's motion for summary judgment (ECF No. 555); its responsive statement of undisputed facts (ECF No. 557); a declaration by Ergastolo and exhibits attached in support of that opposition (ECF Nos. 557-1, 557-2); a declaration by Lopez and exhibits attached in support of that opposition (ECF Nos. 557-3, 557-4); its objections to evidence offered by SourceAmerica (ECF No. 555-2); and a declaration by Jans and exhibits attached in opposition to SourceAmerica's motion for summary judgment (ECF No. 555-1). The only reason Bona Fide offers in support of the sealing motion is that SourceAmerica has marked this information as confidential. **Again, the Court orders SourceAmerica to explain why this information presents a compelling case for redaction in the memorandum discussed above.**

\*      \*      \*

The Court understands the parties' interests in keeping some of this information confidential. But their attorneys' practices in seeking redactions from the filings in this case have become a significant drain on this Court's resources (and, likely, the parties' resources as well). **The Court hereby orders that, in the future, any time a party seeks to seal information based on the opposing party's designation of such information as confidential, the moving party shall obtain a written explanation from the opposing party of why that information should be sealed.** The written explanation must be filed as an attachment to the motion to seal. The Court will reject any motion to seal, based on opposing counsel's designations, that does not contain such a written explanation.

### IV. Motion to Strike (ECF No. 563) and Motion for Leave to File Untimely Memorandum (ECF No. 567)

As discussed above, Bona Fide has filed a 44-page memorandum opposing SourceAmerica's motion for summary judgment. (ECF No. 555.) The deadline to file this memorandum was August 3, 2018. (ECF No. 533 at 2.) Bona Fide filed it at 3:17 a.m. on the morning of August 4. At ECF No. 563, SourceAmerica moves to strike this "unexcused, untimely opposition." At ECF No. 567, Bona Fide seeks leave to file the

memorandum. Bona Fide states that its attorneys miscalculated the amount of time it would take to file responses to SourceAmerica's motions, particularly in light of SourceAmerica's assertions that much of the relevant information at issue in this case is confidential.[1] In light of the fact that Bona Fide's opposition was filed just a few hours after the deadline, the Court finds good cause to permit the filing. The Court GRANTS Bona Fide's motion to file an untimely memorandum and DENIES SourceAmerica's motion to strike.

## V. Conclusion

For the reasons stated above, the Court issued the following rulings:

- SourceAmerica's motion to seal previously filed documents (ECF No. 536) is **DENIED**.

- Bona Fide's motions for leave to file excess pages (ECF Nos. 542, 554) are **GRANTED**.

- The Court defers a ruling on the motions to file documents under seal (ECF Nos. 544, 547, 551, 556). **Within fourteen days of the date of this order, SourceAmerica shall file a memorandum (1) explaining the need to seal the information at issue, and (2) responding to Bona Fide's arguments that this information need not be sealed (*see* ECF No. 562 at 7–11).**

- SourceAmerica's motion to strike Bona Fide's opposition memorandum (ECF No. 563) is **DENIED**.

- Bona Fide's motion for leave to file an untimely memorandum (ECF No. 567) is **GRANTED**.

- All reply memoranda relating to the substantive motions discussed in the Court's order setting forth the relevant briefing schedule (ECF No. 533) shall be filed on or before **August 24, 2018**.

//

---

[1] Bona Fide also blames the Court's "shortening" of Bona Fide's time to respond to SourceAmerica's motions. To the extent that the Court's briefing schedule provided Bona Fide insufficient time to respond to SourceAmerica's motions, Bona Fide was obligated to ask for an extension of the Court's deadline prior to its expiration.

**IT IS SO ORDERED.**

Dated: August 13, 2018

Hon. Gonzalo P. Curiel
United States District Judge